Tiffany A. Harris   OSB 02318
Attorney at Law
811 SW Naito Pkwy, Suite 500
Portland, Oregon 97204
t. 971.634.1818   f. 503.721.9050
tiff@harrisdefense.com

Attorney for Shawna Cox

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>SHAWNA COX.<br><br>        Defendant. | 3:16-CR-00051-BR<br><br>EMERGENCY MOTION FOR TEMPORARY MODIFICTION OF RELEASE CONDITIONS |

     Defendant Shawna Cox, through counsel Tiffany A. Harris, hereby moves the Court for an order modifying her conditions of release to allow attendance at the religious portion of Robert LaVoy Finicum's funeral event, scheduled for Friday February 5, 2016 (tomorrow) at a church in her home town of Kanab, Utah.  Ms. Cox was released pending trial with GPS monitoring and a home detention schedule that already allows for local travel for employment, medical appointments, and religious and other activities with authorization from her pretrial services officer.  Ms. Cox is not seeking permission to attend a reception or make a home or social visit in connection with the scheduled funeral.  Her request is limited to entering a church, offering prayers and condolences, and then returning home—all in accordance with a schedule to be submitted to her pretrial services officer and monitored by GPS location information. The Government and pretrial services oppose this request.

///

**SUMMARY OF ARGUMENT**

Ms. Cox is presumed innocent. Unlike a convict, probationer or parolee, she has suffered no judicial abridgment of her core constitutional freedoms, including her First Amendment right to enter a church, to pray, and to lawfully assemble to honor the dead. Any restriction on activities so fundamental to religious freedom and lawful assembly must be narrowly tailored to achieve a compelling governmental interest. Even if the government had articulated such an interest in this case, barring Ms. Cox from the door of her local church, under the threat of incarceration, is not narrowly tailored or sufficiently related to public safety. Instead, it is an exercise of government power that is simply too broad and exacts too high on First Amendment freedoms to pass constitutional muster.

**FACTUAL BACKGROUND**

Ms. Cox will turn 60 this summer. She has no criminal history. She spent nearly all of her life in the areas around Kanab, Utah and neighboring Fredonia, Arizona, less than 10 miles away. She has 13 children and 42 grandchildren. Currently, Ms. Cox owns a home in Kanab with her husband. Together, they own and operate several small businesses including a car dealership and a handful of rental properties. Prior to Ms. Cox's release pending trial, over 120 of Ms. Cox's neighbors, renters, friends and business associates sent letters attesting to her character and central role in the social safety net and civic life of Kanab. Ms. Cox was a former secretary of the Kanab Chamber of commerce, a PTA volunteer, Boy Scout leader, and Little League coach while her children were growing up and attending local schools.

Ms. Cox is deeply religious. Among those who authored letters on her behalf are church leaders who described Ms. Cox as a devout and active member of her church community.

On Friday January 29, 2016, after 8:00 p.m., Ms. Cox was released from the Multnomah County Detention Center. Ms. Cox's son-in-law died the same evening in Kanab, in a residential fire and explosion. Ms. Cox felt an urgent need to return to Kanab upon her release, to be with her grieving daughter and family. Nevertheless, she remained in the Portland metro area

voluntarily, throughout the weekend. She presented to pretrial services the following Monday, on her own accord, to be fitted with a GPS monitor and has remained cooperative with pretrial services ever since. She departed for Kanab yesterday, with permission from Pretrial Services, after the preliminary hearing in this case was cancelled and her appearance was no longer required in court. She has displayed an extra and noteworthy level of compliance with Court orders so far.

The order setting conditions of release, dated Monday February 1, 2016, includes the condition that Ms. Cox possess no firearms. Ms. Cox's lawfully owned firearms (and those of her husband) have been removed from her home. Other release conditions include no contact with named co-defendants, GPS location monitoring and a home detention schedule. The home detention schedule allows Ms. Cox to circulate outside of her home, within the community, for the purpose of managing family businesses, attending medical appointments and religious services and for any other purpose authorized by Pretrial Services.

Kanab is a town of fewer than 4500 residents who live within a close-knit community. Ms. Cox is acquainted with Robert LaVoy Finicum, who died last week and was also a resident of Kanab. Ms. Cox was seated in the back seat of the truck Mr. Finicum was driving during the events that led to his death. She was one of the last people to see him alive.

