Andrew M. Kohlmetz, OSB #955418
Kohlmetz Steen & Hanrahan PC
741 SW Lincoln Street
Portland, OR 97201
Tel: (503) 224-1104
Fax: (503) 224-9417
Email: andy@kshlawyers.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JASON PATRICK,<br><br>    Defendant | ) Case No. 3:16-CR-00051-BR-09<br>)<br>)<br>) DEFENDANT'S REQUEST FOR<br>) PRESERVATION OF EVIDENCE AND FOR<br>) PROVISION OF DEFENSE ACCESS TO<br>) CRIME SCENES<br>)<br>)<br>) |

The defendant hereby requests that the prosecution take all necessary and appropriate steps to ensure the *in-situ* preservation of any and all crime scenes and evidence found therein or otherwise located in this matter as well as for making reasonable accommodations for defense access to the Malheur  National Wildlife Refuge ("MNWR")and any other crime scene(s) pertinent to the Indictment and investigation herein.

The Due Process Clause of the Fifth Amendment requires the federal government to disclose to criminal defendants favorable evidence that is material either to guilt or to punishment. *United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); California v. Trombetta, 467 U.S. 479, 480-81, 104 S. Ct. 2528, 2528-30, 81 L. Ed. 2d 413 (1984).*

The government has a duty to preserve such evidence and the government's failure to preserve potentially exculpatory evidence can amount to a due process violation. *Arizona v. Youngblood, 488 U.S. 51, 58, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988). U.S. v. Cooper, 983 F.2d 928, 931 (9th Cir. 1993).*

The occupation of the MNWR by dozens of persons, indicted or otherwise, has been ongoing now for some 42 days. Multiple individuals and organizations, up until recently had been allowed access and to and from the Refuge during the occupation. Assuming that the Refuge in large part is part of an active crime scene investigation, it must be assumed that there is a great deal of physical and documentary evidence located there. There are 16 individuals currently charged with Conspiracy to Impede Officers of the United States. Each of these individuals may have both separate and joint interests in the preservation, collection, inspection and recordation of items and or documents as they exist *in-situ*. It is the government's duty to preserve access to this evidence for each and every defendant who so wishes it. The United States Supreme Court has long interpreted the Due Process Clause of the Fifth (and Fourteenth) Amendments to provide criminal defendants a fair opportunity to test the government's case against them:

> Under the Due Process Clause…, criminal prosecutions must comport with prevailing notions of fundamental fairness. We have long interpreted this standard of fairness to require that criminal defendants be afforded a meaningful opportunity to present a complete defense. *Trombetta, 467 U.S. at, 485, 104 S. Ct. at 2532.*

///

Kohlmetz Steen & Hanrahan PC
741 SW Lincoln Street
Portland, OR 97201
(503) 224-1104

A meaningful opportunity to present a complete defense in this case includes the preservation of all crime scenes and crime scene evidence in a fashion that allows unfettered defense access to that evidence as it exists prior to the relase or opening of the crime scene(s).

Respectfully submitted this 11th day of February, 2016.

*Andrew M. Kohlmetz*

Andrew M. Kohlmetz, OSB 955418
Attorney for Defendant Patrick

DEFENDANT'S REUEST FOR PRESERVATION AND ACCESS TO EVIDENCE

DEFENDANT'S REUEST FOR PRESERVATION AND ACCESS TO EVIDENCE

Kohlmetz Steen & Hanrahan PC
741 SW Lincoln Street
Portland, OR 97201
(503) 224-1104