BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
ETHAN D. KNIGHT, OSB #99298
GEOFFREY A. BARROW
Assistant United States Attorneys
ethan.knight@usdoj.gov
geoffrey.barrow@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:16-CR-00051-BR-09** |
| **v.** | **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT PATRICK'S MOTION TO REVOKE DETENTION ORDER AND FOR RELEASE** |
| **JASON PATRICK,** | |
| **Defendant.** | |

The United States of America, by Billy J. Williams, United States Attorney for the

District of Oregon, and Ethan D. Knight and Geoffrey A. Barrow, Assistant United States

Attorneys, provides its response in opposition to Defendant Patrick's motion to revoke detention

order and for release as follows.

## I.    Procedural History

On January 27, 2016, defendant was arrested based upon probable cause that he had

violated 18 U.S.C. § 372 (Conspiracy to Impede Officers of the United States from Discharging

their duties through the Use of Force, Intimidation, or Threats).   On January 28, 2016, Magistrate

Judge Stacie Beckerman authorized a complaint based upon this same charge.   On January 28,

2016, defendant also made his initial appearance on the complaint.   On January 29, 2016, a

detention hearing was held before Judge Beckerman.   After hearing argument, Judge Beckerman

detained defendant both as a flight risk and as a danger to the community.   (Def's Exhibit A,

Detention Order).   On February 3, 2016, defendant was indicted by a grand jury with a single

count of 18 U.S.C. § 372.   His arraignment is scheduled for February 24, 2016.

Defendant has now moved this Court for an Order revoking Judge Beckerman's

January 29, 2016, Order of Detention.   Defendant's motion is set before this Court at 11:00 am on

Tuesday, February 16, 2016.

## II.    Factual Background and Legal Standard

The factual background in defendant's case is contained in the complaint filed in his case.

The proper legal standards for evaluation of the parties' arguments under the Bail Reform Act are

set forth in the Government's Memorandum in Support of Pretrial Detention (CR 8, pp. 3–5).

## III.   Defendant Should be Detained Both a Risk of Flight and as a Danger to the Community

The issue before the Court is narrow:   Has the government provided evidence that

supports a finding by this Court that "no condition or combination of conditions will reasonably

assure the appearance of the [defendant] as required and the safety of any other person and the

community?"   18 U.S.C. § 2142(e).   A careful analysis of all four factors set forth in 18 U.S.C.

§ 3142(g) support an Order from this Court upholding Judge Beckerman's January 29, 2016,

Pretrial Detention Order.

### A.     Nature and Circumstances of the Offense

The unique nature of the underlying offense supports detention.   Defendant was a

participant in a sustained armed occupation of a public area that by its definition was intended to

prevent federal employees from accessing their workplace.   Defendant opines that the offense is

not a crime of violence under the Bail Reform Act (18 U.S.C. § 3156(4)) because the offense does

**Gov't's Resp in Opp to Def Patrick's Mot to Revoke Detention Order & for Rls    Page 2**

not contain an element of use, attempted use or threatened use of physical force nor does it create a

substantial risk that physical force may be used in the course of committing the offense under 18

U.S.C. § 3156(B).   (Def's Mem. at 3).   Defendant also offers extensive analysis about the

importance of the philosophical underpinnings of the conspiracy.   (Def's Mem. at 4–10).   This

analysis should be given little weight by the Court because it does not alter the essential facts

related to the offense that are relevant to determining defendant's suitability for release, namely

that defendant participated in an offense that was effectuated primarily by the use and threated use

of firearms.   This broad factual context illustrates how the offense is a crime of violence and

supports continued detention.

>    **B.    The Weight of the Evidence**

As defendant acknowledges, the weight of the evidence against him at this stage is strong.

(Def's Mem. at 10).   It alone supports his continued detention.   Defendant's role in the offense

was sustained, public, and was marked by persistent defiance of the orders of local and federal law

enforcement.   Moreover, defendant was photographed with a firearm during the occupation,

notwithstanding release conditions in a pending case stipulating that he not possess firearms.

(See Section C below).

>    **C.    The History and Characteristics of Defendant**

The history and characteristics of defendant militate against release.   While defendant

appears to have ties to the Puget Sound area, they are tenuous at best.   Intending to participate in a

criminal conspiracy, he travelled to Oregon from Georgia—a state where he also appears to have

limited ties.   Most importantly, defendant has proven his inability to comply with court-ordered

conditions.   As defendant notes (Def's Mem. at 11), he has a pending felony offense in Houston

County Georgia for Making Terrorist Threats.   The underlying facts of that case demonstrate

**Gov't's Resp in Opp to Def Patrick's Mot to Revoke Detention Order & for Rls    Page 3**

defendant's volatility.   (Gov't's Det. Mem. at 12; Def's Mem. at 12).   Most importantly, defendant was ordered not to possess firearms as a condition of his release on bond in that case. Notwithstanding this condition, defendant travelled across the country to participate in an armed occupation where he was photographed possessing a firearm.   (See photos below).





/////

**Gov't's Resp in Opp to Def Patrick's Mot to Revoke Detention Order & for Rls    Page 4**

     **D.**      **The Nature and Seriousness of the Danger to any Person or the Community if the Defendant were Released**

Defendant poses a unique threat to the community because of his recent, violent behavior in Georgia and his participation in a well-planned conspiracy predicated on coordinated sustained threats of force.   These two facts conclusively demonstrate that defendant poses an ongoing threat to the community.   The risk defendant would pose if released is therefore not speculative, it is supported by his recent behavior.

**IV.**     **Conclusion**

This Court should deny defendant's motion to revoke his Pretrial Detention Order because he is a flight risk and a danger to the community.   Defendant has demonstrated a unique unwillingness to comply with both court-ordered conditions and the repeated orders of law enforcement during the occupation.   There is no evidence that defendant would now comply with the conditions of a release plan.   Additionally, defendant's violent tendencies and use of force underscore the threat he poses to the community.   He should be detained.

     Dated this 16th day of February 2016.

                                   Respectfully submitted,

                                   BILLY J. WILLIAMS
                                   United States Attorney

                                   *s/Ethan D. Knight*
                                   ETHAN D. KNIGHT, OSB #99298
                                   GEOFFREY A. BARROW
                                   Assistant United States Attorneys