**THOMAS K. COAN**, OSB #89173
tom@tomcoan.com
Attorney at Law
1001 SW Fifth Ave., Suite 1400
Portland, OR 97204
(503) 221-8736

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** )<br>　　　Plaintiff, )<br>)<br>vs. )<br>)<br>**PETER SANTILLI,** )<br>　　　Defendant. ) | | Case No. 3:16-cr-00051-BR<br><br>**DECLARATION OF DEBORAH JORDAN REYNOLDS** |

State of Oregon　　　　　　)
　　　　　　　　　　　　　) ss
County of Multnomah　　　 )

　　　I, Deborah Jordan Reynolds, under penalty of perjury, declare the following to be true and accurate:

　　　1. I have known the defendant Peter Santilli for approximately four and one half years. During that time I have been a business partner with Pete building an independent media network on the Internet called Guerilla Media Network, and I have also worked with Pete

Page 1 – **DECLARATION OF DEBORAH JORDAN REYNOLDS**

as a co-host on a talk show, *Off the Hook in the Morning with Pete Santilli and Deb Jordan*, and *The Pete Santilli Show, Telling You the Truth Whether You Like It or Not*.

2. For about the past year we have been living together as a couple in Cincinnati. I am from Cincinnati; I have lived here my whole life, and I have family and relatives who live in the area.

3. To the best of my knowledge, as long as I have known Pete, he has obeyed every order given to him by a law enforcement officer, whether the officer is a federal, state or local law enforcement officer.

4. To the best of my knowledge, Pete does not have guns or firearms buried or stashed away anywhere.

5. I drove out to Oregon with Pete in order to cover a rally in support of Dwight and Steven Hammond. The rally was set to take place on January 2, 2016 in Burns, Oregon. We were asked to come out here to cover the rally and to stream it on through our Internet channels.

6. We arrived in Burns on December 30, 2015. We checked into the Silver Spur Motel in Burns on that day and scheduled our checkout on January 2, 2016, as we intended to leave and start our drive back to Cincinnati that same day.

7. Neither Pete nor I brought any guns or firearms with us to Oregon.

8. Neither Pete nor I knew anything about a plan to takeover any buildings. It was only during the rally in support of the Hammonds on January 2, 2016 that we learned that a small group was planning on taking a stand somewhere. Prior to this, neither of us knew or talked about any plan to occupy the buildings on the Malheur National Wildlife Refuge (MNWR). We had never even heard of the MNWR until that time. When we learned that

Page 2 – **DECLARATION OF DEBORAH JORDAN REYNOLDS**

a small group of Hammond supporters splintered off and took over the buildings there, Pete expressed our opposition to it, and he maintained his opposition to those tactics throughout the entire period of the takeover. Pete stated publicly that he does not take over buildings and that if he had known of the plan ahead of time he would have tried to talk them out of doing it.

9. After the splinter group took over the buildings we stayed in Burns to cover this continuing story and to show support for the message of the protesters, but not their tactics.

10. On or about February 9, 2016, Gresham Police Officers came to my hotel door saying they had to seize and tow Pete Santilli's rental car because it had been reported stolen. Prior to towing the car, the officers searched it and found nothing of value. We did not have any guns or firearms in there because we did not bring any out here.

11. I was very surprised that the rental car had been reported stolen because I had just talked with Enterprise a few days earlier about allowing us to rent the car on a monthly basis because it would be less expensive that way.

12. I contacted Enterprise to try to find out why the car had been reported stolen, and the manager I spoke with told me that an FBI agent from Oregon called Enterprise and told them to report the car as stolen. The agent told Enterprise that two unauthorized women were driving the car and that it should be reported as stolen. Based on the FBI agent's direction, Enterprise contacted Cincinnati Police to falsely report the car as stolen, even though they knew it had not been stolen.

13. If the Court releases Pete, I am willing to act as a responsible third party and inform the court if Pete were to violate any condition of his release.

Page 3 – **DECLARATION OF DEBORAH JORDAN REYNOLDS**

14. I had my son remove all firearms from our apartment. If the Court believes it is necessary, I am willing to have the local sheriff hold on to these firearms for safekeeping during the pendency of this case.

15. Should the court believe it is necessary, I am willing to have a law enforcement officer search through our apartment for any ammunition or firearms.

16. Should the Court believe it is necessary, I am willing to have a video camera installed in our apartment so that law enforcement could be sure that neither Pete nor I are doing anything that would endanger them.

DATED this 22nd day of February 2016.

*Deborah Jordan Reynolds*
Deborah Jordan Reynolds

Page 4 – **DECLARATION OF DEBORAH JORDAN REYNOLDS**