IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                    3:16-cr-00051-BR

       Plaintiff,                        CASE-MANAGEMENT ORDER

v.

AMMON BUNDY, JON RITZHEIMER,
JOSEPH O'SHAUGHNESSY, RYAN
PAYNE, RYAN BUNDY, BRIAN
CAVALIER, SHAWNA COX, PETER
SANTILLI, JASON PATRICK,
DUANE LEO EHMER, DYLAN
ANDERSON, SEAN ANDERSON,
DAVID LEE FRY, JEFF WAYNE
BANTA, SANDRA LYNN ANDERSON,
KENNETH MEDENBACH,

       Defendant.


BROWN, Judge.

    The Court held a hearing on February 24, 2016, at which the
Court conducted an initial appearance and arraignment proceeding
for some Defendants who had not yet had an initial appearance, an
arraignment for those Defendants who had made their initial

1 - CASE-MANAGEMENT ORDER

appearance but who had not yet been arraigned, and a case-management conference for all Defendants in this matter.  In addition, counsel for the Defendants named in *United States v. Cooper, et al.*, 3:16-cr-00064-JO, were present and participated in the case-management portion of the proceedings to coordinate the management of both matters in light of an anticipated superseding indictment that will have the effect of consolidating the two cases.  Having the benefit of the preliminary input of the parties in both matters, the Court issues the following Case-Management Order:

### SUPERSEDING INDICTMENT

The Court directs the government to file promptly, and unless it is impossible to do so, before March 9, 2016, when the Court conducts the next status hearing, the anticipated superseding indictment that would, in effect, join in this case the Defendants and charges pending in *United States v. Cooper, et al.*, 3:16-cr-00064-JO.  The prompt filing of such anticipated first superseding indictment is necessary in order to implement an effective case-management plan that will permit this matter to proceed to trial without unnecessary delay.

The government must be prepared to advise the Court at the status hearing on hearing on March 9, 2016, as to when it expects to file the anticipated second superseding indictment.

2 - CASE-MANAGEMENT ORDER

## REGULAR STATUS HEARINGS

The Court will hold its next status hearing with all parties and/or their counsel in this matter and in *United States v. Cooper, et al.*, 3:16-cr-00064-JO, on Wednesday, March 9, 2016, at 9:30 a.m.  Thereafter and throughout the course of this matter the Court will hold regular, monthly status hearings on the first Wednesday of every month at 9:30 a.m.  At these hearings the Court also will address any ripe pretrial, non-evidentiary matters on which the parties have conferred but need a ruling to resolve the issue.  To facilitate meaningful use of time available at such status hearings, the parties must file **no later than 5:00 p.m. on the Thursday before any such hearing** a single, joint status report with a proposed agenda of matters to address at such hearing, including a concise summary of each disputed issue on which the parties have conferred and that is ripe for a ruling together with a brief summary of the parties' respective positions on those issues.

## WAIVERS OF APPEARANCE

If any Defendant does not wish to attend any docketed proceeding, including the monthly status hearings, such Defendant through counsel must submit a waiver of appearance for each specific hearing signed by that Defendant.  For the monthly status hearings, such waiver must be filed **no later than the**

**Thursday before the hearing.**

### FORMAL MOTION PRACTICE

The Court **GRANTS** Defendants' Joint Consolidated Motion (#183) and Assertions of Constitutional Rights to the extent that the Court will consider any formal motion filed by counsel for any Defendant to be joined by all Defendants unless otherwise noted in that motion or in a separate notice filed on the record **no more than three days after the filing of the motion.**

### SPEEDY TRIAL ACT

The Court defers ruling on the government's Motion (#185) to Declare Case Complex, Vacate Dates, Set Status Hearing, and Exclude Time Under the Speedy Trial Act until the March 9, 2016, hearing. As noted in the Minutes of Proceedings for February 24, 2016, (#207, #208, #209), the Court directs the parties to include in their joint status report ahead of the March 9, 2016, hearing a calculation of the outside trial date currently permissible under the Speedy Trial Act for each Defendant in this matter and, if *United States v. Cooper*, 3:16-cr-00064-JO, has not yet been consolidated or joined with this matter, as to each Defendant in that matter. The Court directs the Defendants and their counsel in both this matter and *United States v. Cooper*, 3:16-cr-00064-JO, to be present at the March 9, 2016, hearing

4 - CASE-MANAGEMENT ORDER

unless, as noted, a Defendant files a waiver of appearance signed by that Defendant for that specific hearing consistent with the procedures outlined during the *ex parte* portion of the February 24, 2016, status conference.

At the March 9, 2016, status hearing the Court will seek to set a firm trial date, and, therefore, the parties must come prepared, after conferral, to suggest mutually available dates when the parties propose the Court should begin the jury-trial processes.

## PRESERVATION OF EVIDENCE AT MALHEUR NATIONAL WILDLIFE REFUGE

On February 11, 2016, Defendant Jason Patrick filed a Motion (#141) for Preservation of Evidence and for Provision of Defense Access to Crime Scene.  That same day Defendant Peter Santilli filed a similar Motion (#144) for Preservation of Evidence.  On February 16, 2016, Defendant Ammon Bundy filed a Reply (#155) to Government's Response to Defendant's Motions for Site Access that, by Order (#167) issued February 18, 2016, this Court construed as a separate Motion.  Each of the Defendants have moved to require the government to permit Defendants' counsel and investigators to be present during the gathering of evidence and processing of the alleged crime scene at the Malheur National Wildlife Refuge (MNWR).

On February 23, 2016, while the Motions were pending, the

5 - CASE-MANAGEMENT ORDER

government filed a Status Report (#202) Regarding Evidence
Processing and Crime Scene Access in which the government
reported it had completed gathering evidence and processing the
alleged crime scene and that it would open the MNWR to defense
counsel and their respective investigators on Thursday,
February 25, 2016, between Noon and 5:00 p.m. and on Friday,
February 26, 2016, between 9:00 a.m. and 5:00 p.m.

In light of the government's report that its collection of
evidence at the MNWR is now complete and that Defendants' counsel
and investigators may enter the MNWR before it is open to the
public, the Court **DENIES as moot** Defendants' Motions (#141, #144,
#167) without prejudice to any Defendant making a specific motion
as to similar issues that are supported by the record and after
full conferral with opposing counsel.


### PRODUCTION OF DISCOVERY

The Court directs the parties to confer and to submit **no
later than March 7, 2016**, a jointly proposed form of order
regarding the procedures to be followed by the government in
making discovery available to all Defendants.  In any event and
until further order of the Court, the Court directs the
government to make all of its discovery to Defendants through the
Federal Public Defender's Criminal Justice Act Coordinator,
Jennifer Horvath.  The Court also directs the government to

6 - CASE-MANAGEMENT ORDER

produce **no later than Noon on Friday, March 4, 2016**, all discovery that can be produced in an organized, efficient manner in order that Defendants may begin their assessment of the evidence on which the government may rely.

IT IS SO ORDERED.

DATED this 25th day of February, 2016.


                                    /s/ Anna J. Brown
                              ANNA J. BROWN
                              United States District Judge


7 - CASE-MANAGEMENT ORDER