BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**ETHAN D. KNIGHT, OSB #99298**
**GEOFFREY A. BARROW**
**CRAIG J. GABRIEL, OSB #01257**
Assistant United States Attorneys
ethan.knight@usdoj.gov
geoffrey.barrow@usdoj.gov
craig.gabriel@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:16-CR-00051-BR-08 |
| v. | GOVERNMENT'S RESPONSE TO DEFENDANT SANTILLI'S |
| PETER SANTILLI, | MOTION FOR LEAVE TO REOPEN REVIEW OF PRETRIAL |
| Defendant. | DETENTION ORDER |

The United States of America, by Billy J. Williams, United States Attorney for the District of Oregon, and through Ethan D. Knight, Geoffrey A. Barrow, and Craig J. Gabriel, Assistant United States Attorneys, hereby responds to defendant Santilli's Motion for Leave to Reopen Review of Pretrial Detention Order (ECF No. 187).

**A.    Procedural Posture**

Defendant has filed a motion pursuant 18 U.S.C. Section 3142(f)(2)(B) seeking leave to reopen and review detention. The Court may grant defendant's Motion under narrow circumstances:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that *has a material bearing* on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2)(B) (emphasis added).

The issue before the Court is whether defendant has demonstrated that there is new information that would have a material bearing on his position regarding release such that his Motion for Leave to Reopen should be granted. Defendant has presented no such information. For the reasons stated below, his Motion should be denied.

**B.    Procedural History**

Defendant was arrested on January 26, 2016. On January 27, he made his initial appearance on a Complaint charging him with one count of 18 U.S.C. § 372 (Conspiracy to Impede Federal Officers Through the Use of Force, Intimidation, or Threats).

On February 1, 2016, Magistrate Judge Stacie Beckerman issued an Order detaining defendant as a flight risk and as a danger to the community.

Defendant appealed Judge Beckerman's Order. On February 2 and 4, 2016, Chief District Court Judge Michael Mosman took testimony and heard argument regarding defendant's appeal of Judge Beckerman's Order.

On February 4, 2016, Judge Mosman issued an Order detaining defendant as a flight risk and as a danger to the community.

/ / /

On February 17, 2016, defendant and co-defendants Ryan Payne, Ammon Bundy, Ryan Bundy as well as Cliven Bundy were indicted in the District of Nevada with violations of 18 U.S.C. §§ 371, 372, 111, 115, 924(c), 1503, 1951, 1952, and 2.  (*United States v. Bundy*, No. 2:16-CR-46).  A writ was issued for defendant by the District of Nevada in that case.  If the Court were to release defendant in the case pending before this Court, he would be released to the custody of the District of Nevada for resolution of the charges in case number 2:16-CR-46.

Defendant now seeks review of his detention from this Court for a third time.

C. **This Court Should Continue the District Court's Order of Detention Because Defendant Offers No New Evidence That Is Materially Relevant to Detention**

The threshold for what constitutes previously unknown information that has a material bearing on detention under 18 U.S.C. Section 3142(f)(2)(B) is exceptionally high.  New investigation based on previously known facts, new analysis, new arguments, and new ideas should not to be considered by this Court in deciding whether to grant defendant's Motion.  Courts have rejected requests to reopen detention in cases similar to defendant's.  (*See, e.g.*, *United States v. Dillon*, 938 F.2d 1412 (1st Cir 1991) (defendant not entitled to reopening of pretrial detention hearing in order to present affidavits from defendant's father, police officer, friends, and former employers and to present letters from pastor and former hockey coach because the information was known to defendant at time of prior hearing).  *United States v. Havens*, 487 F. Supp. 2d 335 (W.D.N.Y. 2007) (newly discovered information that defendant did not himself produce pornographic images of children, but instead "merely 'copied' pre-existing images" did not warrant reopening a detention hearing; the possibility that defendant actually produced child pornography was only one of several factors warranting the conclusion that

pretrial detention was warranted, and its absence from the equation would not have changed the court's mind).

Defendant has offered no new information, previously unknown to him, that would have a material bearing on the issue of whether or not he should be released pending trial in the District of Oregon.  Defendant identifies one salient fact that he has learned since a second judge denied his Motion for Release on February 4, 2016: that, according to defendant, he no longer has direct access to firearms.  (Def.'s Mot. 3-4).  This fact does not meet the standard set forth in 18 U.S.C. Section 3142(f)(2)(B).  The government never argued that defendant's possession or access to firearms per se was a basis for his continued detention.  Rather, the government repeatedly argued that defendant was a danger and a flight risk because his prior statements (coupled with the information gathered by pretrial services) demonstrated that he would not follow any instructions that would ensure his appearance.  Therefore, the suggestion that defendant no longer has access to firearms—assuming it is accurate—is irrelevant and not new.

Defendant also offers a "new" release plan for the Court's consideration.  (Def.'s Mot. 4).  New iterations of a proposed release plan do not amount to "information that . . . was not known to the movant at the time of the hearing."  Rather, defendant's new proposal amounts to nothing more than an effort to recast the same information previously offered to two different judges again for this Court.  Defendant also provides new analysis of the recorded statements

/ / /

/ / /

/ / /

**Government's Response to Defendant Santilli's Motion for Leave to Reopen**     **Page 4**
**Review of Pretrial Detention Order**

relied upon by Judge Mosman in making his findings regarding detention.  This analysis is also nothing more than an effort to make new arguments based on previously available information.[1]

Finally, defendant offers additional prior instances where he had interactions with law enforcement as evidence of his ability to comply with lawful orders.  (Def.'s Mot. 5-6).  First, this information was all available to defendant prior to his previous two detention hearings and therefore should be disregarded.  Second, Judge Mosman analyzed many of these interactions and concluded it was defendant's unwillingness to abide by *federal* release conditions that made him an unsuitable candidate for release.

There is, however, one new fact, that weighs heavily against granting defendant's Motion: his indictment in the District of Nevada.  While the charges are simply allegations, they do belie defendant's characterization of his conduct at the Bundy Ranch (Def.'s Mot. 5) and further undermine his repeated suggestion that he is being prosecuted for exercising his constitutionally protected First Amendment rights.  Instead, the allegations provide the Court with new evidence that was previously unavailable at the February 4, 2016, hearing that defendant engaged in a pattern of dangerous behavior marked by repeated refusals to acquiesce to the orders of federal law enforcement officers.

/ / /

/ / /

/ / /

---

[1] Defendant suggests that he did not have adequate time before the February 4, 2016, hearing to review and prepare argument regarding two of defendant's recorded statements relied up by the Court.  (Def.'s Mot. 4 n.1).  During the February 4 hearing, Judge Mosman asked counsel for defendant if he wanted more time to review these with his client, and counsel declined the Court's offer and proceeded with the hearing.  (Detention Hr'g Tr. 25-26, Feb. 4, 2016, ECF No. 137).

**Government's Response to Defendant Santilli's Motion for Leave to Reopen        Page 5
Review of Pretrial Detention Order**

**D.****Conclusion**

For the reasons stated above, defendant has offered no new information that has a material bearing on the issue whether there are conditions of release that will reasonably assure defendant's appearance.   His Motion should be denied.

Dated this 29th day of February 2016.

          Respectfully submitted,

          BILLY J. WILLIAMS
          United States Attorney

          *s/ Ethan D. Knight*
          ETHAN D. KNIGHT, OSB #99298
          GEOFFREY A. BARROW
          CRAIG J. GABRIEL, OSB #01257
          Assistant United States Attorneys