Lisa Hay, OSB #980628
Federal Public Defender
Rich Federico, IN Bar #23818-89
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon  97204
(503) 326-2123  Telephone
(503) 326-5524  Facsimile
Lisa_Hay@fd.org
Rich_Federico@fd.org
Attorneys for Defendant Ryan Payne

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:16-cr-00051-BR |
| Plaintiff, | JOINT STATUS REPORT |
| v. | |
| AMMON BUNDY, JON RITZHEIMER, JOSEPH O'SHAUGHNESSY, RYAN PAYNE, RYAN BUNDY, BRIAN CAVALIER, SHAWNA COX, PETER SANTILLI, JASON PATRICK, DUANE LEO EHMER, DYLAN ANDERSON, SEAN ANDERSON, DAVID LEE FRY, JEFF WAYNE BANTA, SANDRA LYNN PFEIFER ANDERSON, and KENNETH MEDENBACH, | |
| Defendants. | |

PAGE 1.   JOINT STATUS REPORT

The defendants, through FPD Lisa Hay, and the government, through AUSA Geoffrey Barrow, submit the following Joint Status Report, in accordance with the Court's Case Management Order of February 25, 2016 (Docket No. 210).

### PROPOSED AGENDA FOR STATUS CONFERENCE OF MARCH 9, 2016

The parties propose the following agenda items be addressed at the status conference to be held on March 9, 2016:

1. Arraignment on anticipated Superseding Indictment for all defendants present;

2. Discovery management;

3. Government's Motion for Designation as a Complex Case (Docket No. 185);

4. Proposed dates for trial and pretrial motions litigation; and

5. Government's Motion for Protective Order.

### SPEEDY TRIAL ACT

The Court ordered the parties to include a calculation of the outside trial date currently permissible under the Speedy Trial Act for each defendant in this case and *United States v. Cooper*, 3:16-cr-00064-JO, which has not been consolidated or joined as of the date of this filing. (Minute Order, ¶ 2, Docket No. 207; Case Management Order, at 4-5.) Under the Act, a trial for a defendant charged by indictment shall commence within seventy days from the filing of the indictment or from the date the defendant has appeared before a judicial officer of the court in which such a charge is pending, whichever date last occurs. *See* 18 U.S.C. § 3161(c)(1). The parties agree that the following dates and calculation are accurate for all defendants, in both cases:

| DEFENDANT | CASE NO. | DATE OF INITIAL APPEARANCE | DATE OF INDICTMENT | SPEEDY TRIAL DEADLINE |
|---|---|---|---|---|
| Ammon Bundy | 3:16-cr-00051-BR-1 | 1/27/2016 | 2/03/2016 | 4/13/2016 (+70 from indictment) |
| Jon Ritzheimer | 3:16-cr-00051-BR-2 | 1/27/2016 (in Arizona case no. 2:16-mj-06019-DKD-1)<br><br>2/24/16 IA/Arraignment in Oregon | 2/03/2016 | 5/4/2016 (+70 from 1st appearance in OR) |
| Joseph O'Shaughnessy | 3:16-cr-00051-BR-3 | 1/27/2016 | 2/03/2016 | 4/13/2016 (+70 from indictment) |
| Ryan Payne | 3:16-cr-00051-BR-4 | 1/27/2016 | 2/03/2016 | 4/13/2016 (+70 from indictment) |
| Ryan Bundy | 3:16-cr-00051-BR-5 | 1/27/2016 | 2/03/2016 | 4/13/2016 (+70 from indictment) |
| Brian Cavalier | 3:16-cr-00051-BR-6 | 1/27/2016 | 2/03/2016 | 4/13/2016 (+70 from indictment) |
| Shawna Cox | 3:16-cr-00051-BR-7 | 1/27/2016 | 2/03/2016 | 4/13/2016 (+70 from indictment) |
| Peter Santilli | 3:16-cr-00051-BR-8 | 1/27/2016 | 2/03/2016 | 4/13/2016 (+70 from indictment) |
| Jason Patrick | 3:16-cr-00051-BR-9 | 1/28/2016 | 2/03/2016 | 4/13/2016 (+70 from indictment) |
| Duane Leo Ehmer | 3:16-cr-00051-BR-10 | 1/28/2016 | 2/03/2016 | 4/13/2016 (+70 from indictment) |
| Dylan Anderson | 3:16-cr-00051-BR-11 | 1/28/2016 | 2/03/2016 | 4/13/2016 (+70 from indictment) |
| Sean Anderson | 3:16-cr-00051-BR-12 | 2/12/2016 | 2/03/2016 | 4/22/02016 (+70 from 1st Appearance) |

