Lisa Hay, OSB #980628
Federal Public Defender
Rich Federico, IN Bar #23818-89
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon  97204
(503) 326-2123 Telephone
(503) 326-5524 Facsimile
Lisa_Hay@fd.org
Rich_Federico@fd.org
Attorneys for Defendant Ryan Payne

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     **Plaintiff,**<br><br>  v.<br><br>AMMON BUNDY, JON RITZHEIMER,<br>JOSEPH O'SHAUGHNESSY,<br>RYAN PAYNE, RYAN BUNDY,<br>BRIAN CAVALIER, SHAWNA COX,<br>PETER SANTILLI, JASON PATRICK,<br>DUANE LEO EHMER,<br>DYLAN ANDERSON, SEAN ANDERSON,<br>DAVID LEE FRY,<br>JEFF WAYNE  BANTA,<br>SANDRA LYNN ANDERSON,<br>KENNETH MEDENBACH,<br>BLAINE COOPER, WESLEY KJAR,<br>COREY LEQUIEU, NEIL WAMPLER,<br>JASON CHARLES BLOMGREN,<br>DARRYL WILLIAM THORN,<br>GEOFFREY STANEK, TRAVIS COX,<br>and ERIC LEE FLORES.<br><br>     **Defendants.** | Case No. 3:16-cr-00051-BR<br><br>**UNOPPOSED EMERGENCY MOTION FOR COURT ORDER PROHIBITING U.S. MARSHALS FROM REMOVING RYAN PAYNE AND LISTED DEFENDANTS FROM THE DISTRICT OF OREGON** |

PAGE 1.  UNOPPOSED EMERGENCY MOTION FOR COURT ORDER PROHIBITING U.S. MARSHALS FROM REMOVING RYAN PAYNE AND LISTED DEFENDANTS FROM THE DISTRICT OF OREGON

Defendant Ryan Payne, through Federal Public Defender Lisa Hay, respectfully moves the Court for an Order prohibiting the United States Marshal of the District of Oregon from removing Mr. Payne or allowing his removal from the District of Oregon without his consent, or without further order of the Court after a hearing. An immediate order is requested because a Magistrate Judge in the District of Nevada has issued a Writ of Habeas Corpus Ad Prosequendum that purports to require that Mr. Payne be brought to Nevada on or about Thursday, March 17, 2016, for arraignment and other hearings "until released and discharged" by that court (Attachment A, p. 1). The certification of conferral with the government and the position of other defendants is provided below. This Court's order should issue for the following reasons:

1. The Writ is invalid as a matter of law because a writ of habeas corpus ad prosequendum cannot be used by one federal district court to remove a pretrial detainee from another federal district court;

2. Execution of the Writ risks violation of Mr. Payne's right to a Speedy Trial under the Sixth Amendment;

3. Execution of the Writ would infringe on Mr. Payne's right to the effective assistance of counsel, in violation of the Sixth Amendment;

4. Execution of the Writ would violate Mr. Payne's right to a fair trial and due process of law, in violation of the Fifth Amendment, in that he would be required to prepare for trial in this District even while being held 1,000 miles away in another district;

5. Execution of the Writ would violate the consent decree in effect in this District that requires the U.S. Marshals to hold pretrial detainees within 85 miles of the courthouse.

For each of these independent reasons, Mr. Payne requests that the Court issue its order forthwith.

**POSITION OF OTHER CO-DEFENDANTS**: Co-defendants Ammon Bundy and Ryan Bundy are identically situated to Mr. Payne as they were detained by this Court pretrial, they have been arraigned on the indictment in this case, they were indicted in Nevada after their arrest in this

PAGE 2.   UNOPPOSED EMERGENCY MOTION FOR COURT ORDER PROHIBITING U.S. MARSHALS FROM REMOVING RYAN PAYNE AND LISTED DEFENDANTS FROM THE DISTRICT OF OREGON

case, and the same writs have been issued for their appearance in Nevada (Attachment A, pp. 1, 7, 11). Counsel for these co-defendants join in this motion. Co-defendants Brian Cavalier and Blaine Cooper are similarly situated in all respects except that no writ for their appearance in Nevada is evident yet on the Nevada docket. Their counsel join in this motion. The remaining co-defendants were either released pretrial and therefore are not in the custody of the U.S. Marshal by order of this Court, or are not named in the Nevada indictment, and therefore this motion is not relevant to them.  Should, however, additional co-defendants be added through a superseding indictment in the District of Nevada, and those same co-defendants are held in custody in Oregon, this motion would apply to them and their respective counsel indicate their desire to join the motion as well.

