Tiffany A. Harris   OSB 02318
Attorney at Law
811 SW Naito Pkwy, Suite 500
Portland, Oregon 97204
t. 971.634.1818   f. 503.721.9050
tiff@harrisdefense.com

Attorney for Shawna Cox

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>SHAWNA COX.<br><br>        Defendant. | 3:16-CR-00051-BR-7<br><br>MOTION TO MODIFY RELEASE CONDITIONS |

    Defendant Shawna Cox, through counsel Tiffany A. Harris, hereby moves the Court for an order modifying her conditions of release to eliminate the condition of home detention. This is a limited request. If granted, Ms. Cox would still be subject to conditions of GPS location monitoring, a curfew, geographic restrictions on travel, and a host of other conditions, which are not being challenged at this time. The proposed modification would simply eliminate the condition of a home detention schedule, allowing Ms. Cox to meet employment, religious, family and other obligations outside of her home without having to submit a schedule in advance to pretrial services.

    Ms. Cox's pretrial services officer in Utah supports this request. Mike McFarland, of the Portland office, also supports this request. The Government was notified of this request and pretrial service's recommendation that it be granted, on March 15, 2016. Since that time, the

Government has asked pretrial services to justify and defend its recommendation. As of today, the Government does not support the requested modification.

## FACTUAL BACKGROUND

Ms. Cox will turn 60 this summer. She has no criminal history. She spent nearly all of her life in the areas around Kanab, Utah and neighboring Fredonia, Arizona, less than 10 miles away. She has 13 children and 42 grandchildren. Currently, Ms. Cox owns a home in Kanab with her husband. Together, they own and operate several small businesses including a car dealership and a handful of rental properties in rural southern Utah. Mr. Cox has a heart condition that required recent surgery.

Ms. Cox was a former secretary of the Kanab Chamber of commerce, a PTA volunteer, Boy Scout leader, and Little League coach while her children were growing up and attending local schools. Prior to Ms. Cox's release pending trial, over 120 of Ms. Cox's neighbors, renters, friends and business associates sent letters attesting to her character and central role in the social safety net and civic life of Kanab.

At the detention hearing, the Court ordered Ms. Cox released with conditions. The Court's February 1, 2016 order includes conditions of GPS location monitoring, geographical restrictions on travel, a prohibition against possessing firearms and a home detention schedule that allows Ms. Cox to leave home for purposes of employment, medical appointments, religious services and other activities with advance permission from her pretrial services officer.

After his recent heart surgery, Mr. Cox is still not as mobile or active as he has been in the past. Therefore, Ms. Cox is the one who is primarily responsible for assisting tenants with repairs, emergencies and maintenance on the family owned rental properties. It has been a hardship for Ms. Cox to adhere to a pre-approved home detention schedule because her livelihood depends upon her ability to address situations that are unplanned and unpredictable. Despite these difficulties, Ms. Cox has performed well on supervised release, has no record of violations, and has the support of every pretrial services officer who has interacted with her since

her release.

On February 5, 2016, Ms. Cox, sought emergency leave to attend the funeral of Robert LaVoy Finicum. When the court granted the defense's motion but imposed conditions on Ms. Cox's attendance at the funeral, Ms. Cox complied with the Court's order. She has appeared by phone at every status conference held in this case to date, even when her appearance was voluntary.

When Ms. Cox first appeared for her pretrial services interview in Portland, the interviewing officer encouraged her to establish a track record of compliance and then, in a month's time, to request that the current release conditions be relaxed. It has now been seven weeks.

## ARGUMENT

Ms. Cox's current conditions of release are among the most restrictive, if not *the* most restrictive available to the Court. To the extent that they were ever justified by the ongoing or dynamic nature of the protest at the Malheur National Wildlife Refuge, those justifications no longer exist. The FBI made its last arrests in this case almost six weeks ago. The protest has ended. Circumstances have changed.

In the interim, Ms. Cox has demonstrated that she will make scheduled court appearances, comply with court orders and adhere reliably to release conditions. The Bail reform Act requires the Court to release defendants subject to the least restrictive condition, or set of conditions, necessary to protect the public and secure the defendant's attendance at trial. 18 U.S.C. § 3142(c)(1)(B). Understanding that its initial approach was a cautious and guarded one, pretrial services invited Ms. Cox to return to this Court for a reassessment of her release conditions, after a period of compliance in the community. Ms. Cox has now demonstrated, and Pretrial Services agrees, that the current conditions of release are no longer the least restrictive necessary to assure community safety or Ms. Cox's attendance at trial. The Court should

eliminate the condition of home detention and replace it with a nightly curfew to be established by pretrial services.

## CONCLUSION

The Court should grant Ms. Cox's request to modify adjust the current conditions of release. The Bail Reform Act and Constitution require it.

DATED this 22nd day of March, 2016.

Respectfully submitted,

/S/     *Tiffany Harris*
Tiffany A. Harris
Attorney for Defendant Shawna Cox