Lisa Hay, OSB #980628
Federal Public Defender
Rich Federico, IN Bar #23818-89
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon  97204
(503) 326-2123  Telephone
(503) 326-5524  Facsimile
Lisa_Hay@fd.org
Rich_Federico@fd.org
Attorneys for Defendant Ryan Payne

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:16-cr-00051-BR |
| Plaintiff, | MOTION FOR STAY OF ORDER PENDING APPELLATE REVIEW |
| v. | |
| AMMON BUNDY, JON RITZHEIMER, JOSEPH O'SHAUGHNESSY, RYAN PAYNE, RYAN BUNDY, BRIAN CAVALIER, SHAWNA COX, PETER SANTILLI, JASON PATRICK, DUANE LEO EHMER, DYLAN ANDERSON, SEAN ANDERSON, DAVID LEE FRY, JEFF WAYNE  BANTA, SANDRA LYNN ANDERSON, KENNETH MEDENBACH, BLAINE COOPER, WESLEY KJAR, COREY LEQUIEU, NEIL WAMPLER, JASON CHARLES BLOMGREN, DARRYL WILLIAM THORN, GEOFFREY STANEK, TRAVIS COX, and ERIC LEE FLORES, | |
| Defendants. | |

Defendant Ryan Payne, through Assistant Federal Public Defender Rich Federico, defendants Ammon Bundy, Brian Cavalier, and Blaine Cooper through their attorneys, and Ryan Bundy (pro se) through standby counsel, respectfully move the Court for a stay of its March 22, 2016 order. Dkt. 334. The defendants filed a Notice of Interlocutory Appeal on March 28, 2016. Dkt. 338. The defendants are filing an Interlocutory Appeal and Petition for Writ of Mandamus in the Ninth Circuit, Case No. 16-30080, appealing the Court's Order of March 22, 2016, and seek emergency review of their issues or, alternatively, a stay from the Ninth Circuit simultaneously with this motion. Because the Order will result in defendants transport on April 13, 2016, a stay is warranted until the appellate court has the opportunity to review the defendants' appeal.

**RELIEF REQUESTED**: That the Court issue an order staying its March 22, 2016, order directing the U.S. Marshal to transport the defendants to the District of Nevada on April 13, 2016, until the Ninth Circuit is able to resolve the defendants' appeal of the Court's order.

**CERTIFICATION OF CONFERRAL**: Undersigned counsel certifies that he conferred with the attorneys for defendants Ammon Bundy, Ryan Bundy (pro se, conferral by and through standby counsel), Brian Cavalier, and Blaine Cooper, and each of them joins this motion. Counsel also certifies that the government opposes this motion.

**REQUEST FOR RELIEF**:

On March 16, 2016, defendants filed a motion requesting the Court prevent their transfer to the District of Nevada pursuant to writs of habeas corpus ad prosequendum. Dkt. 312. Subsequent to a hearing held on March 22, 2016 to discuss the motion, the Court denied the defendants' motion and ordered the United States Marshals to transport the defendants to Nevada on April 13, 2016, and return them to Portland no later than April 25, 2016. Dkt. 334.

The defendants filed a Notice of Interlocutory Appeal with the Court on March 28, 2016. *See* Dkt 348. Simultaneously to the filing of this motion, the defendants are filing an Interlocutory Appeal and Petition for Writ of Mandamus (*See* Attachment A) and a Motion under Circuit Rule 27-3 for emergency consideration or, alternatively, for a stay pending appellate review. (*See* Attachment B). In the interlocutory appeal, the defendants argue that: (1) the district court should not have been placed in the position of refereeing between federal prosecutors in different districts, (2) that the United States magistrate judge in the District of Nevada lacked the authority to issue the writs of habeas corpus ad prosequendum, and (3) that this Court's Order of March 22, 2016, directing the transfer of defendants to Nevada, violates the due process-based order of priority of jurisdiction and infringes upon defendants' rights to a speedy trial, the effective assistance of counsel, and due process of law. The defendants incorporate by reference the attached appellate briefing in support of the stay.

"The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 434 (2009). The factors considered for a stay all militate in favor of preserving the status quo pending the outcome of this appeal: (1) the stay applicant has a strong likelihood of succeeding on the merits of the appeal; (2) the applicant will be irreparably injured absent a stay; (3) the issuance of the stay will not substantially injure the other parties interested in the proceeding; and (4) the public interest favors procedural regularity and enforcement of statutory and constitutional norms. *See Hilton v. Braunskill*, 481 U.S. 770, 776-77 (1987). The first two factors are "the most critical," and the third and fourth "factors merge when the Government is the opposing party." *Nken*, 556 U.S. at 434-35.

*(1) Strong Likelihood of Succeeding on the Merits on Appeal.* As explained more thoroughly in the interlocutory appeal, this case presents unprecedented execution of writs

**Page 3   MOTION FOR STAY OF ORDER PENDING APPELLATE REVIEW**

requiring the defendants, who have already been arraigned and begun to prepare for trial in Oregon, to now also begin defending themselves against separate charges in Nevada at the same time. As the Court stated during the hearing on March 22, 2016, this presents an "unusual situation" and the "parties raised important questions that are fundamental to court power." The parties were unable to find clear precedent that provides the government the authority to execute the writ as it seeks to do in this case. The lack of precedent, coupled with the irreparable harm to the constitutional and statutory rights of the defendants that will result if they are transported over their objection, the defendants have a high likelihood of succeeding on the merits of the appeal.

*(2) Irreparable Injury Absent a Stay*. Unless a stay is granted to afford the Ninth Circuit time to resolve the appeal, the defendants will be transported to the District of Nevada in fifteen days to be arraigned. Once the case begins, the defendants will be forced to defend themselves against separate, complex criminal proceedings in two districts. They will be denied due process-based order of priority of jurisdiction. They will not be able to receive the effective assistance of counsel in either case. They will not be able to have their speedy trial rights vindicated, especially as so much litigation time will be spent arguing over which district should have physical custody over the defendants to maintain a trial schedule.

*(3) / (4) Harm to Government and Public Interest*. A temporary stay—in place only until the Ninth Circuit can resolve the defendants' appeal—will not substantially interfere with the progress of the case in Oregon, nor the prosecution in Nevada. The case in Nevada has yet to begin, and the government has already waited almost two years from the date of alleged events to charge the case. The public interest favors not only honoring the defendants' rights but also implementing the due process-based order of priority of prosecutions necessary to an orderly system of justice.

**Page 4   MOTION FOR STAY OF ORDER PENDING APPELLATE REVIEW**

This Court should stay its March 22, 2016 order until the Ninth Circuit rules on the merits of the defendants' Interlocutory Appeal.

Respectfully submitted on March 30, 2016.

_____
Rich Federico
Attorney for Defendant-Appellant (Payne)