IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | CA No. 16-30080 |
| | ) | |
| v. | ) | |
| | ) | |
| AMMON BUNDY, RYAN PAYNE, RYAN BUNDY, BRIAN CAVALIER, and BLAINE COOPER, | ) ) ) ) | |
| Defendants-Appellants. | ) | |

_____

**CIRCUIT RULE 27-3 CERTIFICATE**

_____

Assistant Federal Public Defender Rich Federico, attorney for defendant-appellant Ryan Payne, certifies to the following:

1.  The names, email and office addresses, and telephone numbers of the attorneys for the parties are:

    *Attorneys for United States (Appellee):*
    Kelly Zusman
    Office of the U.S. Attorney
    Mark O. Hatfield U.S. Courthouse
    Suite 600
    1000 S.W. Third Avenue
    Portland, OR 97204-2902
    (503) 727-1000
    Email: Kelly.Zusman@usdoj.gov

Geoffrey Barrow
Office of the U.S. Attorney
Mark O. Hatfield U.S. Courthouse
Suite 600
1000 S.W. Third Avenue
Portland, OR 97204-2902
(503) 727-1000
Email: Geoffrey.Barrow@usdoj.gov

Ethan Knight
Office of the U.S. Attorney
Mark O. Hatfield U.S. Courthouse
Suite 600
1000 S.W. Third Avenue
Portland, OR 97204-2902
(503) 727-1000
Email: Ethan.Knight@usdoj.gov

Craig Gabriel
Office of the U.S. Attorney
Mark O. Hatfield U.S. Courthouse
Suite 600
1000 S.W. Third Avenue
Portland, OR 97204-2902
(503) 727-1000
Email: Craig.Gabriel@usdoj.gov

*Attorneys for Ammon Bundy (Appellant)*
C. Michael Arnold
Arnold Law Office, LLC
401 E. 10th Avenue, Suite 400
Eugene, OR 97401
(541) 338-9111
Email: mike@arnoldlawfirm.com

Lissa Casey
Arnold Law Office, LLC
401 E. 10th Avenue, Suite 400
Eugene, OR 97401
(541) 338-9111
Email: lissa@arnoldlawfirm.com

*Attorneys for Ryan Payne (Appellant)*
Lisa Hay
Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204
(503) 326-2123
Email: lisa_hay@fd.org

Rich Federico
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204
(503) 326-2123
Email: rich_federico@fd.org

*Standby Attorney for Ryan Bundy, Pro Se (Appellant)*
Lisa Ludwig
811 SW Naito Parkway, Suite 500
Portland, OR 97204
(503) 223-5570
lisa@ludwiglegaldefense.com

*Attorney for Brian Cavalier (Appellant)*
Todd E. Bofferding
1215 B Street
P.O. Box 539
Hood River, OR 97031
(541) 490-9012
Email: tbofferding@gorge.net

*Attorney for Blaine Cooper (Appellant)*
Krista Shipsey
820 SW 2nd Avenue, Suite 275
Portland, OR 97204
(503) 265-8119
Email: shipseylaw@gmail.com

2.  The case calls for emergency consideration because the transport order under appeal, entered by the Oregon District Court on March 22, 2016, is set for April 13, 2016. On that date, the defendants will be transported in the custody of the U.S. Marshal to the Nevada District Court to be arraigned on charges in a separate case, unrelated to the Oregon case. In the event the appeal cannot be considered and decided by the date of transportation—April 13, 2016—a stay from either the district court or this Court will be necessary to prevent irreparable harm to the defendants.

3.  Counsel for the government was advised by email of this appeal on March 25, 2016. Counsel for the government will be served a copy of this motion on the date of filing. The government opposes this motion.

Dated this 30th day of March, 2016.

Rich Federico
Attorney for Defendant-Appellant
Ryan Payne

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | CA No. 16-30080 |
| | ) | |
| v. | ) | |
| | ) | |
| AMMON BUNDY, RYAN PAYNE, | ) | |
| RYAN BUNDY, BRIAN CAVALIER, | ) | |
| and BLAINE COOPER, | ) | |
| | ) | |
| Defendants-Appellants. | ) | |

―――――――――――

**EMERGENCY MOTION UNDER CIRCUIT RULE 27-3
OR, ALTERNATIVELY, FOR STAY PENDING APPELLATE REVIEW**

―――――――――――

Defendant-Appellant Ryan Payne, through his attorney, and on behalf of Ammon Bundy, Ryan Bundy (pro se), Brian Cavalier, and Blaine Cooper who through their respective attorneys join in this motion, respectfully moves the Court for emergency briefing and consideration of the issues presented in the Interlocutory Appeal and Petition for Writ of Mandamus being filed concurrently with this motion. Expedited consideration is needed because the Oregon district court's order in *United States v. Ammon Bundy, et al.*, Case No. 3:16-cr-00051-BR (D. Or. filed March 22, 2016) (CR 334), requires the defendants to be transported to Las Vegas,

5

Nevada, on April 13, 2016, pursuant to writs of habeas corpus ad prosequendum issued by a United States magistrate judge in Nevada for the purposes of appearing in the District of Nevada to face separate criminal proceedings in *United States v. Cliven Bundy, et. al.*, Case No. 2:16-CR-00046-GMN-PAL (D. Nev.). The defendants are submitting an opening brief and excerpts of record contemporaneously with this motion. Should this Court determine that additional time is needed to resolve this matter, the defendants respectfully request that the Court stay the Oregon district court's order pending appellate review. The defendants are simultaneously seeking a stay directly from the Oregon district court.

