BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**ETHAN D. KNIGHT, OSB #99298**
**GEOFFREY A. BARROW**
**CRAIG J. GABRIEL, OSB #01257**
Assistant United States Attorneys
ethan.knight@usdoj.gov
geoffrey.barrow@usdoj.gov
craig.gabriel@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:16-CR-00051-BR |
| v. | |
| AMMON BUNDY, RYAN PAYNE, RYAN BUNDY, BRIAN CAVALIER, and BLAINE COOPER, | GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION FOR STAY OF ORDER PENDING APPELLATE REVIEW |
| Defendants. | |

The United States of America, by Billy J. Williams, United States Attorney for the District of Oregon, and through Ethan D. Knight, Geoffrey A. Barrow, and Craig J. Gabriel, Assistant United States Attorneys, hereby responds to defendants' Motion for Stay of Order Pending Appellate Review (ECF No. 357).

I.  **Procedural History**

Defendants seek a stay of this Court's March 22, 2016, Order (ECF No. 334) directing the United States Marshals Service to transport defendants to the District of Nevada on April 13, 2016. On March 30, 2016, defendants filed an Interlocutory Appeal and Petition for Writ of Mandamus with the Ninth Circuit. Defendants also filed a motion asking that the Ninth Circuit stay this Court's March 22, 2016, Order (Case No. 16-30080). On April 4, 2016, the government responded to defendants' motion to stay with the Ninth Circuit (ECF No. 9).

II. **The Court Should Deny Defendants' Motion Because Defendants' Appeal Has Divested This Court of Jurisdiction**

Because defendants have filed a motion to stay the Court's March 22, 2016, Order with the Ninth Circuit, this Court no longer retains jurisdiction over defendants' Motion. Although this Court ordinarily retains the ability to stay its own rulings pending an appeal in order to preserve the status quo, *see, e.g.*, Fed. R. App. P. 8(a)(1); *Newton v. Consolidated Gas Co.*, 258 U.S. 165, 177 (1922), because defendants have asked the Ninth Circuit to stay this Court's ruling, the stay has become part of the subject matter on appeal. To avoid potentially conflicting rulings, this Court should not act on this Motion unless and until the Ninth Circuit so directs.

Once a notice of appeal has been filed, the district court is divested of jurisdiction over the matters being appealed. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). The divestiture of jurisdiction rule "is a judge made rule originally devised in the context of civil appeals to avoid confusion or waste of time resulting from having the same issues before the two

/ / /

**Government's Response to Defendants' Motion for Stay of Order Pending Appellate Review**     Page 2

courts at the same time." *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984) (divestiture rule discussed in context of defendant's interlocutory vindictive prosecution appeal).

Relatedly, the Ninth Circuit held that the district court lacked jurisdiction to consider a defendant's motion to correct his sentence after he filed a notice of appeal seeking to challenge that same sentence. *United States v. Ortega-Lopez*, 988 F.2d 70, 72 (9th Cir. 1993); *see also United States v. Vroman*, 997 F.2d 627 (9th Cir. 1993) (holding district court lacked jurisdiction to over defendant's motion for reconsideration filed after notice of appeal).

### III. Even If the Court Retained Jurisdiction over Defendants' Motion, the Court Should Deny the Motion Because It Fails to Adequately Demonstrate the Need for a Stay

As defendants note, the Supreme Court has identified four relevant factors to examine when deciding whether a case should be stayed: (1) a "strong showing" by the applicant that he is likely to succeed on the merits; (2) irreparable injury absent a stay; (3) whether the stay would harm other parties; and (4) where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 434 (2009). The court may also consider "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof and questions of law that would result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

First, defendants are not likely to succeed on the merits of their complaints because the order they challenge neither falls within the collateral order doctrine nor is it the type of extraordinary and unlawful directive that would merit mandamus relief. This Court simply directed the U.S. Marshals Service to transport five Oregon defendants to the District of Nevada to make their initial appearances; the Court conditioned its order on assurances from the U.S.

/ / /

Marshal and a magistrate judge in Nevada that defendants would be returned to Oregon within ten days.

Second, the prejudice defendants claim will occur if their criminal cases in Oregon and Nevada are permitted to proceed in tandem are purely speculative; more fatally, however, they are premised on an unreasonable assumption that this Court and the district court in Nevada are incapable of fashioning case management procedures that will adequately protect their interests and permit them to defend their cases.   This Court has already taken significant steps to protect defendants' Sixth Amendment rights in the Oregon case: the Order is narrowly tailored to a single, ten-day event, this Court secured a Nevada magistrate judge's "assurance" that defendants will be returned to Oregon within ten days, and this Court confirmed with the Nevada prosecutors that the Oregon trial will proceed first.   Whether defendants' Sixth Amendment rights in the Nevada case will be impaired by the first appearance is beyond the scope of this Court's jurisdiction over this case.   The district court in Nevada should be given the opportunity to address defendants' specific concerns as the needs arise.

Third, their stay request is entirely inconsistent with their push for speedy trials in both jurisdictions.   To the extent the Oregon codefendants not subject to the transportation order wish to proceed expeditiously, a stay would be contrary to those speedy trial interests as well.

Finally, the public interest rests with the trial judge.   This Court should be given the opportunity to manage the case as it sees fit.

/ / /

/ / /

**Government's Response to Defendants' Motion for Stay of Order Pending**     **Page 4**
**Appellate Review**

### IV.     Conclusion

For the aforementioned reasons, the Court should deny defendants' Motion to Stay because a duplicative motion is now pending in the Ninth Circuit; alternatively, the Motion should be denied in the merits.

Dated this 4th day of April 2016.

                                            Respectfully submitted,

                                            BILLY J. WILLIAMS
                                            United States Attorney


                                            *s/ Ethan D. Knight*
                                            ETHAN D. KNIGHT, OSB #99298
                                            GEOFFREY A. BARROW
                                            CRAIG J. GABRIEL, OSB #01257
                                            Assistant United States Attorneys