**LISSA CASEY**, OSB #086541
**MICHAEL ARNOLD**, OSB #011873
lissa@arnoldlawfirm.com
mike@arnoldlawfirm.com
Arnold Law
401 East 10th Ave. Ste 400
Eugene, OR 97401
Ph: 541-338-9111
Attorneys for Ammon Bundy

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br>vs.<br><br>AMMON BUNDY *et al*,<br><br>　　　　Defendants. | Case No.: 3:16-CR-00051<br><br>**DEFENDANT AMMON BUNDY'S PROPOSED PROTECTIVE ORDER** |

THIS MATTER having come before the Court, with the Court being fully apprised as to the proceedings herein, it is HEREBY ORDERED THAT:

1. **Designation of Confidential Information**

    a. Any party to this action shall have the right to designate any information, document, or thing as "confidential information." "Confidential information" means information that disclosure of which would, the party contends in good faith, would likely cause harm to a witness, danger of witness intimidation, or is information vital to national security.

2. Once a party designates information as confidential information and provides to the other party, the designating party may file a motion, under seal to the court with

discovery attached and evidence that demonstrates good cause for that information to be subject to a protective order. That motion must be filed within 5 days of disclosing that information to the opposing party, along with the motion to seal, to the defense, after conferring with counsel. The parties will agree not to disclose that information while the motion is pending ruling by the Court.

3. A designation as confidential information and the following of the protective order by a party to this litigation shall not be construed as a concession by that party that the information, documents, or things are in fact in good faith confidential. If, subsequent to the court's ruling of confidentiality or after a previous agreement after conferral that documents may be deemed confidential, a party to this case may move the Court for determination that the confidentiality designation shall be removed.

4. Nothing in this protective order shall bar or otherwise restrict any attorney from rendering advice to his client with respect to this action, or from generally referring to or relying upon his examination or receipt of information subject to a protective order. Nothing in this protective order will prevent a party from reading portions of discovery to a potential witness.

5. If Plaintiff has given confidential information to a Defendant and the information is ruled subject to a protective order after the Court finds that the Government has shown good cause for it to be so designated:

   i. Physical and electronic access of copies of the discovery shall be limited to the parties, counsel for the parties, agents of counsel for the parties, and any experts and investigators;

ii. Any expert or investigator utilized by the parties to review confidential information must agree to be bound by the terms of this protective order;

iii. A copy of confidential information may be provided to the receiving party as set forth above;

iv. Copies of confidential information may be made available by counsel for the parties to agents of counsel for the parties, and any experts and investigators, provided that they agree to comply with the terms of this Protective Order;

v. Confidential information shall not be made public by the receiving party;

vi. Confidential information may be used to conduct an investigation, to support motion practice, at hearings, in settlement negotiations, and at trial, without seeking permission from the court.

vii. The parties to this Protective Order and all individuals to whom confidential information has been divulged as a result of this Protective Order shall remain bound to the terms of this Protective Order throughout the disposition of this case, and thereafter.

DATED this _____ day of April, 2016

By: _____
Judge Anna D. Brown