Laurie Shertz LLC, OSB 96477
121 SW Salmon, 11th Floor
Portland, OR  97204
tel:  503/406-2136
fax:  503/406-2136
e: Laurie@LShertzlaw.com
Attorney for Darryl Thorn

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 3:16 CR 00051-22 BR |
| Plaintiff, | **MOTION TO REVOKE PRETRIAL DETENTION ORDER AND REQUEST FOR PRETRIAL RELEASE** |
| vs. | |
| **Darryl Thorn,** | *Oral Argument Requested* |
| Defendant. | |

Darryl Thorn, through his attorney Laurie Shertz, moves this Court pursuant to 18 USC §3145(b) for review and to revoke the detention order issued by Magistrate Judge Beckerman on XXX (CR-). Mr. Thorn further moves this Court to order his pretrial release on conditions as may be recommended by Pretrial Services.

At the detention hearing held before the Honorable Stacie Beckerman, the Government focused on two aspects: 1) the defendant's prior record of failing to appear, and 2) their unsupported allegation that there were 'teflon coated bullets' found in a motel oom previously occupied by the defendant. The presentation contained inaccuracies and Mr. Thorn should be released.

*United States v.  Thorn*
*USDC Oregon 3:16 CR 00051-22 BR*
Page 1 - MOTION TO REVOKE PRETRIAL DETENTION ORDER AND REQUEST FOR PRETRIAL RELEASE
LAURIE SHERTZ LLC, OSB #96477
121 SW SALMON STREET, 11TH FLOOR• PORTLAND, OR  97204
503-406-2136 •   e:  Laurie@LShertzlaw.com

### *Background*

Mr. Thorn was indicted in a separate case on February 10, 2016. (CR-1, 3:16 CR-64 JO). He made his first appearance on February 12, and had a detention hearing thereafter on March 1, 2016. (CR-55). In her order of Detention, Judge Beckerman found Mr. Thorn was a risk to the safety of others, and a flight risk. She also relied on the pretrial services report indicating Mr. Thorn's information was unverified. Those determinations were each incorrect for the following reasons.

### *Applicable Law*

The Bail Reform Act, 18 U.S.C. § 3142(b), creates a presumption for release on one's own personal recognizance unless the judicial officer finds that release will not reasonably assure the appearance of the person as required, or will endanger the safety of the community or any person.

If the Court determines that recognizance release will not reasonably ensure both the defendant's appearance and the safety of the community, 18 U.S.C § 3142(c) directs the Court to release the person on "the least restrictive" condition or set of conditions. Detention is appropriate only if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

Factors to be considered by the Court in assessing release or detention include: the nature and circumstances of the alleged offense; the weight of the evidence; the history

*United States v. Thorn*
*USDC Oregon 3:16 CR 00051-22 BR*
Page 2 - MOTION TO REVOKE PRETRIAL DETENTION ORDER AND REQUEST FOR PRETRIAL RELEASE

LAURIE SHERTZ LLC, OSB #96477
121 SW SALMON STREET, 11TH FLOOR• PORTLAND, OR  97204
503-406-2136 •   e:  Laurie@LShertzlaw.com

and characteristics of the person; and the risk of danger to any person or the community in general. 18 U.S.C. § 3142(g).

### *The defendant's prior FTA's are grossly exaggerated.*

The Pretrial services report prepared for the detention review hearing indicated 10 prior FTA's on Mr. Thorn's record. This is incorrect and overstates the prior failure to appear record. A review of the Washington State court files makes clear that most of the FTA's cited by Federal Pretrial were a result of notices of court hearings or arraignments being mailed to the defendant, to the wrong address, and being returned to the Court. Thereafter, *despite the defendant being unaware of, and not informed of,* the court appearances, warrants were issued:

Specifically on the following dates, court notices were mailed and the PTS report lists FTA's: October 27, 2014, June 22, 2014, and November 22, 2011. Similarly, what Judge Beckerman and PTS counted as SIX FTA's were two missed court appearances, in each of three cases for probation violations all set for the same day.

The PTS report also duplicates two charges on Page 5.

Counsel for Mr. Thorn requested all Court files from Washington State. The Everett case listed by PTS does not appear in those documents, but it could be surmised from the information PTS advances, that the FTA listed for July 15, 2009, was similarly for a mailed summons that the defendant did not receive.

*United States v. Thorn*
*USDC Oregon 3:16 CR 00051-22 BR*
Page 3 - MOTION TO REVOKE PRETRIAL DETENTION ORDER AND REQUEST FOR PRETRIAL RELEASE

LAURIE SHERTZ LLC, OSB #96477
121 SW SALMON STREET, 11TH FLOOR• PORTLAND, OR 97204
503-406-2136 •  e: Laurie@LShertzlaw.com

When a summons is mailed to the defendant, it is documented he does not receive it, and thereafter is not present at court, this is not a voluntary failure to appear for court. Mr. Thorn's address can be closely monitored by Pretrial Services, and he can be ordered to appear at monthly status conferences so he is constantly kept advised of his court dates. Mr. Thorn is very invested in his defense of this case and wants to be present for all court appearances. His appearance can be easily assured by both the Court and Pretrial Services.

