RAMÓN A. PAGÁN, OSB No. 103072
The Law Office of Ramón A. Pagán, LLC
249 NE Lincoln Avenue
Hillsboro, Oregon 97124
Telephone:  (971) 270-0421
Facsimile:  (866) 431-9948
Email:  rpagan@outlook.com

Counsel for Corey Lequieu

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES of AMERICA,<br>Plaintiff,<br><br>v.<br><br>COREY LEQUIEU, et al.,<br>Defendant.<br><br>_____ | Case No. 3:16-cr-00051 BR<br><br>MEMORANDUM IN SUPPORT OF MOTION TO REVOKE PRETRIAL DETENTION ORDER |

## Preliminary Statement

Defendant Corey Lequieu has been charged, by superseding indictment, with Conspiracy to Impede Officers of the United States in violation of 18 U.S.C. § 372, Possession of Firearms and Dangerous Weapons in Federal Facilities in violation of 18 U.S.C. § 930(b), and Use and Carry of a Firearm in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A). Mr. Lequieu was arrested in Nevada on a separate, now-dismissed indictment (3:16cr00051(JO)), on or about February 11, 2016. In Nevada, the district court ordered his detention and he was transported to the District of Oregon.

PAGE 1 – MEMORANDUM IN SUPPORT OF MOTION TO REVOKE PRETRIAL DETENTION ORDER

Mr. Lequieu first appeared before this Court on the previous indictment on February 22, 2016.  Magistrate Judge Stewart issued an order of detention on February 22, 2016.  I was appointed as his counsel pursuant to the Criminal Justice Act.

Mr. Lequieu poses no danger to the community and he is not a flight risk.  He has a home in Fallon, Nevada to return to and he is adamant in his desire to appear and defend himself, along with his co-defendants, at trial.  Mr. Lequieu has the support of his community and his fiancé, Ms. Deborah Carter Pope, with whom he will reside in Fallon, Nevada, if released.

**Defendant's Plan for Release**

If released, Mr. Lequieu would return to his home in Fallon, Nevada with his fiancé, Ms. Pope.  We have contacted his prior employer, Jim Chambers, who has informed us that Mr. Lequieu would be re-hired if he returned to his community.   Mr. Lequieu is a combat-veteran of the United States Army, has never had any mental health issues, and any criminal convictions he has are far in his past.   As the Court is now well aware, all of the defendants in this case are enthusiastic to appear and defend themselves.  Mr. Lequieu is no exception.   He has a strong desire to have his day in court, and he would be focused on assisting his defense team with trial preparation.

**18 U.S.C. § 3142**

Under the Bail Reform Act, 18 U.S.C. § 3142, any person charged with an offense under the federal criminal laws *shall* be released pending trial: (a) on personal recognizance; (b) upon execution of an unsecured appearance bond; or (c) on a condition or combination of conditions, *unless* a "judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required

and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1); *see also,* 18 U.S.C. § 3142(a), (b). Under the Act, a court must impose the least restrictive conditions to reasonably assure the appearance of the person as required and the safety of any other person and the community. 18 U.S.C. § 3142(c)(1)(B). Further, an accused's right to bail is constitutional in nature. *See, e.g.*, *U.S. v. Hir*, 517 F.3d 1081, 1085-86 (9th Cir. 2008) (noting the constitutional rights associated with bail).

18 U.S.C. § 3142(g) lists several factors a court must consider when deciding a motion for release, including: "the nature and circumstances of the offense charged"; "the weight of the evidence against the person"; "the history and characteristics of the person," including, inter alia, the person's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings"; and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

The government must show, by clear and convincing evidence, that there are no conditions or combination of conditions sufficient to ensure the defendant's return or the public's safety. 18 U.S.C. § 3142(f)(2).

Here, the government may argue that the nature of the charges indicate that Mr. Lequieu is a danger to the community, but the allegations in the superseding indictment do not make out such a claim, and Mr. Lequieu's criminal history, old as it is, should not be dispositive in a case such as this.

PAGE 3 – MEMORANDUM IN SUPPORT OF MOTION TO REVOKE PRETRIAL DETENTION ORDER

**Background Information**

Mr. Lequieu, 46 years old, grew up in California. Graduating high school at the age of 16, he quickly entered the United States Army at the age of 17 in 1987. He served as an Army Ranger and was deployed to multiple foreign locations for combat. He served for 6 years, was never disciplined, and was honorably discharged in 1993.

