BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**ETHAN D. KNIGHT, OSB #992984**
**GEOFFREY A. BARROW**
**CRAIG J. GABRIEL, OSB #012571**
Assistant United States Attorneys
ethan.knight@usdoj.gov
geoffrey.barrow@usdoj.gov
craig.gabriel@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

### UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:16-CR-00051-BR |
| v. | |
| **AMMON BUNDY, et al.** | **JOINT STATUS REPORT REGARDING DISCOVERY** |
| **Defendants.** | |

Pursuant to the Court's April 11, 2016, Order (ECF No. 389) and its April 15, 2016, Order (ECF No. 422), attorneys for the government have conferred with the Defendants' Discovery Committee. The parties offer the following:

### A.    Joint Statement Regarding Status of Discovery

To date, the government has produced eleven volumes of discovery that comprise approximately 25,000 Bates pages, 58,570 files, and over 360 gigabytes of data. The government continues to produce discovery in multiple formats including .pdf, text files, tiffs, load files, and natives.

On Monday, April 18, 2016, the government made Volumes 7 through 11 available to the CJA Panel Office for group distribution and provided individual copies for Ms. Shertz, Mr. Rainwater, and Ms. Wood on April 19. The government has also offered to produce an individual copy of discovery for *pro se* defendant Ryan Bundy through his attorney advisor, Lisa Ludwig. The government is awaiting Mr. Bundy's decision. Volumes 7 through 11 include search warrant photographs, videos, and law enforcement reports and their attachments.

In terms of what has been produced to the panel attorneys who are relying on the CJA Panel Office for discovery (as opposed to the panel attorneys receiving discovery directly from the government), Ms. Baggio reports that there has been a lag in production while arrangements are made to retain a third-party vendor to host discovery. The CJA Panel Office provided improved quality and helpfully coded versions of all materials produced in Volumes 1 and 2 and the text-based files from Volume 3. The rest of Volume 3 and Volumes 4-11 have yet to be provided.

The Panel Office previously made available online all documents in Volumes 1 through 3. Documents in Volumes 5 and 11 will be available online on Thursday, April 21; the remaining volumes do not consist of documents. CJA Resource Attorney, Jennifer Horvath, will provide a budget and description of the third-party, cloud-hosted solution, approved by the majority of the co-defense teams, to the Court for approval on Thursday, April 21. Once discovery is substantially complete, the third-party vendor will provide individual hard drives containing all of the discovery to each attorney. In its last report, the government estimated discovery would be substantially complete in mid-May.

The government is currently processing the next batch of discovery. The next production will likely include additional law enforcement reports, photographs, and videos. The government

**Joint Status Report Regarding Discovery**                                                                 **Page 2**

is also working to copy evidence to provide to the defense and hopes to include these materials in the next round of discovery. In any event, the government expects the next production sometime next week and anticipates that it will be a significant volume of data.

**B.    Disputed Issue Number 1: Defense Request for Preservation Order**

A dispute has arisen regarding a defense request for a Preservation Order. The parties have conferred regarding the issue and offer the following:

**1.    Concise Statement of the Dispute**

The defense, through Terri Wood, has requested a preservation order that would require the government to preserve:

> [A]ll items containing information recorded or possessed by any federal agent or agency that relate to the investigation or prosecution of this case, the related case in Nevada, or any individual defendant in Bundy et al., be preserved for the pendency of this action, to afford the opportunity for a later determination as to whether any such item is discoverable.

The defense would agree that preservation of items would not create a right to discovery.

**2.    Parties' Authority for Opposing Positions**

**a.    Defendants' Authority**

Ms. Wood has outlined concerns regarding preservation of information recorded or possessed by any federal agency that relates to this case, for the pendency of this action. In brief, defense counsel are concerned that various federal agency record retention policies could operate to destroy recorded information, such as emails and texts, that might otherwise be discoverable through a determination made later in this case.

Ms. Wood submits that the Court has inherent authority to enter this order as the best means to safeguard the defendants' discovery rights and to shield the government from destruction

**Joint Status Report Regarding Discovery**                                                                                                        **Page 3**

of evidence claims.   Additionally, preservation orders are routine in complex civil litigation and generally considered part of a court's case management order.

Defense counsel will file a motion on this issue within the next few days and request the Court hear the motion at its earliest convenience.   Tom Coan will argue the motion should the Court desire oral argument.

      **b.**    **Government's Authority**

The government opposes defendants' request for a preservation order as presented and further believes that it is not appropriate to raise this issue in this joint status report as it does not relate to the status of the discovery production.   It is the government's position that defendants should seek leave of the Court to file a motion for a preservation order, and at such time, the government will more fully state its position regarding the request.   Defendants' request implicates a number of legal principles related to discovery that would be addressed more appropriately outside the context of this report, ideally in the context of the round two motions.

**C.**    **Disputed Issue Number 2: Transcripts**

A second dispute has arisen regarding a defense request for the immediate production of any transcripts of defendants' recorded statements.   The parties have conferred on this issue and offer the following:

      **1.**    **Concise Statement of the Dispute**

The defense, through Tom Coan, has requested the immediate production of a list of transcripts of defendants' recorded statements prepared by the government in this investigation and the immediate production of all such transcripts.

/ / /

**2.     Parties' Authority for Opposing Positions**

    **a.     Defendants' Authority**

Federal Rule of Criminal Procedure 16.

    **b.     Government's Authority**

The government has notified Mr. Coan that, at this point, it is not aware of any lists of transcripts prepared in this investigation. Consistent with its discovery obligations, the government will produce any transcripts of recorded statements of the defendants that are within its possession in a timely manner.

Dated this 20th day of April 2016.

    Respectfully submitted,

    BILLY J. WILLIAMS
    United States Attorney


    *s/ Geoffrey A. Barrow*
    ETHAN D. KNIGHT, OSB #992984
    GEOFFREY A. BARROW
    CRAIG J. GABRIEL, OSB #012571
    Assistant United States Attorneys