**LISSA CASEY**, OSB #086541
**MICHAEL ARNOLD**, OSB #011873
lissa@arnoldlawfirm.com
mike@arnoldlawfirm.com
Arnold Law
401 East 10th Ave. Ste 400
Eugene, OR 97401
Ph: 541-338-9111
Attorneys for Ammon Bundy

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>AMMON BUNDY *et al*,<br><br>   Defendants. | Case No.: 3:16-CR-00051<br><br>**DECLARATION OF DEFENDANT AMMON BUNDY'S UNOPPOSED MOTION TO EXTEND DEADLINE FOR MOTION TO DISMISS FOR LACK OF JURISDICTION** |

   I, Lissa Casey, declare and state that I am one of the attorneys of record herein for the above-named defendant, and I make this Declaration in support of the Motion to Extend Deadline for Motion to Dismiss for Lack of Jurisdiction filed herewith.  I make this declaration based on information and belief and my professional opinions, which when made are based on a reasonable degree of professional certainty.

  1. The motion to dismiss in this case will challenge the Federal

    Government's authority to assert ownership over the land that is now

known as the Malheur National Wildlife Refuge.  It is Defendant's position that this authority is critical to the Federal Government's authority to have federal employees work on that land.  Jurisdiction in this case will determine whether the Federal Government can prosecute protesters for being there at all.

2. The theory of the motion is, with the information we currently have, as follows:  the original intent of the United States Constitution was to create the sovereign States out of the original thirteen colonies with the intention of a very limited federal government with powers outlined in the Constitution.  The purposes intended for the federal government, were, among other things, defense, trade, and to settle disputes between States.  Defendant will argue that the Constitution only intended to give broad federal power of property in Territories, as the Founders contemplated the expansion westward.  The Federal Government's power of such Territories, which Oregon formerly was, is outlined in the Property Clause.  Defendant will cite to the Enclave Clause for the Government's power over such property once it stops being a Territory and becomes a State.

3. Defendant further intends to argue that once statehood occurred for Oregon, Congress lost the right to own the land inside the state, except

for purposes outlined in Article I, section 8, clause 17 (Enclave Clause) of the United States Constitution.

4. However, to argue this and have a sufficient record in this Court Defendant intends to produce evidence. This is because the land that is now the Malheur National Wildlife Refuge was not always "federal land." The federal government relinquished that land when it was previously deeded and homesteaded, thus relinquishing jurisdiction. It was mainly through property acquisition from the original deed holders that created this vast area now considered the wildlife refuge. The constitution gives specific instructions on what needs to be done in order for the government to reacquire what was previously deposed of federal lands from the new owners. One of such requirements is to go the State legislature and get permission after getting consent from Congress. Evidence must be produced regarding chain of title and actions/inactions by the government. Given the age of some of the documents and chain of title over the years, Defendant intends to call witnesses, as was needed in United States v. Oregon, 295 U.S. 1 (1935). In that case, the court, understanding that a large amount of factual information would be required to analyze who actually owned the land, referred the case to a "master of chancery." That person then distilled and presented evidence

to the Court.  Given that the defense is asking the Court to analyze legal authority to own land based on facts such as homesteads and deeds, we will need to present evidence.

5.  Defense counsel intends to confer with the Government on the proposed structure of such hearing and what can be stipulated to streamline such hearing.

6.  Without showing that the sequence of the deeding and homesteading of the land, the Court will not have sufficient information to determine the constitutionality of the Government acquiring the land, and therefore jurisdiction in that case.  In the event the Court rules adversely to the protesters in this case, the defense wants to ensure the record is sufficient for appellate review.

7.  In addition to putting evidence into the record about land ownership, the defense also needs to provide evidence about foundational documents from the Federal Convention of 1787.  These documents will be critical to the Court's consideration about jurisdiction in this matter.  These documents were reportedly not discovered until much of the case law surrounding the Enclave and Property Clause was created.  The defense fully intends to cite all contrary authority to the Court, but these

documents will inform the Court's analysis in light of the case law surrounding these constitutional provisions.

I HEREBY DECLARE THAT THE ABOVE STATEMENTS ARE TRUE TO THE BEST OF MYKNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND THEY ARE MADE FOR USE AS EVIDENCE IN COURT AND ARE SUBJECT TO PENALTY FOR PERJURY.

DATED this 22<u>nd</u> day of April, 2016.


By:    <u>/s/ Lissa Casey</u>
Lissa Casey OSB #086541
lissa@arnoldlawfirm.com