Lisa Hay
Federal Public Defender
Rich Federico
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon  97204
(503) 326-2123  Telephone
(503) 326-5524  Facsimile
Lisa_Hay@fd.org
Rich_Federico@fd.org
Attorneys for Defendant Ryan Payne

Lisa Hay
Federal Public Defender
Rich Federico
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon  97204
(503) 326-2123  Telephone
(503) 326-5524  Facsimile
Lisa_Hay@fd.org
Rich_Federico@fd.org
Attorneys for Defendant Ryan Payne

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AMMON BUNDY, JON RITZHEIMER, JOSEPH O'SHAUGHNESSY, RYAN PAYNE, RYAN BUNDY, BRIAN CAVALIER, SHAWNA COX, PETER SANTILLI, JASON PATRICK, DUANE LEO EHMER, DYLAN ANDERSON, SEAN ANDERSON, DAVID LEE FRY, JEFF WAYNE BANTA, SANDRA LYNN ANDERSON, KENNETH MEDENBACH, BLAINE COOPER, WESLEY KJAR, COREY LEQUIEU, NEIL WAMPLER, JASON CHARLES BLOMGREN, DARRYL WILLIAM THORN, GEOFFREY STANEK, TRAVIS COX, ERIC LEE FLORES, and JAKE RYAN,<br><br>Defendants. | Case No. 3:16-cr-00051-BR<br><br>JOINT STATUS REPORT |

PAGE 1.   JOINT STATUS REPORT

The defendants, through AFPD Rich Federico, and the government, through AUSA Ethan Knight, submit the following Joint Status Report, in accordance with the Court's Case Order March 9, 2016 (Docket No. 389).

**CERTIFICATION OF CONFERRAL**: Undersigned counsel certifies that Assistant United States Attorney Ethan Knight was provided a copy of, and consulted regarding the content of, this Joint Status Report. Both the government and the defense positions are set forth herein.

### PROPOSED AGENDA FOR STATUS CONFERENCE OF MAY 4, 2016

The parties propose the following agenda items be addressed at the status conference to be held on May 4, 2016:

1. Arraignment for Mr. O'Shaughnessy (Counsel – Ms. Baggio);

2. Mr. Flores Trial Dates Conflicts (Counsel – Mr. Warren) (Docs. 379, Order, 394);

3. Mr. Cox Trial Dates / Speedy Trial (Counsel – Mr. Hood) (Doc. 461);

4. Discovery Issues:

    a. Defendant David Fry's motion to compel production of law enforcement communications regarding invocation of 5th and 6th Amendment rights prior to interrogation (Counsel – Mr. Olson);

    b. F.R.E. 404(b) Issues (Counsel – Ms. Maxfield, *motion expected*);

    c. *Bruton* Statements (Counsel – Mr. Halley, *motion pending*);

    d. Motion For Preservation Order, Dispute #1 on Doc. 442 (Joint Status Report Regarding Discovery); Defense Motion filed 04/25/16 (Doc. 456); Motion to be argued at May status conference (Ms. Wood or Mr. Coan) (Order, Doc. 445) ;

    e.    Overall compliance with District of Oregon, Standing Order No. 2015-5, (including deadline for production of *Brady* materials and others delineated within the District of Oregon Standing Order 2015-5) (Mr. Kohlmetz);

    f.    Production of Transcripts of video recordings to be used as evidence, Dispute #2 on Doc. 442; Issue to be discussed at May status conference if transcripts have not been produced to defendants (Order, Doc. 445) (Mr. Coan);

5. Discussion re: notice of national security investigation methods pursuant to Fed. R. Crim. P. 16, 18 U.S.C. § 3504, and District Of Oregon, Standing Order 2015-5) (Ms. Baggio);

6. Discussion re: electronic surveillance information and protocol for "filter team" within the U.S. Attorney's Office (District Of Oregon, Standing Order 2015-5) (Ms. Baggio);

7. Discussion regarding Change of Venue Motion, Funding and Timing (Mr. Kohlmetz);

8. Timing of Round 2 Motions (Doc. 389; Court's email of 4/13/16; proposal set forth below) (Ms. Baggio);

9. Proposal and Plan for Jury Summons and Selection (Doc. 389; Court's email of 4/21/16; Joint Letter of 4/27/16) (Mr. Federico);

10. Effect of Pretrial Detention; issues set forth below (Mr. Arnold, Ms. Ludwig, and Mr. Federico)

    a.    Custodial status of defendants and the effect of transporting them between judicial districts

    b.    Monitoring of attorney-client phone calls in Nevada

      c. In-custody defendants' access to materials to assist in their defense

      d. Solitary confinement as an impediment to self-representation; and

11. *Ex Parte* Discussion between CJA Attorneys and the Court.

