BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**ETHAN D. KNIGHT, OSB #992984**
**GEOFFREY A. BARROW**
**CRAIG J. GABRIEL, OSB #012571**
Assistant United States Attorneys
ethan.knight@usdoj.gov
geoffrey.barrow@usdoj.gov
craig.gabriel@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:16-CR-00051-BR |
| v. | |
| **AMMON BUNDY, et al.** | **GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION FOR PRESERVATION ORDER** |
| Defendants. | |

The United States of America, by Billy J. Williams, United States Attorney for the District of Oregon, and through Ethan D. Knight, Geoffrey A. Barrow, and Craig J. Gabriel, Assistant United States Attorneys, hereby responds to Defendants' Motion for Preservation Order (ECF No. 456), filed by defendant Ritzheimer on behalf of all defendants.

## I.  INTRODUCTION

Defendants in this case are charged with offenses related to the armed occupation of the Malheur National Wildlife Refuge.  The six-count Superseding Indictment charges Conspiracy

to Impede Officers of the United States in violation of 18 U.S.C. § 372, Possession of Firearms and Dangerous Weapons in Federal Facilities in violation of 18 U.S.C. §§ 930(b) and 2, Use and Carry of a Firearm in Relation to a Crime of Violence in violation of 18 U.S.C. §§ 924(c)(1)(A) and (2), Theft of Government Property in violation of 18 U.S.C. § 641, and Depredation of Government Property in violation of 18 U.S.C. §§ 1361 and 2.

The government is actively producing discovery in this matter. To date, the government has produced eleven volumes of discovery that comprise approximately 25,000 Bates pages, 58,570 files, and over 360 gigabytes of data. On May 2, 2016, the government will be producing an additional 700 gigabytes of data.

Defendant Ritzheimer, joined by his co-defendants, has filed a Motion requesting an order regarding the preservation of evidence. (ECF No. 456). Defendants request the Court "to order preservation of all recorded information possessed by any governmental agent or agency that relates to the investigation or prosecution of this case or to any individual defendant." (Defs.' Mot. 1). Defendants' Proposed Order requires the government to preserve "all recorded information, regardless of format, possessed by all local, state or federal law enforcement agents or agencies, and executive branch agents or agencies, that relates to the investigation or prosecution of this case, or the investigation of any individual Defendant related to this case . . . for the pendency of this action." (Defs.' Proposed Order 1, ECF No. 456-1).

Defendants' Motion is unprecedented, overbroad, goes well beyond the rules of criminal discovery, and would impose an enormous and unwarranted burden on federal, state, and local agencies. The Motion should be denied.

/ / /

**Government's Response to Defendants' Motion for Preservation Order        Page 2**

## II. APPLICABLE DISCOVERY AND EVIDENTIARY STANDARDS

Discovery in criminal cases is governed by the Federal Rules of Criminal Procedure, the *Jencks Act* (18 U.S.C. § 3500), *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and cases decided thereunder. The government fully understands its discovery obligations. Discovery issues are frequently litigated in federal court and the resulting case law provides clear guidance for prosecutors, law enforcement officials, defense attorneys, and judges. The government has provided, and will continue to provide, pretrial discovery to the defendants in accordance with those discovery standards. Indeed, much of the material provided to date goes well beyond what is called for by these rules.

### A. The Government Has a Duty to Search for Discoverable Materials

The government is required to search for information that is discoverable under Rule 16, Rule 26.2, and the *Jencks Act*, as well as exculpatory and impeachment information under *Brady* and *Giglio* that is within the possession of federal, state, and local law enforcement entities participating in the investigation and prosecution of the case. For more than two months, the government has been searching for, identifying, and producing these materials

### B. The Government Has a Duty to Produce Discoverable Materials

Rule 16 provides for disclosure of several classes of information. The government presumes that defendants' Motion is focused on materials that would be potentially discoverable as (1) a defendant's own recorded statements and (2) certain documents and data which are within the government's possession, custody, or control. Rule 16 applies only to statements, documents, and materials to which federal prosecutors have knowledge and access, that is, generally the files of the Department of Justice and of the investigative agency (and any other

**Government's Response to Defendants' Motion for Preservation Order**          **Page 3**

law enforcement agencies closely connected to the investigation). Here, the FBI was the lead investigatory agency and several federal, state, and local law enforcement entities assisted in the investigation. *See United States v. Santiago*, 46 F.3d 885, 893-94 (9th Cir. 1995); *United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989).

### 1. Recorded Statements of the Defendant

Rule 16(a)(1)(B) requires the government to

> disclose to the defendant, and make available for inspection, copying, or photographing, all of the following:
>
> (i) any *relevant written or recorded statement* by the defendant if:
>
> • the statement is within the government's possession, custody, or control; and
>
> • the attorney for the government knows—or through due diligence could know—that the statement exists . . . .

