KENNETH MEDENBACH SWIS#794840
MCDC
11540 NE Inverness Drive
Portland, OR 97220
Phone: (503) 699-7333
FAX: (503) 345-9372
e-mail: mattschindler@comcast.net

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff, | Case No. 3:16-CR-00051-16-BR<br><br>**MOTION TO DISMISS** |
| vs. | |
| **KENNETH MEDENBACH,**<br>Defendant(s). | |

Pro se defendant, Kenneth Medenbach, moves the Court to dismiss the Indictment now pending against him. The defendant requests oral argument.

1. **The scope of "other property" as that term is used in Article IV, Section 3 has been consistently misinterpreted by the federal courts to include public lands.**

    In Article IV, Section 3, Clause 2 of the United States Constitution it states:

    "The Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or **other property** belonging to the United States;…"

    The "needful rules and regulations respecting the Territory or **other property**" as it relates to Oregon and for the purposes of Article 4 Section 3

Page 1 –MOTION TO DISMISS (ORAL ARGUMENT REQUESTED)

Clause 2, were established by Congress through the Oregon Territorial Act of 1848:

> "AN ACT, To Establish The Territorial Government Of Oregon, . . . Section 6. And be it further enacted, that the legislative power of the territory, shall extend to all rightful subjects of legislation not inconsistent with the Constitution and laws of the United States; but no law shall be passed interfering with the primary disposal of the soil; no tax shall be imposed upon the property of the United States; nor shall the lands or **other property** of nonresidents, be taxed higher than the lands or **other property** of residents. All the laws passed by the legislative assembly, shall be submitted to the Congress of the United States, and if disapproved shall be null and of no effect…
>
> And all such laws, or any law or laws, inconsistent with the provisions of this act, shall be utterly null and void; and all taxes shall be equal and uniform, and no distinction shall be made in the assessments between different kinds of property, but the assessments shall be according to the value thereof. To avoid improper influences, which may result from intermixing in one and the same act such things have **no proper relation** to each other, "every law shall embrace but one object, and that shall be expressed in the title."

For the purposes of the Oregon Territory Act and Article IV, Section 3, Clause 2 of the United States Constitution "**other property**" means houses, barns, fences and other similar structures. In the American West, 57% of the homesteaders made good on their claims allowing them to retain possession of their homestead. Nevertheless a large proportion of homesteaders, 43%, had their lands or other property revest or revert back to the United States under the Donation Land Claim Act of 1850. It is only these lands or "**other property**" that became "Territory" or "**other property**" belonging to the United States.

In the Constitution the only place the phrase "**other property**" appears is in Article 4, Section 3, Clause 2: lands which used to be territory, until homesteaded

became lands in relation to **other property** for taxation purposes. The only thing lands could have been a relation to, involving taxes, would be houses, barns, fences and other like structures. **Other property** in Article 4 Section 3 Clause 2, can only be houses, barns, fences and other like structures.

The present state of the law is that the Supreme Court decided in 1840 that the phrase "**other property**" is public lands. *United States v. Gratiot,* 39 US 526, 537 (1840):

> "The term territory as here used is merely descriptive of one kind of property: and is equivalent to the word lands. And Congress has the same power over it as over any **other property** belonging to the United States; and this power is vested in Congress without limitation;"

The Supreme Court is wrong. Public lands are not a proper relation to lands or territory. The Constitution does not expressly define the phrase "**other property**." We must go to the Oregon Territorial Act of 1848 to understand the limitations on what "**other property** is." We know at the time of the ratification of the Constitution there were no public lands in the States. The only land controlled by the federal government was "Territory" at the time the Constitution was ratified. Houses, barns, fences and other like structures that revested in or reverted to the federal government under the Donation Land Claim Act of 1850 are the only "**other property**" that is in "proper relation" to lands or Territory as understood in the Oregon Territorial Act of 1848.

2. **This definition of "other property" is inconsistent with intent of the framers to preserve the sovereignty of the States.**

"FREE AND INDEPENDENT STATES" were paramount to the founding of our Nation according to the Declaration of Independence. Similarly, the Articles of the Confederation states: "Each said State retains its sovereignty, freedom, and

independence." The United States Constitution supports the same ideals in establishing a federal government of limited and enumerated powers. If the Constitution does not delegate that power, the federal government does not have that power.

Our founding fathers would never have imagined that legislation inconsistent to the Constitution over taxing lands and or "**other property**" would morph into the federal government owning public lands in the states.

Nothing in the Constitution delegates to the federal government the power to own lands in the States, nor is the power to own lands in the States prohibited by the Constitution to the States, thus the power to own lands in the States is reserved to the States, pursuant to the 10th Amendment. "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the People."

3. **Conclusion**:

Since this land did not belong to federal government and in fact belonged to the People of the State of Oregon, this Court may not exercise jurisdiction over any of these defendants and the case should be dismissed.

Respectfully submitted on May 3, 2016



Kenneth Medenbach
Pro Se Defendant.