IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                    3:16-cr-00051-BR

      Plaintiff,                              ORDER

v.

AMMON BUNDY, JON RITZHEIMER,
JOSEPH O'SHAUGHNESSY, RYAN
PAYNE, RYAN BUNDY, BRIAN
CAVALIER, SHAWNA COX, PETER
SANTILLI, JASON PATRICK,
DUANE LEO EHMER, DYLAN
ANDERSON, SEAN ANDERSON,
DAVID LEE FRY, JEFF WAYNE
BANTA, SANDRA LYNN ANDERSON,
KENNETH MEDENBACH, BLAINE
COOPER, WESLEY KJAR, COREY
LEQUIEU, NEIL WAMPLER, JASON
CHARLES BLOMGREN, DARRYL
WILLIAM THORN, GEOFFREY
STANEK, TRAVIS COX, ERIC LEE
FLORES, and JAKE RYAN,

      Defendants.


BROWN, Judge.

    The Court conducted the regular monthly Status Hearing on

May 4, 2016, to address issues the parties raised in their

1 - ORDER

Joint Status Report (#488) filed April 28, 2016, and to address case-management issues in general.

### <u>DEADLINES SET</u>

On the record before the Court and in light of the parties' representations and arguments at the May 4, 2016, hearing, the Court makes the following Orders:

1.   The Court directs Defendants (through appropriate representatives) to confer with the Multnomah County Sheriff's Office regarding defense counsel's access to Defendants in custody at the Multnomah County Detention Center and other Multnomah County jail facilities as well as the access of those Defendants to the materials necessary for them to prepare and/or to assist in their defense.  To the extent that Defendants' issues are not resolved and require court intervention, the Court directs Defendants to confer with the government and to file **no later than May 18, 2016**, a single, joint statement concisely outlining each issue and the parties' positions and reasons in opposition.

2.   The Court directs the government to respond to the Motion (#493) to Compel Discovery filed by Defendant David Lee Fry **no later than May 16, 2016.**  The Court will address Defendant Fry's Motion during argument on the Round One

2 - ORDER

motions to be held beginning May 23, 2016.

3.    The Court directs the government to file a response to Defendant Kenneth Medenbach's Motion (#505) to Dismiss **no later than May 16, 2016.**  If the Court determines oral argument would be helpful, the Court will conduct oral argument on Defendant Medenbach's Motion at the hearing set to begin May 23, 2016.

4.    To assist the parties with their arguments regarding Defendant Ryan Bundy's Motion (#481) to Inspect Grand Jury Records, the Court will obtain and file in the record a Declaration from the Jury Administrator that sets out the basic facts regarding the Divisions of this District from which grand jurors are selected generally and the geographic composition of the grand juries relevant to this case.  The Court directs the government to file a response to Ryan Bundy's Motion **no later than May 16, 2016.**  If issues remain as to this Motion as of  May 23, 2016, the Court will conduct oral argument on Defendant Ryan Bundy's Motion at the hearing set to begin May 23, 2016.

5.    The Court directs Amy Baggio, counsel for Defendant Joseph O'Shaughnessy, to file a status report regarding the timing of Defendants' potential motion regarding national-security methods of investigation **no later than May 9, 2016.**

3 - ORDER

6.    The Court directs Richard Federico, counsel for Defendant Ryan Payne, and Assistant United States Attorney Geoffrey Barrow as representatives of the parties to file **no later than May 11, 2016,** a jointly proposed agenda (with proposed allotments of time) for oral arguments on the Round One Motions that will begin on May 23, 2016.

7.    With respect to oral argument on the anticipated Round Two Motions as to the issues common to multiple Defendants, the Court directs the parties to propose jointly **no later than    May 11, 2016,** possible dates for oral argument and any necessary evidentiary hearings.  The Court also directs Defendants to file all Round Two Motions **no later than June 15, 2016.**  The government's responses to those Motions are due **no later than June 29, 2016.**

8.    The Court will conduct the next regular Status Hearing on **June 15, 2016, at 9:30 a.m.**  Signed waivers of appearance are due **no later than June 1, 2016.**  The parties' joint status report is due **no later than June 8, 2016.**

