**LISSA CASEY**, OSB #086541
**MICHAEL ARNOLD**, OSB #011873
lissa@arnoldlawfirm.com
mike@arnoldlawfirm.com
Arnold Law
401 East 10th Ave. Suite 400
Eugene, OR 97401
Ph: 541-338-9111
Attorneys for Ammon Bundy

### UNITED STATES DISTRICT COURT
### DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>vs.<br><br>AMMON BUNDY *et al*,<br><br>        Defendants. | Case No.: 3:16-CR-00051<br><br>**DEFENDANT AMMON BUNDY'S MOTION TO FILE AN OVERLENGTH BRIEF**<br><br>Oral Argument Requested<br><br>Judge: Hon. Anna J. Brown |

**Certificate of Conferral:** On May 9, 2016, Lissa Casey conferred, in real time, with Geoffrey Barrow per the Court's Order. He opposes the memorandum of law in support of the Motion to Dismiss being more than 15 pages.

COMES NOW Defendant Ammon Bundy and files this Motion to File an Overlength Brief because good cause exists to do so. Good cause exists because this is a complicated legal issue, as set forth in Exhibit 1 and the exhibits to the previously filed motion. Not allowing for the material in this motion to provide context to the Court, and then only providing an oral argument on the issue will not even scratch the surface for the analysis the Court needs to make on this issue that is hotly debated in academic, legal, and political circles throughout the West.

Mr. Bundy has a Due Process right to make his record and intends to do so. Due Process of law includes a "right to be heard in one's defense." *Boddie v. Connecticut*, 401 U.S. 371, 377-

78 (1971), citing *Hovey v. Elliott*, 167 U.S. 409, 416 (1897). Due process "require[s] that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Broddie,* 401 U.S. at 377-78, citing *Mullane v. Central Hanover Bank & Trust Co.* 339 U.S. 306, 313 (1950). Giving Mr. Bundy a chance to make his record is not simply procedural- it is fundamental and his Constitutional right, which this Court must provide him. *Grannis v. Ordean,* 234 U.S. 385, 394 (1914) ("The fundamental requisite of due process of law is the opportunity to be heard.); *Goldberg v. Kelly*, 397 U.S. 254, 268-69 (1970) ("The opportunity to be heard must be tailored to the capacities and circumstances of those who are to be heard."). What is appropriate in these circumstances is to let Mr. Bundy make his record in 33 pages, as previously filed, so that the Court can make an informed analysis and ultimately a fair decision on this matter of critical importance to this case.

## Procedural History

The Court has been apprised of the significance of these issues from the beginning of the case. On May 9, 2016, prior to the Court's noon deadline for filing Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Defendant filed his motion and supporting memorandum. As the Court noted in its order, the filing was 33 pages. The first 17 pages were the formal "motion" and the last 16 pages were the entirety of Defendant's formal "memorandum." The filing also included voluminous exhibits.

On April 11, 2016, the Court ordered that all Defendants were required to "file the remaining motions" in the previously designated first round of filings, "no later than April 27, 2016." Dkt. No. 389 at p.5. The Court also set a general 10-page limitation on the length of supporting memoranda. Dkt. No. 389 at 5-6. Defendant moved the Court to allow to file a Memorandum of Law that is more than 10 pages. The Court granted overlength to 15 pages.

However, the Court then denied an extension, stating…"the Court notes it appears Ammon Bundy's anticipated motion relies on the type of historical and legal facts that do not ordinarily necessitate an evidentiary hearing or the examination of live witnesses.  Accordingly, the Court directs Ammon Bundy to file any necessary supporting material in the form of declaration(s) together with his anticipated motion.  After reviewing Ammon Bundy's submissions, the Court will determine whether an evidentiary hearing is necessary."  Ammon Bundy submitted a motion with memorandum of law to assist the Court in that determination.   Now the Court has stricken that motion.

The attached exhibit is literally everything in the previously-filed motion and memorandum of law, word for word, with no additions, and it is a total page count of 36 pages and a total word count of 13,328 words, not including the exhibits that were previously filed.  It has been incorporated into a memorandum of law as ordered by the Court.  Mr. Bundy needs factual context and the arguments related to land use in the West because the legal question in this motion is context-dependent.  The provided context helps distinguish the question at hand in this case.  The legal question in this case also has serious political overtones.  When Mr. Bundy is an imprisoned poltical protester, Due Process affords him the chance to state his particular case—one that is unique and worthy of distinction from other cases.  This is the only instance of individual citizens raising the challenge to jurisdiction in this context.  Therefore, context matters.

Mr. Bundy needs the information contained therein to make his record for appeal the use of discretion by this Court to deny Mr. Bundy's Due Process rights.

DATED:  May 9, 2016

ARNOLD LAW

*/s/ Lissa Casey*         */s/ Michael Arnold*
Lissa Casey         Michael Arnold
*Attorneys for Defendant Ammon Bundy*