Yesterday, the parties appeared in Magistrate Court for a status hearing. Through counsel, Ms. Cox requested a temporary modification of her home detention schedule to attend the church portion of Mr. Finicum's funeral. The Government objected, arguing that Mr. Finnicum, who is now deceased, was an alleged co-conspirator, that the current provisions of Ms. Cox's home detention schedule do not permit her to "go wherever she wants to go" and that allowing Ms. Cox to gather with "like minded people" could lead to unspecified problems.

## ARGUMENT

The First Amendment provides: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of

speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." The rights enshrined in the First Amendment animate our history, define our culture and occupy a unique position in the development of our legal system.

Therefore, a permissible infringement of these rights can be sustained only when justified by a compelling governmental interest and must "involve no greater deprivation of liberty than is reasonably necessary." *Reno v. Flores*, 113 S. Ct. 1439, 1447 (1993). Even in a post-conviction context, courts must proceed with caution in imposing supervised release conditions that implicate a significant liberty interest. *United States v. Smith*, 606 F3d 1270, 1283 (D.C. Cir. 2010) ("We agree with [sister circuits] that special conditions of release that interfere with the right of familial association can do so only in compelling circumstances."); *United States v. Sofsky*, 287 F3d 122, 126 (2nd Cir. 2002) (Release condition banning all computer use by defendant convicted of child pornography charge was unconstitutional because it "inflict[ed] a greater deprivation on [defendant's] rights than [was] reasonably necessary.")

The district court must follow "an enhanced procedural requirement" and undertake an "individualized review" to determine whether a proposed release condition that encroaches on constitutional freedoms is "necessary" to accomplish the goals of public protection and rehabilitation. *United States v. Wolf*, 699 F3d 1082, 1087, 1090 (9th Cir. 2012). If a challenged release condition is impermissibly vague, overbroad, or "involves greater deprivation of liberty than reasonably necessary," it must be stricken as unconstitutional. *Id.*, 699 F3d at 1090-1091.

Ms. Cox is presumed innocent and retains the full panoply of her constitutional rights. The Bail Reform Act mandates her release under the *least restrictive* condition (or combination of conditions) necessary to mitigate risks of nonappearance or danger to the community. 18 U.S.C. § 3142(c)(1)(B).

Neither the prosecutors nor Pretrial Services have articulated any "compelling governmental interest" that would justify denying Ms. Cox the right to enter a church, to pray, to

honor the dead, and return to her home. There is no credible risk that Ms. Cox could have contact with a co-defendant at the funeral service. All co-defendants remain in custody. While it appears that the court has authorized the eventual release of Mr. O'Shaughnessy, he is prohibited from traveling outside of Arizona, is subject to GPS location monitoring and home detention, and has announced no known plans to attend the funeral. Nothing about Ms. Cox's history supports the far-fetched notion that she would use the occasion of a church service to engage in criminal behavior, to possess or brandish a weapon, to incite others to engage in violence, or to do anything other than what she would normally do in a religious funeral setting—offer prayers and condolences.

The Government's claim that allowing Ms. Cox to associate with "like minded people" might cause problems (as yet, unidentified) is, at best, a generalized worry and nothing approaching the order of a compelling governmental interest. As a preliminary matter, Ms. Cox has an absolute and unfettered right to talk to or assemble with "like minded people." Even if Ms. Cox is barred from the religious portion of Mr. Finicum's funeral, there is no lawful mechanism to prevent her from peacefully associating with "like minded people," in her home, in her church, or during other authorized activities. Thus, the challenged restriction is (a) not "necessary" to any claimed interest; and (b) so broad that it extends to religious expression and protected, peaceful assembly.

The law of our circuit imposes a duty on the district court to examine the record evidence. None has been offered in support of the challenged restriction on Ms. Cox's First Amendment freedoms. The law of our circuit also requires the district court to examine the relationship between the proposed restriction on fundamental rights and the governmental interests to be served. That relationship has not been established here.

///

///

///

## CONCLUSION

The Court should grant Ms. Cox's request to adjust the current home detention conditions as requested. The Bail Reform Act and the First Amendment require it.

DATED this <u>4th</u> day of February, 2016.

                                          Respectfully submitted,

                                        <u>/S/     *Tiffany Harris*               </u>
                                        Tiffany A. Harris
                                        Attorney for Defendant Shawna Cox