| DEFENDANT | CASE NO. | DATE OF INITIAL APPEARANCE | DATE OF INDICTMENT | SPEEDY TRIAL DEADLINE |
|---|---|---|---|---|
| David Lee Fry | 3:16-cr-00051-BR-13 | 2/12/2016 | 2/03/2016 | 4/22/02016 (+70 from 1st Appearance) |
| Jeff Wayne Banta | 3:16-cr-00051-BR-14 | 2/12/2016 | 2/03/2016 | 4/22/02016 (+70 from 1st Appearance) |
| Sandra Lynn Anderson | 3:16-cr-00051-BR-15 | 2/12/2016 | 2/03/2016 | 4/22/02016 (+70 from 1st Appearance) |
| Kenneth Medenbach | 3:16-cr-00051-BR-16 | 2/24/2016 | 2/03/2016 | 5/4/2016 (+70 from 1st Appearance) |
| Blaine Cooper | 3:16-cr-00064-JO-1 | 2/12/2016 (in Utah case no. 2:16-mj-00088-RTB-1)<br><br>3/2/2016 IA/Arraignment in Oregon | 2/10/2016 | 5/11/2016 (+70 from 1st Appearance in OR) |
| Wesley Kjar | 3:16-cr-00064-JO-2 | 3/2/2016 | 2/10/2016 | 5/11/2016 (+70 from 1st appearance) |
| Corey Lequieu | 3:16-cr-00064-JO-3 | 2/22/2016 | 2/10/2016 | 5/02/2016 (+70 from 1st Appearance) |
| Neil Wampler | 3:16-cr-00064-JO-4 | 3/2/2016 | 2/10/2016 | 5/11/2016 (+70 from 1st appearance) |
| Jason Charles Blomgren | 3:16-cr-00064-JO-5 | 3/2/2016 | 2/10/2016 | 5/11/2016 (+70 from 1st appearance) |
| Darryl William Thorn | 3:16-cr-00064-JO-6 | 2/12/2016 | 2/10/2016 | 4/22/2016 (+70 from 1st Appearance) |
| Geoffrey Stanek | 3:16-cr-00064-JO-7 | 2/12/2016 | 2/10/2016 | 4/22/2016 (+70 from 1st Appearance) |
| Travis Cox | 3:16-cr-00064-JO-8 | None | 2/10/2016 | TBD |

PAGE 4.   JOINT STATUS REPORT

| DEFENDANT | CASE NO. | DATE OF INITIAL APPEARANCE | DATE OF INDICTMENT | SPEEDY TRIAL DEADLINE |
|---|---|---|---|---|
| Eric Lee Flores | 3:16-cr-00064-JO-9 | None | 02/10/2016 | TBD |

In a previous filing (Docket No. 183), all defendants in the present case asserted their respective constitutional and statutory right to a speedy trial. *See* U.S. Const. Amend VI; 18 U.S.C. § 3161, *et. seq*. The defendants hereby reaffirm the demand for a speedy trial and object to any delay of that date.

Additionally, the Court deferred ruling on the government's motion to designate the case complex (Docket No. 185). All defendants in the present case previously opposed designation of the case as complex, noting such a designation will infringe upon speedy trial rights (Docket No. 182). At the hearing on February 24, 2016, the Court requested the defendants to provide any applicable case law that held it to be error for the district court to designate a case as complex under the same or similar facts and circumstances as the present case.

Pursuant to 18 U.S.C. § 3161(h)(7), the Court must make a finding that the "ends of justice" are served in designating the case complex and granting the government additional time, over the objection of the defense. In its motion for complex case designation, the government lists the factors the Court must consider for a complex designation under (h)(7)(B)(ii), including: the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law.

A denial of a motion for a finding of complexity is reviewed for clear error. *See United States v. Kamer*, 781 F.2d 1380, 1389 (9th Cir. 1986). A review of the case law informs that a court's designation of a case as complex turns upon the facts and circumstances of the particular case, with a majority of cases holding that it was not "clear error" for the district court to designate

a case as complex. *See, e.g., United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (affirming complex case designation because the "case involved voluminous discovery, a large number of counts, several defendants, ongoing investigations in other districts, and potential witnesses from other countries."); *United States v. Butz*, 982 F.2d 1378, 1381 (9th Cir. 1993) (holding that an "ends of justice" continuance is proper when a case is complex and involves multiple "codefendants and multiple overt acts occurring in [multiple] states," and in which the complexity "outweigh[s] the interests of individual defendants").

The defense position is that unsupported assertions in briefs are not evidence, *see, e.g., Comstock v. Humphries*, 786 F.3d 701, 709 (9th Cir. 2015), and that the government's arguments regarding complexity are premature. The government argues the case is complex due to "anticipated" discovery issues, additional defendants "likely to be charged," the "unique nature of the crime scene," and that "many of the defendants have had relevant law enforcement contact in other districts." (Docket No. 185, p. 3.) At the current posture of the case, the defense position is that the government has not yet made a colorable showing of the statutory factors that would render the case complex.

The government position is set out in their filed motion to designate the case complex (Docket No. 185).