**CERTIFICATION OF CONFERRAL**: Undersigned counsel certifies that Assistant United States Attorney Ethan Knight was provided a copy of and consulted regarding this motion. He indicated that the government, represented by the District of Oregon for purposes of this Motion, does not object to defendants' motion.  The government, however, has no objection to defendants' arraignment in the Nevada case by means of video teleconference.  Additionally, if the Court would like to hear directly from the District of Nevada on this issue, the government will facilitate that request.

I.      **Background Facts Relevant to this Motion**.

The Department of Justice filed a criminal complaint against Ryan Payne, Ammon Bundy, Ryan Bundy, Brian Cavalier, and other defendants in this District on January 27, 2016 (Docket No. 14). Mr. Payne and others made their first appearance before the magistrate judge that same day and on January 28, 2016, counsel was appointed (Docket Nos. 5, 6, 7, 15, 16, 21). The government obtained and filed an Indictment against them on February 3, 2016 (Docket No. 58).

The Indictment, like the Complaint, alleges criminal acts occurring in Oregon in late 2015 through January 26, 2016. The defendants were arraigned on the Indictment on February 24, 2016, and each asserted their statutory and constitutional rights to a speedy trial. The original trial date for the last arraigned co-defendant was set for April 19, 2016 (Docket No. 150).

On February 17, 2016, the Department of Justice obtained and filed an Indictment in the District of Nevada against Ryan Payne, Ammon Bundy, Ryan Bundy, and others for acts alleged to have occurred in Nevada in 2014. *See* Case No. 2:16-cr-00046-GMN-PAL (Docket No. 5.)[1] The defendants, having been detained pretrial in Oregon, have not appeared in court in Nevada.

On February 17, 2016, the prosecutors in Nevada sought and obtained writs of habeas corpus ad prosequendum from a magistrate judge in the district of Nevada, directing the warden of the Multnomah County jail to release Defendants Ryan Payne, Ammon Bundy, and Ryan Bundy for transport to Nevada (Attachment A, pp. 1, 8, 11). The prosecutor's petition to the court states that Ryan Payne was "committed by due process of law in the custody of the Warden, Multnomah County Jail." (Attachment A, p. 3). In the accompanying form AO 257, the box stating "currently in federal custody" is not checked, whereas the box under "currently in state custody" for "writ required" is checked. (Attachment A, pp. 5, 6). In fact, Mr. Payne is in federal custody, not in state custody, and the Warden of the county jail has no authority to move Mr. Payne from the district.

---

[1] Defendants Brian Cavalier and Blaine Cooper were added as co-defendants in Nevada by superseding indictment on March 2, 2014. See Case No. 2:16-cr-00046-GMN-PAL, Dkt. 27.

PAGE 4.   UNOPPOSED EMERGENCY MOTION FOR COURT ORDER PROHIBITING U.S. MARSHALS FROM REMOVING RYAN PAYNE AND LISTED DEFENDANTS FROM THE DISTRICT OF OREGON

**II.    The Writ is Invalid as a Matter of Law Because a Writ of Habeas Corpus Ad Prosequendum Cannot be Used by One Federal District Court to Remove a Pretrial Detainee from Another Federal District Court.**

   **A.    Applicable Law Regarding Federal Writs of Habeas Corpus Ad Prosequendum**.

Federal courts are authorized by 28 U.S.C. § 2241(a) to grant writs of habeas corpus, including a writ necessary to bring a prisoner into court to testify or for trial. 28 U.S.C. § 2241(c)(5). Although the initial statutory authority for habeas corpus, § 14 of the first Judiciary Act, 1 Stat. 81, did not expressly include the writ ad prosequendum, the Supreme Court interpreted the words "habeas corpus" to include the writ "necessary to remove a prisoner in order to prosecute him in the proper jurisdiction wherein the offense was committed." *Carbo v. United States*, 364 U.S. 611, 614 (1961) (citing *Ex parte Bollman*, 1807, 4 Cranch 75, 2 L.Ed. 554 (1807)). In 1948, a court's authority to issue the writ ad prosequendum was made explicit with the enactment of 28 U.S.C. § 2241, which now provides:

- **(a)** Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.

- **(b)** The Supreme Court, any justice thereof, and any circuit judge may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it.