### I.     Emergency Relief Is Needed In Less Than 21 Days.

Ninth Circuit Rule 27-3, which provides for emergency review or relief, applies to matters in which "irreparable harm relief is needed in less than 21 days." As explained more thoroughly in the Interlocutory Appeal and Petition for Writ of Mandamus, the defendants are currently facing criminal charges in a complex case in the District of Oregon. After the defendants appeared in the District of Oregon, received counsel, and began preparing for trial, a United States magistrate judge in the District of Nevada issued writs of habeas corpus ad prosequendum ordering the defendants to be transported to Nevada to face charges in Nevada. The defendants challenged the validity of those writs and their execution in the Oregon district court.

*See* CR 312. The Oregon district court denied the defendants' challenge and ordered the United States Marshals to transport the defendants to Nevada on April 13, 2016. CR 334.

It would be unprecedented to require the defendants, who have already been arraigned and have begun to prepare for trial in the Oregon case, which has been declared complex, to be involuntarily transported to Nevada to face criminal charges in a separate proceeding that is also likely to be declared complex, especially where the government intends to proceed in both cases on a parallel track simultaneously. The commentary to Ninth Circuit Rule 27-3 indicates that the "emergency relief" rule is to be employed where irreparable harm would result without Court action and not in situations merely seeking procedural relief.  Unless this Court offers expedited relief to the defendants, the defendants will be forcibly separated from their counsel and the forum in which they are preparing their defense in a complex case.  Further, their rights under the Speedy Trial Act will be triggered in the Nevada case, and the defendants will be forced to defend themselves against two complex proceedings in two districts roughly 1,000 miles apart from each other simultaneously. Thus, the defendants respectfully request this Court's expedited consideration and resolution review of their Interlocutory Appeal and Petition for Writ of Mandamus.

## II.     Alternatively, This Court Should Stay the District Court's Order.

In the alternative, the defendants respectfully request that this Court stay the Oregon district court's order requiring the defendants to be transported to Nevada until this Court can address the merits of the appeal. The defendants are simultaneously seeking a stay directly from the Oregon district court but submit this matter to the Ninth Circuit in an abundance of caution.

"The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 434 (2009). The factors considered for a stay all militate in favor of preserving the status quo pending the outcome of this appeal: (1) the stay applicant has a strong likelihood of succeeding on the merits of the appeal; (2) the applicant will be irreparably injured absent a stay; (3) the issuance of the stay will not substantially injure the other parties interested in the proceeding; and (4) the public interest favors procedural regularity and enforcement of statutory and constitutional norms. *See Hilton v. Braunskill*, 481 U.S. 770, 776-77 (1987). The first two factors are "the most critical," and the third and fourth "factors merge when the Government is the opposing party." *Nken*, 556 U.S. at 434-35.

As explained above, and more thoroughly in the Interlocutory Appeal and Petition for Writ of Mandamus, which are incorporated by reference, this case

presents unprecedented execution of writs requiring the defendants, who have already been arraigned and begun to prepare for trial in Oregon, to now also begin defending themselves against separate charges in Nevada at the same time. A stay should be issued because allowing the defendants to be transferred to Nevada would infringe upon the defendants' rights to a speedy trial, the effective assistance of counsel, and due process of law, and the defendants have a substantial likelihood of succeeding on the merits. Unless a stay is granted, the defendants' rights to due process, a speedy trial, and the effective assistance of counsel will be immediately and irreparably injured.

A temporary stay—in place only until the Court can address the defendants' arguments—will not substantially interfere with the prosecution in Nevada, where the government has already waited almost two years from the date of incident to begin its case. The public interest favors not only honoring the defendants' rights but also implementing the due process-based order of priority of prosecutions necessary to an orderly system of justice.

Because irreparable harm would result unless the defendants' receive expedited review of their Interlocutory Appeal and Petition for Writ of Mandamus, and because all four factors in the Court's stay analysis weigh in favor of the defendants, this Court should either grant the defendants' expedited review or stay

the district court's order to preserve the status quo until the merits of defendants' interlocutory appeal have been resolved.

Dated this 30th day of March, 2016.

_____
Rich Federico
Attorney for Defendant-Appellant
Ryan Payne

# CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2016, I electronically filed the foregoing Emergency Motion Under Circuit Rule 27-3 for Stay Pending Appellate Review with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Jennifer Lillie*
Jennifer Lillie