Additionally, Mr. Thorn's recent compliance with Court orders has been exemplary. In his 2012 Marysville Municipal Court case, he appeared for Court no less than six times. Similarly, in his 2012 DUI case, he appeared for six additional, separate court dates and complied with all terms and conditions laid out by the Court.

### *Additional Issues*

The Government implied that Mr. Thorn was a felon. This is also incorrect. Mr. Thorn has no felony convictions.

At the initial detention review hearing, the government claimed the defendant had teflon bullets in his possession. Undersigned counsel has searched the provided discovery and found no reference to such ammunition. AUSA Ethan Knight agreed to investigate further, but no additional information was forthcoming. Even assuming arguendo that such ammunition was located, it does not change the analysis as to release in this case. Mr.

*United States v. Thorn*
USDC Oregon 3:16 CR 00051-22 BR
Page 4 - MOTION TO REVOKE PRETRIAL DETENTION ORDER AND REQUEST FOR PRETRIAL RELEASE

LAURIE SHERTZ LLC, OSB #96477
121 SW SALMON STREET, 11TH FLOOR• PORTLAND, OR 97204
503-406-2136 •  e: Laurie@LShertzlaw.com

Thorn does not own any firearms, none of the firearms located at MNWR belonged to him.

In her detention order, Judge Beckerman checked the box for "arrest behavior." At his arrest, defendant was in a common room of a motel, having breakfast with his girlfriend. Two men approached him, and then a "swarm" of men in tactical gear rushed the defendant, throwing him to the floor, resulting in a 2" cut above his left eye. Mr. Thorn did nothing at his arrest to warrant this factor.

### *Mr. Thorn is not a flight risk nor a danger to the community if conditionally released*

Mr. Thorn has lived in the Pacific Northwest area most of his adult life.  At the time of his arrest, he was living with roommates in Bremerton, Washington, where he was working construction. Mr. Thorn has worked a series of construction jobs over his adult life, and is a trained roofer. He pays child support for his children but had his driver's license revoked when he fell behind in payments. This obviously complicates his work prospects, but he has always been able to obtain a job and get there relying on public transportation or rides from friends and coworkers. It is anticipated Mr. Thorn will be able to quickly obtain a job upon his release.

Additionally, Mr. Thorn's sister and brother in law, who helped raise him live in Washington and are resources for him.

/ /

/ /

*United States v. Thorn*
*USDC Oregon 3:16 CR 00051-22 BR*
Page 5 - MOTION TO REVOKE PRETRIAL DETENTION ORDER AND REQUEST FOR PRETRIAL RELEASE

LAURIE SHERTZ LLC, OSB #96477
121 SW SALMON STREET, 11TH FLOOR• PORTLAND, OR  97204
503-406-2136 •   e: Laurie@LShertzlaw.com

*Nature and Circumstances of the Offense*

The Government's allegations are that the defendant, along with others, occupied the Malheur National Wildlife Refuge. The defendants believe they engaged in Constitutionally Protected freedom to assemble, free speech, challenging governmental policies regarding federal lands, and did not violate laws.

Mr. Thorn was at the MNWR for only part of the time period alleged in the conspiracy. Although he was present for the peaceful and legal protest in Burns, Oregon on January 2, 2016, he returned home for more than a week. Reports indicate Mr. Thorn's role at the MNWR was to watch what was happening from a watch tower on the property. He is not alleged to have spoken with witnesses in Harney County nor barred anyone's entrance to the MNWR.

*Conclusion*

Mr. Thorn is eager to fight the charges against him in this matter and the Court can and should design conditions that permit him to be out of custody and prepare for trial. Mr. Thorn requests this Court issue an order revoking the pretrial detention order and placing him on Pretrial Services.

Respectfully submitted this 12 of April, 2016.

    /s/ Laurie Shertz
LAURIE SHERTZ, OSB # 96477
503/406-2136
Attorney for Darryl Thorn

*United States v. Thorn*
USDC Oregon 3:16 CR 00051-22 BR
Page 6 - MOTION TO REVOKE PRETRIAL DETENTION ORDER AND REQUEST FOR PRETRIAL RELEASE

LAURIE SHERTZ LLC, OSB #96477
121 SW SALMON STREET, 11TH FLOOR• PORTLAND, OR 97204
503-406-2136 • e: Laurie@LShertzlaw.com