Following his service, Mr. Lequieu did suffer setbacks and eventually found himself in the criminal justice system. As the Court is aware from the pre-trial services report, in the mid-1990's, he was convicted of several offenses and spent significant time in a penitentiary. In 2004, due to his prior record, he was again convicted and spent further time in a penitentiary. Since then, he has had much greater success avoiding the criminal justice system, suffering only minor parole violations and a failure to register violation in Nevada.

After the dust has settled from those prior convictions, he met Deborah Carter Pope, with whom he has lived now for seven years. Ms. Pope is a former deputy sheriff in Fallon, and she served in the United States Air Force as well. Together, they have been parents to her son, Jeremiah Carter, who is graduating from the United States Marine Corps this month. Jeremiah considers Mr. Lequieu his father, and reveres him for his service and dedication to our nation.

Throughout his life after service, Mr. Lequieu has worked many different jobs. Over the last several years, he has worked for a man named Jim Chambers, who owns a hauling company in Fallon, Nevada: Chambers Hauling. Mr. Chambers has indicated that he is eager to re-hire Mr. Lequieu should he be released pending trial.

Mr. Lequieu and Ms. Pope own a trailer together, and have lived at the same address for seven years. If released, Mr. Lequieu would return to that address and help Ms. Pope with expenses and her medical needs.

**18 U.S.C. § 3142(g) Factors**

**The Nature of the Offense**

Now that the government has superseded the indictment, the allegations are plain: A group of protestors, some of whom were armed, overtook an empty federal facility. The government surely will argue that the nature of the offense dictates that detention is necessary, but the specific allegations, and the discovery in this case, do not bear that conclusion out. Notably, Mr. Lequieu is not mentioned as a leader of this group of protestors. He is not alleged to be an organizer or an inciter of this event. At no point was any government official alleged to have been directly confronted by Mr. Lequieu. At no point was any government official, or any community member, alleged to have been threatened by Mr. Lequieu. In the thousands of pages of discovery that have been turned over so far[1], there appears to be one witness who alleges that Mr. Lequieu even had a firearm on the refuge. Mr. Lequieu did not participate in, or create, any of the media releases or statements regarding the actions of the other protestors. Put simply, the broad-stroke allegation that the defendants in this indictment are all a danger to the community because they allegedly overtook this facility so deep in the heart of the Oregon high desert is specious, at best.

---

[1] It should be noted that counsel has not had an opportunity to view all of the discovery that has been produced because a large portion of it is being sorted and organized by the Federal Public Defender.

PAGE 5 – MEMORANDUM IN SUPPORT OF MOTION TO REVOKE PRETRIAL DETENTION ORDER

### The History and Characteristics of the Defendant

Mr. Lequieu's life has certainly had highs and lows. He would tell the Court that the highlight of his life was being able to serve his country as an Army Ranger. He would also tell the Court that his criminal convictions, and the life he lived around them, were certainly his nadir. It should be noted he does not have a history of absconding or failing to appear. But since that low time, he found Ms. Pope, and has been working and helping her with her family. He is notably not an activist, and though he is from Nevada, the Court should note he is not included in the Bundy Ranch indictment out of the District of Nevada. In fact, the protest in Burns may be the first instance of any activism he ever participated in. Were he to return home, he would get back to work, help his fiancé around the house with expenses and medical care, and he would focus on helping his counsel prepare his defense.

### The Nature of the Risk to the Public by the Defendant's Release

There is no risk to the public if Mr. Lequieu is released. Even focusing on his criminal history, nearly all of his convictions involve property crime or possession of property for which he is barred from possessing. Otherwise, and particularly looking at the last ten years of his life, he is no threat to the public. Even looking at the allegations in this case, the government might concede that among all of the participants, Mr. Lequieu is alleged to be one with a very minor role. He is not alleged to have harassed any members of the public, and, in fact, according to documents from the government, he lived peacefully with residents of Burns before the alleged occupation. Besides the government's argument about the danger of any group like these protestors, which can be debated by reasonable minds, Mr. Lequieu is not particularly dangerous and poses no special risk.

## Conclusion

Because Mr. Lequieu has a solid plan for his release, and because he ostensibly poses no risk to the community, it is respectfully requested that his order of detention be revoked and an order of release be entered.

DATED this 16th day of April, 2016.

By:_s/RAP_____
Ramón A. Pagán, OSB No. 103072