## CURRENT DEADLINES AND PROPOSED ROUND TWO MOTION SCHEDULE

In response to the Court's Order (Doc. 389 at 8), the parties have conferred regarding a proposal for the second round of pretrial motions (hereafter "Round Two").

**Defendants' Position:**

While agreeing to the schedule set forth below, certain defenders wish to make the record clear as to their difficulties in complying with the Court's condensed litigation schedule, including delays in funding requests to move forward with needed support services, as well as their obligations related to other cases and previously scheduled out-of-town dates. Defendants will make best efforts to comply with the proposed schedule set forth herein; however, they wish to make clear their reservation that intervening events may require extensions of the timelines set forth below.

In order to assist the Court and the parties in addressing the various deadlines, the parties thought it would be helpful to provide a list of the current deadlines as well as the proposed deadlines regarding Round Two Motion Litigation. The current dates and proposed dates (in red) are as follows:

| | |
|---|---|
| Apr. 28, 2016 | Joint Status Report, May Status Conference (Doc. 389) |
| May 4, 2016 | (1) May Status Conference, 9:30AM;<br>(2) Weekly Discovery Update |
| May 11, 2016 | (1) Government Responses to Defendants' Round One Motions;<br>(2) Weekly Discovery Update |
| May 23-25, 2016 | Oral Argument, Defendants' Round One Motions |

PAGE 4.   JOINT STATUS REPORT

| | |
|---|---|
| May 25, 2016 | Weekly Discovery Update |
| June 1, 2016 | Weekly Discovery Update (unless by now government has "certified substantial compliance with its discovery obligations" (Doc. 389 at 12)) |
| June 8, 2016 | Weekly Discovery Update (unless by now government has "certified substantial compliance with its discovery obligations" (Doc. 389 at 12)) |
| June 9, 2016 | (1) Joint Status Report In Advance Of June Status Conference, including update on trial preparations and feasibility of trial date (Doc. 389 at 3); (2) Waiver of Appearances for June Status Conference |
| June 15, 2016 | (1) PROPOSED Round Two Defendants' Motions Due (see chart below); (2) June Status Conference, 9:30AM (Doc. 284; Doc. 389 at 3), PROPOSED To Include Update Regarding Number of Dates Needed For Round Two Hearings (discussed below); (3) Single Joint Statement regarding (i) neutral statement of the case; (ii) proposed jury instructions as to the elements of all charged offenses; and (iii) proposed instructions regarding substantive defenses (Doc. 389 at 4); (4) Weekly Discovery Update (unless by now government has "certified substantial compliance with its discovery obligations" (Doc. 389 at 12)). |
| June 22, 2016 | Weekly Discovery Update (unless by now government has "certified substantial compliance with its discovery obligations" (Doc. 389 at 12)) |
| June 29, 2016 | (1) Weekly Discovery Update (unless by now government has "certified substantial compliance with its discovery obligations" (Doc. 389 at 12)); (2) PROPOSED Round Two Government Responses (see chart below). |
| June 30, 2016 | Joint Status Report In Advance Of July Status Conference |
| July 6, 2016 | July Status Conference, 9:30AM, including argument regarding jury instructions and neutral statement of the case (Doc. 389 at 4) |
| July 7, 2016 | First Date Motions To Continue Trial Based Upon Insufficient Time to Prepare Are Permitted |
| July 11-15, *and/or* July 18-22, 2016[1] | (1) PROPOSED Hearings On Round Two Motions (see chart below) (2) Trial Memoranda; Expert Disclosures; Government Witness and Exhibits Lists[2] |

---

[1] Defenders Harris and Ludwig are scheduled to be in a state court trial during this week of July.
[2] This date comes from the Court's email on 4/5/16 as a tentative date. It was not contained within the last Court Order (Doc. 389) regarding scheduling. If, the Court orders trial documents due on