(Emphasis added). Thus, any recorded or written statements of a defendant are discoverable only if they are both relevant and in the government's possession. The government has provided, and will continue to provide, all relevant recorded or written statements of the defendants in the possession of the prosecution team.

### 2. Tangible Items and Data

Rule 16(a)(1)(E) provides as follows:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control, and:
> (i)   the item is material to preparing the defense;

**Government's Response to Defendants' Motion for Preservation Order**          **Page 4**

    (ii) the government intends to use the item in its case-in-chief at trial; or

    (iii) the item was obtained from or belongs to the defendant.

Thus, a request for a category of information described as anything "possessed by all local, state or federal law enforcement agents or agencies, and executive branch agents or agencies, that relates to the investigation or prosecution of this case, or the investigation of any individual Defendant related to this case" goes substantially beyond those items described in Rule 16(a)(1)(E).

Furthermore, "[t]o obtain discovery under Rule [16(a)(1)(E)],[1] a defendant must make a prima facie showing of materiality." *United States v. Cadet*, 727 F.2d 1453, 1468 (9th Cir. 1984). A "general description of the materials sought or a conclusory argument as to their materiality is insufficient to satisfy the requirements of Rule 16(a)(1)(C)." *Cadet*, 727 F.2d at 1468. Similarly, a request for "all 'relevant' evidence" will be "inadequate to meet the requirements" of the rule. *Id.* Nor can a request for "all of the files" of the investigative agency be granted absent a showing of materiality. *United States v. Gordon*, 974 F.2d 1110, 1116-17 (9th Cir. 1992).

  **C.** **Government Has a Limited Duty to Preserve**

Well-settled precedent also provides guidance to deal with situations where the government fails to preserve evidence that the defense later seeks. In *California v. Trombetta*, 467 U.S. 479, 489 (1984), the Court held that the Constitution requires the government to preserve evidence "that might be expected to play a significant role in the suspect's defense."

---

[1] Then-Rule 16(a)(1)(C).

Such evidence must: (1) "possess an exculpatory value that was apparent before the evidence was destroyed"; and (2) "be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means."  *Id.* at 489; *see Cooper v. Calderon*, 255 F.3d 1104, 1113 (9th Cir. 2001) (government's duty to preserve evidence only applies to "material evidence, i.e., evidence whose exculpatory value [is] apparent . . . and that is of such nature that the defendant cannot obtain comparable evidence").  In *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988), the Court held that "[u]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially usefully evidence does not constitute a denial of due process of law."  *See also Illinois v. Fisher*, 5450 U.S. 544 (2004) (due process violation occurs if material exculpatory evidence is destroyed, but not if only potentially exculpatory evidence is destroyed unless there is bad faith).

There is no requirement that the government preserve all materials that relate to an investigation or prosecution.  In *Youngblood*, the Court expressly noted "our unwillingness to read the 'fundamental fairness' requirement of the Due Process Clause . . . as imposing on the police an undifferentiated and absolute duty to retain and to preserve all material that might be of conceivable evidentiary significance in a particular prosecution."  488 U.S. at 58.

### III.  ARGUMENT

Defendants' requested preservation order seeks materials that are far beyond the existing rules of discovery.  Defendants seek an order requiring retention of a broadly described and ambiguous category of "recorded information" possessed by any "state or federal law enforcement agents or agencies, and executive branch agents or agencies, that relates to the investigation or prosecution of this case, or the investigation of any individual Defendant related

**Government's Response to Defendants' Motion for Preservation Order**        **Page 6**

to this case." Defendants' Motion imposes no limits on the scope of the information, but references "emails, text messages and social media postings" as examples of information that must be preserved. (Defs.' Mot. 3).

Defendants claim that the requested preservation order is necessary due to the parties' "inability to determine what may be discoverable" and to preserve defendants' ability to obtain "evidence outside the scope of the Government's discovery obligations." (Defs.' Mot. 2). Contrary to defendants' claim, counsel for the government is well aware of both the government's discovery obligations in this case and its duty to preserve evidence. The government is actively working to identify and produce all material that may be discoverable in this case. The government has committed to substantial compliance with its discovery obligations by May 15, 2016. Defendants have proffered no basis to support the assertion that they will be unable to assert legitimate discovery requests at that time. Similarly, defendants have proffered no basis to support the claim that they are unable to identify and obtain relevant materials that are beyond the government's discovery obligations. The government presumes that the defense has hired investigators to identify such information. The government has focused on identifying and producing evidence that is "deemed important to the prosecution" because complying with its discovery obligations is of paramount importance to the prosecution.