## MOTIONS TO CONTINUE AND WAIVERS OF SPEEDY-TRIAL RIGHTS

At the status hearing the Court discussed motions to continue the trial date, motions to sever, and/or waivers of speedy trial rights that any Defendant may wish to file,

4 - ORDER

including the First Motion (#379) to Continue filed by
Defendant Eric Lee Flores and the Waiver (#458) of Speedy
Trial filed by Defendant Sandra Lynn Anderson.  The Court will
now consider appropriate motions by out-of-custody Defendants
who wish to go to trial after the current September 7, 2016,
trial setting to the extent that those motions are predicated
on the Defendant's waiver of speedy-trial rights and/or an
irreconcilable scheduling conflict of counsel.[1]  The Court
notes, however, that any Defendant for whom the September 7,
2016, trial date is continued will still be required to
participate in the Round One and Round Two Motions and will be
bound by the resolutions of those Motions to the extent they
are applicable to such Defendant(s).  The Court directs the
parties to include in their next Joint Status Report due June
8, 2016, a joint proposal as to (1) a reasonable date by which
any motions to sever from the September 7, 2016, trial must be
filed and (2) a new trial date for those Defendants who will
not go to trial in September.

## PRELIMINARY JURY INSTRUCTIONS

The Court reminds the parties that their first draft of

---

[1] The Court notes since the May 4, 2016, Status Hearing,
Defendant Flores has filed an Amended Motion (#519) for
Continuance of Trial Date.

5 - ORDER

jointly proposed jury instructions as to the elements of the charged offenses and any substantive defenses are due **no later than June 15, 2016.**  These proposed jury instructions must be filed in a single, joint filing and include (1) a neutral statement of the case proposed by the parties for the Court's use during jury selection and in other instructions to the jury;  (2) proposed instructions as to the elements of all charged offenses for all Defendants who will go to trial on September 7, 2016; and (3) elemental instructions for any substantive defense matters.

To the extent that the parties' proposals differ with respect to any instruction, the parties must set out separately within the single, joint filing the parties' respective proposals and include a footnote or other clearly marked section containing a concise statement of the authority supporting each party's position.

## ADDITIONAL MATTERS DISCUSSED

At the Status Hearing the Court reviewed with the parties the possibility of re-arranging Courtroom 13A as currently configured to accommodate this multi-defendant jury trial beginning on September 7, 2016.  The Court noted the possibility of providing the parties additional space and

6 - ORDER

counsel tables by removing the gallery and designating a
separate courtroom where the public (including media) could
observe the proceedings by video.  Counsel for Ammon Bundy
stated an objection to any arrangement that would not permit
in-person observation of the trial by the public.  The Court
directs the parties to confer as to this issue and to include
in their Joint Status Report due June 8, 2016, a concise
statement of their positions on this proposal together with a
concise summary of the authority that supports any opposition.

The Court also discussed with the parties various
proposals regarding the process to be followed in issuing jury
summonses.  In particular, the Court heard the parties'
recommendations regarding a potential expansion of the
ordinary *petit jury* pool in the Portland Division to include
the entire District of Oregon for this case or even to limit
the pool of jurors only to the Pendleton Division.  The Court
has taken the parties' proposals under advisement and will
issue a jury plan that will set out the procedure to be used
for summonsing potential jurors in the near future so that
jury summonses may issue in sufficient time for in-court jury
selection to being on September 7, 2016.

The Court also took under advisement the Motions (#456
and #476) for Preservation Order and will issue an order in

7 - ORDER

due course without further argument.

Finally, the Court discussed with the parties the Motion (#472) for Discovery regarding the production of co-defendant statements pursuant to *Bruton v. United States*, 391 U.S. 123 (1968).  The Court notes it cannot efficiently resolve this Motion until the anticipated Federal Rule of Evidence 404(b) motion has been filed and there is a clearer picture of which Defendants will be going to trial on September 7, 2016. Accordingly, the Court tabled this Motion for further discussion at the Status Hearing on June 15, 2016.  To facilitate that discussion, the Court directs the parties to include in their next Joint Status Report due June 8, 2016, an updated report as to when the parties and the Court can address the merits of this issue.

IT IS SO ORDERED.

DATED this 6th day of May, 2016.


    s/ Anna J. Brown
ANNA J. BROWN
United States District Judge