### PROPOSED CASE SCHEDULE / DATES

The Court directed the parties to confer on a suggested case litigation dates and to propose dates to the Court. (Case Management Order, at 5.) At the outset, the defense maintains its previous objections to the complex case designation or any other exclusion of time under the Speedy Trial Act. Assuming without conceding that the Court will find a basis to exclude time under the Speedy

PAGE 6.   JOINT STATUS REPORT

Trial Act and postpone the trials from their current dates in April of 2016, the parties have conferred.

One group of defendants ("Group A") has concluded that they are unable to suggest reasonable case litigation dates due to the insufficient information provided by the government to date and lack of adequate time to consult with clients in a meaningful way about the case. These defendants include those who have not yet made a first appearance in this district; who have release hearings pending or anticipated; or who are unable to make informed decisions about the case because neither the final charging instrument nor discovery has been produced or reviewed. Further, in light of the agreed restrictions on copying and distribution of the first expected round of discovery, counsel with out-of-custody clients in distant locations may not be able to review discovery with their clients before the next status conference.

A second set of defendants and attorneys ("Group B") propose the following case litigation and trial schedule as their best good faith effort to arrive at a reasonable trial date despite the lack of charging instrument or discovery provided to date, and assuming the Court overrules defense objections and declares the case complex:

3/31/16 – Final Indictment

4/14/16 – Discovery complete

4/28/16 – Defense Round One Motions (pure legal motions, no extensive review of discovery needed, probably no evidentiary hearings)

5/12/16 – Government Round One Responses

5/19/16 – Defense Round One Replies

6/2/16-6/6/16 – Court Hearings, Round One Motions

PAGE 7.   JOINT STATUS REPORT

6/16/16 – Defense Round Two Motions (mixed legal/fact motions, some limited review of discovery needed, probable evidentiary hearings)

6/30/16 – Government Round Two Responses

7/7/16 – Defense Round Two Replies

7/21/16-7/28/16 – Court Hearings, Round Two Motions

8/4/16 – Defense Round Three Motions (more fact-specific and closer-to-trial motions, full review of discovery needed, likely evidentiary hearings)

8/18/16 – Government Round Three Responses

8/25/16 – Defense Round Three Replies

9/8/16-9/15/16 – Court Hearings, Round Three Motions

10/3/16 – Pretrial Hearing

10/10/16 – Jury Selection Begins

10/18/16-12/9/16 – Jury Trial

The defendants and attorneys in Group A and B are:

| DEFENDANT | ATTORNEY | GROUP A | GROUP B |
|---|---|---|---|
| Ammon Bundy | Mike Arnold, Lissa Casey | X | |
| Jon Ritzheimer | Terri Wood | | X |
| Joseph O'Shaughnessy | Amy Baggio | | X |
| Ryan Payne | Lisa Hay, Rich Federico | | X |
| Ryan Bundy | Andrew Bates | | X |
| Brian Cavalier | Todd Bofferding | | X |
| Shawna Cox | Tiffany Harris | X | |
| Peter Santilli | Tom Coan | X | |
| Jason Patrick | Andrew Kohlmetz | | X |
| Duane Leo Ehmer | David Audet | X | |

PAGE 8.   JOINT STATUS REPORT

| DEFENDANT | ATTORNEY | GROUP A | GROUP B |
|---|---|---|---|
| Dylan Anderson | Sam Kauffman | X | |
| Sean Anderson | Matthew McHenry | X | |
| David Lee Fry | Per Olson | X | |
| Jeff Wayne Banta | Robert Salisbury | | X |
| Sandra Lynn Anderson | Tyl Bakker | X | |
| Kenneth Medenbach | Matthew Schindler | Does not agree to any group | |
| Blaine Cooper | Krista Shipsey | X | |
| Wesley Kjar | James Halley | X | |
| Corey Lequieu | Ramon Pagan | X | |
| Neil Wampler[1] | Lisa Maxfield | | |
| Jason Charles Blomgren | Robert Rainwater | X | |
| Darryl William Thorn | Laurie Shertz | X | |
| Geoffrey Stanek | Benjamin Andersen | X | |
| Travis Cox | Paul Hood | No appearance yet | |
| Eric Lee Flores | Ernest Warren Jr. | No appearance yet | |

The government's position on the reasonable litigation dates and trial dates is as follows:

With the two following exceptions, the government agrees with defendants' proposed litigation schedule. First, it is the government's position that it cannot commit to a time at which a new, superseding indictment will be returned. The government is currently analyzing evidence seized from the investigation and conducting follow-up investigation related to a number of investigative leads. If this analysis and investigation yields information that supports the

---

[1] Ms. Maxfield is expected to address Mr. Wampler's position as to a trial date at the March 9, 2016, status conference.

PAGE 9.   JOINT STATUS REPORT

presentation of additional charges to the grand jury, the government will present such material to the grand jury as soon as practicable. Second, it is the government's position that the production of discovery will be substantially complete by May 15, 2016.

Respectfully submitted on March 7, 2016.

/s/ Lisa Hay
Lisa Hay
Federal Public Defender