- **(c) The writ of habeas corpus shall not extend to a prisoner unless—**

   - **(1)** He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

   - **(2)** He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

> **(3)** He is in custody in violation of the Constitution or laws or treaties of the United States; or
>
> **(4)** He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
>
> **(5) It is necessary to bring him into court to testify or for trial**.

28 U.S.C. § 2241 (2008) (emphasis added). *See United States v. Mauro*, 436 U.S. 340, 357-58 (1978) (reviewing this case law and legislative history).

The statute includes a jurisdictional limiting clause authorizing courts to issue the writ only "within their respective jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court has interpreted this language to require that "the court issuing the writ have jurisdiction over the custodian." *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Congress added this limiting clause to the habeas statute in 1867 to avoid the "inconvenient [and] potentially embarrassing" possibility of judicial interference in a distant court. *Id.* (citation omitted).

In 1961, the Supreme Court recognized an exception to these jurisdictional limits for writs ad prosequendum to obtain state court prisoners. *Carbo,* 364 U.S. at 614-15 (approving of writ issued by federal court in California to bring for trial a prisoner serving a state sentence in New York). As the Court has since explained, the authority of federal courts to secure the appearance of prisoners in state custody for federal trials had "never been doubted." *Mauro*, 436 U.S. at 358. Indeed,

> The issuance of ad prosequendum writs by federal courts has a long history, dating back to the First Judiciary Act. We can therefore assume that Congress was well aware of the use of such writs by the Federal Government to obtain state prisoners.

PAGE 6.  UNOPPOSED EMERGENCY MOTION FOR COURT ORDER PROHIBITING U.S. MARSHALS FROM REMOVING RYAN PAYNE AND LISTED DEFENDANTS FROM THE DISTRICT OF OREGON

*Id.* at 360. Thus, although a traditional habeas corpus petition must be filed in the district in which the person is held, *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004), no such territorial restriction applies to writs ad prosequendum when issued by a federal court to obtain custody of a state prisoner.

The Supreme Court has never held, however, that these same jurisdictional requirements may be ignored when the sought-after person is in federal custody, as opposed to state custody. In fact, no case located by counsel addressed the use of a writ ad prosequendum to remove a pretrial detainee from one federal court at the request of another. Because federal district courts are co-equal entities within the same sovereign system, the concerns identified by Congress when setting territorial limits on writs – the "inconvenient [and] potentially embarrassing" possibility of judicial interference in a distant court – apply strongly here. *Rumsfeld*, 542 U.S. at 442. As argued below, based on this law, the writ is invalid because it was issued by a court without jurisdiction.

> **B.** **The Writ Issued By the District of Nevada To Obtain Custody of A Pretrial Detainee in the District of Oregon Is Invalid**.

The statute authorizing writs ad prosequendum does not empower one federal district court to disrupt the pretrial proceedings of a second federal district court by removing a defendant from within the second court's jurisdiction. Such an interpretation of the statute, 28 U.S.C. § 2241, would contravene settled principles of sovereignty and due process.

"Normally, the sovereign which first arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing, and incarceration." *Reynolds v. Thomas*, 603 F.3d 1144, 1152 (9th Cir. 2010) (internal quotation marks omitted) (citation omitted), *overruled on other grounds by Setser v. United States*, 132 S.Ct. 1463, 1473 (2012). In order to preserve comity among courts,

"the court which first takes the subject-matter of the litigation into its control, whether this be person or property, must be permitted to exhaust its remedy, to attain which it assumed control, before the other court shall attempt to take it for its purpose." *Ponzi v. Fessenden*, 258 U.S. 254, 260-61 (1922). Construing the habeas statute to allow one federal court to disrupt proceedings in another federal court would eviscerate this "chief rule" of comity identified by the Supreme Court in *Ponzi*. 258 U.S. at 260.

The fact that courts have interpreted § 2241 to allow federal courts to intervene in state court proceedings should not sway the analysis. The federal habeas statutes specifically allow a federal court to intervene in pending state court proceedings. 28 U.S.C. § 2251 ("A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding."). The statute contains no parallel authority for a federal court to stay another federal court's proceedings. Congress's omission of this comparable authority regarding federal proceedings must be regarded as intentional. *See Andreiu v. Ashcroft*, 253 F.3d 477, 480 (9th Cir. 2001) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (citations omitted)).