PAGE 5.   JOINT STATUS REPORT

| July 28, 2016 | Joint Status Report In Advance Of August Status Conference |
| Aug. 3, 2016 | August Status Conference, 9:30AM |
| Aug. 24, 2016 | Pretrial Conference, 9:30AM |
| Sep. 7, 2016 | Jury selection begins (Doc. 389 at 2) |

ROUND 2 MOTIONS IDENTIFIED BY DEFENDANTS

The general list of motions the defendants have currently[3] identified as falling within Round 2, evidentiary hearing-type motions, are as follows:

| | |
|---|---|
| 2.A | Defendants' Motions Related To Disputed Discovery Issues |
| 2.B | Defendants' Motion To Dismiss For Destruction Of Evidence |
| 2.C | Defendant's Motions To Suppress Evidence Obtained In Violation Of The Fourth Amendment (Search & Seizure Motions) |
| 2.D | Defendant's Motions To Suppress Evidence Obtained In Violation Of The Fifth Amendment (*Miranda* Challenges) |
| 2.E | Defendant's Motions To Suppress Evidence Obtained In Violation Of The Sixth Amendment (Right To Counsel, Fair Trial Challenges) |

---

this date, the parties request leave to resubmit a plan for Round 2 motions, as the parties agree that they will need resolution of Round 2 motions prior to submitting trial documents.

[3] Because both review of discovery and discovery production are ongoing, this list offers defendants' current best estimate of the number and type of Round 2 motions; defendants respectfully request leave to revise this list, as necessary.

PAGE 6.   JOINT STATUS REPORT

| | |
|---|---|
| 2.F | Defendants' Motion(s) For Jury-Related Process Issues (Questionnaires, Etc.) |
| 2.G | Defendants' Motion(s) Related To Grand Jury Problem(s) |
| 2H | Defendants Rule 41 Motions For Return Of Property (minimum of one motion, perhaps others per discovery review) |

Regarding the length of time to argue each motion, defendants request that the Court postpone a discussion as to the needed time to for evidentiary hearings and argument until the June Status Conference (June 15, 2016), which is also the same date that the Defendants' Round Two Motions would be due under the proposed schedule. The parties would respectfully request at this time that the Court determine if possible to reserve the Court's calendar from July 11 until July 22. If, based on the number and type of motions ultimately filed on June 15 (or on whatever date ultimately ordered by the Court) fewer days for evidentiary hearing are necessary, the parties may report in terms of an update at the June 15, 2016, June Status Conference.

## CUSTODIAL CONDITIONS OF CO-DEFENDANTS AND TRANSFER BETWEEN JUDICIAL DISTRICTS

**Defendants' Position:**

The simultaneous prosecution of several co-defendants in this case is creating immense problems for counsel to provide effective assistance of counsel in Oregon. Meaningful participation in fair, credible, and diligent pre-trial litigation is all but impossible when the defendants are always over 1,000 miles away from one of their legal teams. This problem is exacerbated by the conditions of incarceration that the facilities are imposing on these men. Even

despite the helpfulness and professionalism of the Oregon AUSAs, these defendants will inevitably be placed in the untenable position of choosing between a speedy trial and a fair one, despite that choice being expressly prohibited by the Fifth and Sixth Amendments.

These men are being forced to formulate their legal defenses without even having access to a real pen, and are forced to painstakingly write, by hand, the documents to assist their attorneys in defending them against the full weight of the Government in two prosecutions already deemed complex by two courts. They are then, since being transferred, forced to choose between conferring with their counsel on recorded lines or not at all. These men want to be directly involved in the preparation of their defense, and they are being denied that opportunity. The incarceration conditions, the ping-pong transfer between judicial districts, and the lack of access to counsel are working a severe prejudice to these co-defendants and counsel respectfully requests that solutions to these problems be discussed with the Court and counsel at the next status conference.

**Government Position:**

It is the government's position that the Court should manage the transport of defendants consistent with its earlier Orders and in conjunction with the District of Nevada in a manner that best serves the interests of justice.

Respectfully submitted this 28th day of April, 2016.

_____
Rich Federico
Assistant Federal Public Defender
Attorney for Mr. Payne

PAGE 8.   JOINT STATUS REPORT