The existing rules of discovery are more than adequate to safeguard the defendants' discovery rights. Defendants have not identified anything in this case that distinguishes it from other complex cases. While the discovery is voluminous, the investigation relied on traditional law enforcement techniques. The discovery is voluminous in large part because the government has taken a broad view of its discovery obligations and has already produced

**Government's Response to Defendants' Motion for Preservation Order          Page 7**

materials that are well beyond that required by the rules. The scope of the discovery in this case should make it easier, not harder for defendants to conduct their investigation.

Defendants have not made any showing that the government has destroyed any discoverable information. Defendants' Motion claims that policy allows individual agents to determine what records must be preserved. That is of course true for every prosecution in the country and does not justify the unprecedented order defendants seek. Defendants have not cited any example of records that the government is required to produce in this case that have been withheld or destroyed. Instead, defendants cite a report produced in discovery in which Harney County Sheriff Dave Ward told an FBI agent that after he made it clear that he would uphold the law, supporters of Ammon Bundy and the militia targeted Ward's Facebook account for verbal attacks. Sheriff Ward reported that he "deleted everything from his Facebook account." Defendants have made no effort to explain why these verbal attacks or Sheriff Ward's Facebook postings would be subject to production under Rule 16(a)(1)(E) or any other rule. Defendants' reliance on an unpublished case from the Southern District of New York that addresses civil discovery is misplaced.[2]

To repeat, the government has endeavored and will continue to endeavor to provide that evidence within the possession of the prosecution and investigative team which is actually discoverable under Rule 16 or *Brady v. Maryland*. Where there is a good faith reason to believe that any other federal, state, or local government agency could have potentially discoverable or

---

[2] Defendants have drawn a parallel between their requested order and the civil rules of discovery. (Defs.' Mot. 7). As this Court knows, imposing civil discovery procedures in a criminal case would be completely incompatible with defendants' request for a speedy trial and the existing trial schedule.

**Government's Response to Defendants' Motion for Preservation Order****Page 8**

exculpatory information relevant to this case we have made appropriate inquiries and have produced or will produce any discoverable information received.    But no prosecution, including this one, requires that a defendant be allowed access to all government files, or that federal, state, and local agencies should be ordered to retain unspecified information not demonstrably material to the defense.

The defendants' demand for the preservation of "all recorded information . . . possessed by all local, state or federal law enforcement agents or agencies, and executive branch agents or agencies, that relates to the investigation or prosecution of this case, or the investigation of any individual Defendant related to this case" is overbroad.    On its face, it would apply to personal e-mails, texts, and Facebook posts of local, state, and federal employees commenting on the occupation based on what they have heard in the news or on social media without regard to whether they or the agency they work for played any role in the prosecution or investigation. This request far surpasses the scope of information to which any defendant is entitled. Defendants have cited no precedent to suggest that this Court has the authority to order state or local entities that are not part of the prosecution or investigation team (or their employees) to preserve evidence.

Finally, defendants' proposed order would be enormously burdensome.    It would require the government to reach well beyond the members of the prosecution and investigation team to federal, state, and local entities who had little or no involvement with this case.    In turn, those entities would be required to expend significant time and resources to identify and preserve data that is well beyond the scope of discoverable materials and, in many cases, the materials, such as personal text messages and social media posts, would not be within the agencies'

**Government's Response to Defendants' Motion for Preservation Order**     **Page 9**

possession. In *United States v. Spencer*, 618 F.2d 605, 607 (9th Cir. 1980), the court considered a prophylactic rule that would require law enforcement officers to retain all the rough notes made in the course of their criminal investigations. The court rejected the proposed rule because it was not required by the *Jencks Act* and it would be unduly burdensome:

> The retention requirements implicit in Spencer's proposed reading of the Jencks Act are potentially staggering. Besides retaining every scrap of paper that could be required, the same logic would dictate that all original tapes of conversations would also have to be maintained. The result from a policy standpoint would be the creation of an unwieldy national attic of scrap paper and magnetic tape which would not advance the cause of justice.

*Spencer*, 618 F.2d at 607. The problems inherent in preserving magnetic tape and scrap paper pale in comparison to the complications of preserving the massive volume of data contemplated by defendants' proposed order.

### IV. CONCLUSION

For the reasons set forth above, the government respectfully recommends that Defendants' Motion for Preservation Order be denied.

Dated this 29th day of April 2016.

        Respectfully submitted,

        BILLY J. WILLIAMS
        United States Attorney


        *s/ Geoffrey A. Barrow*
        ETHAN D. KNIGHT, OSB #992984
        GEOFFREY A. BARROW
        CRAIG J. GABRIEL, OSB #012571
        Assistant United States Attorneys