In other contexts, courts also recognize the distinction between a federal court's exercise of authority that affects state courts compared to federal courts. *See, e.g., United States v. Montes-Ruiz,* 745 F.3d 1286, 1291-93 (9th Cir. 2014) (noting a "broader discretion bestowed upon federal

PAGE 8.   UNOPPOSED EMERGENCY MOTION FOR COURT ORDER PROHIBITING U.S. MARSHALS FROM REMOVING RYAN PAYNE AND LISTED DEFENDANTS FROM THE DISTRICT OF OREGON

judges to make the concurrent/consecutive determination when the other sentence is a state sentence rather than a federal one").

The writ issued by the magistrate judge in Nevada does not comply with § 2241 because it seeks custody of a federal pretrial detainee who is not held within the District of Nevada. Indeed, the clerk issuing the AO 257 form may have unintentionally misled the magistrate judge by failing to note, in the appropriate box, that Mr. Payne is in federal custody. *See* Attachment A, pp. 5, 6.

Because the writ is invalid, the Court should issue an order that the U.S. Marshals not execute it. *See, e.g., Pennsylvania Bureau of Correction v. U.S. Marshals Serv.,* 474 U.S. 34, 38 (1985) (noting that court-issued writ must derive from statutory source); 28 U.S.C. § 566(c) (requiring Marshals to execute *lawful* writs).

### III. Enforcement of a Writ of Habeas Corpus Ad Prosequendum During the Pending Criminal Case Would Violate Mr. Payne's Constitutional Rights.

Even if a writ of habeas corpus ad prosequendum could lawfully be entered against a federal prisoner in a different district, the Court should prohibit enforcement of the writ against Mr. Payne, a pretrial detainee, until the criminal proceedings in this district have been completed. Removing Mr. Payne from Oregon risks violation of his Fifth and Sixth Amendment rights under the Constitution.

The Sixth Amendment provides that "in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial." Const. Amend. VI. Mr. Payne's rights to a speedy trial have been triggered in Oregon, where he was arrested, indicted, and arraigned. 18 U.S.C. § 3161(c)(1) ("the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the

information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."). Because Mr. Payne has not appeared in Nevada, the speedy trial clock has not been triggered in that district. Were he to be transported there, the speedy trial clock would start in that district as well. This would create the untenable situation of placing Mr. Payne on trial in two jurisdictions at once. *Ponzi v. Fessenden*, 258 U.S. 254, 260-61 n. 2 (1922) ("One accused of crime, of course, cannot be in two places at the same time. He is entitled to be present at every stage of the trial of himself in each jurisdiction with full opportunity for defense."). Because the U.S. Attorney elected to begin proceedings in this district and the Court has assumed jurisdiction over Mr. Payne, Mr. Payne's case here must be completed first. *Stamphill v. Johnston*, 136 F.2d 291, 292 (9th Cir. 1943) ("Courts of the United States are bound to proceed to judgment * * * in every case to which their jurisdiction extends. They cannot abdicate their authority or duty in any case in favor of another jurisdiction.") (citation omitted)).

If Mr. Payne were transported to Nevada in order to start his criminal case there, this Court would have no guarantee that Mr. Payne would be returned to this district in time for trial. Even when a writ is unlawfully executed, a court's possession of a defendant confers jurisdiction. In *Stamphill v. Johnston*, 136 F.2d 291, 292 (9th Cir. 1943), for example, the defendant alleged that he had been unlawfully transported from state to federal court. The Ninth Circuit ruled that because the state surrendered control of his person, the state "gave the federal court jurisdiction to try [him] and to render judgment of imprisonment against him."

> The personal presence of a defendant before a District Court gives that court complete jurisdiction over him, regardless of how his presence was secured, whether by premature arrest … wrongful seizure beyond the territorial jurisdiction

PAGE 10.   UNOPPOSED EMERGENCY MOTION FOR COURT ORDER PROHIBITING U.S. MARSHALS FROM REMOVING RYAN PAYNE AND LISTED DEFENDANTS FROM THE DISTRICT OF OREGON

> of the court … false arrest … or extradition arising out of an offense other than the one for which he is being tried. … The court cannot decline to exercise this jurisdiction. 'Courts of the United States are bound to proceed to judgment * * * in every case to which their jurisdiction extends. They cannot abdicate their authority or duty in any case in favor of another jurisdiction. … However the defendant was brought before the District Court, once he was there it had and was bound to exercise complete jurisdiction over him.

*Stamphill*, 136 F.2d at 292 (internal citations omitted).

Removal of Mr. Payne from the District of Oregon would also violate his right to the effective assistance of counsel. U.S. Const. Amend. VI. ("In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."). The right to effective assistance of counsel includes the right to regularly and consistently consult with one's attorney before trial. *See Powell v. Alabama*, 287 U.S. 45, 59 (1932); *see also Strickland v. Washington*, 466 U.S. 668, 688 (1984) (imposing upon counsel an affirmative "dut[y] to consult with the defendant on important decisions and to keep the defendant informed of important developments"). The United States Supreme Court has recognized the time between arraignment and trial to be "vitally important" and "perhaps the most critical period of the proceedings." *Powell*, 287 U.S. at 57. If Mr. Payne were transported to Nevada, counsel would likely be unable to communicate with him by means other than correspondence. This impediment to effective representation would impair counsel's ability to identify witnesses, uncover evidence, develop a theory of the facts and otherwise prepare for trial. Defendants "must not be stripped of [their] right to have sufficient time to advise with counsel and prepare [their] defense." *Powell*, 287 U.S. at 59.

Finally, by analogy to the anti-shuttling provisions of the Interstate Agreement on Detainers Act (IADA), shuttling Mr. Payne between two districts for the convenience of the prosecution, without regard to Mr. Payne's interests, would provide a basis for dismissal of the

charges. The IADA, 18 U.S.C.App. § 2, p. 692, applies to the federal government and is designed to ensure that criminal charges by separate sovereigns are disposed of in an orderly and fair manner. *Alabama v. Bozeman*, 533 U.S. 146, 149 (2001) (noting the goal of eliminating uncertainties for prisoners from untried indictments). Article IV of the IADA prohibits shuttling of prisoners back and forth from a prison to the place where charges lie. *Bozeman*, 533 U.S. at 150 ("Article IV also sets forth the 'antishuttling' provision at issue here. To repeat: that provision says that trial must be 'had ... prior to the prisoner's being returned to the original place of imprisonment'; otherwise, the charges 'shall' be dismissed with prejudice."). In other words, once a prisoner has been transported based on a detainer and arraigned on a criminal charge, he must be afforded his speedy trial rights within the charging district or the charges must be dismissed. The IADA provisions do not apply to properly executed writs ad prosequendum as opposed to detainers, *Mauro*, 436 U.S. at 357-58, but the same anti-shuttling principles should guide this Court's review of the writ in this case.

IV.  **Allowing The U.S. Marshals to Remove Mr. Payne From the District Of Oregon Would Violate the Consent Decree Governing the Housing of Pretrial Detainees in this District.**

In addition to the constitutional issues described above, removal of Mr. Payne from this district during the pendency of the criminal case would violate the consent decree that governs the housing of pretrial detainees. *See* Modified Consent Decree, *James Crowell v. Michael B. Mukaskey, et al.*, Case No. 3:81-cv-00394-HA, Docket No. 60 (6/17/08) (Attachment B). The *Crowell* Consent Decree requires that the U.S. Marshal for the District of Oregon hold all pretrial detainees facing charges in the District of Oregon "within 85 miles of the courthouse where their hearings or trials are to be held." *Id.* The U.S. Marshal's Service has not moved to modify the

decree and is therefore bound by it. This Court has authority under the All Writs Act, 28 U.S.C. 1651(a), to enjoin the U.S. Marshals from violating that consent decree. *See, e.g., United States v. City of Detroit*, 329 F.3d 515 (6th Cir. 2003) (holding district court has authority under All Writs Act to order compliance with consent decree).

**V.    Mr. Payne is Likely to Suffer Irreparable Harm Without an Order from this Court Directing the United States Marshal to Keep Him in the District of Oregon Until These Proceedings are Completed.**

Mr. Payne is presumed innocent of the charges in both Oregon and Nevada. *Coffin v. United States*, 156 U.S. 432, 453 (1895) ("The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law."). With the presumption of innocence as a backdrop, and with speedy trial rights having been triggered in Oregon and the right to assistance of counsel attached, Mr. Payne's interest in preserving constitutional rights related to his case in the district of Oregon outweighs any interest Nevada may have in immediate possession and prosecution of him. Mr. Payne was arrested and indicted in Oregon first. This case must be allowed to proceed without interruption.

WHEREFORE, for the above-stated reasons, Mr. Payne respectfully requests that the Court issue an Order directing the United States Marshal to keep him and other detained defendants in the District of Oregon until the completion of this case.

Respectfully submitted on March 16, 2016.

                                       */s/ Lisa Hay*
                                       Lisa Hay
                                       Federal Public Defender