SAMUEL C. KAUFFMAN, OSB #943527 KAUFFMAN KILBERG LLC
Suite 1414
1001 SW Fifth Avenue Portland, OR 97204
Telephone: (503) 224-2595
Fax: (503) 224-3203
E-Mail: sam@kauffmankilberg.com

Attorneys for Defendant Dylan Anderson

UNITED STATES DISTRICT COURT DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>           Plaintiff,<br><br>      v.<br><br>**DYLAN ANDERSON,**<br><br>           Defendant. | **Case No. 3:16-cr-00051-BR-11**<br><br>**DECLARATION OF SAMUEL C. KAUFFMAN (Re: Defendant Dylan Anderson's Motion to Continue Trial)** |

I, Samuel C. Kauffman, hereby depose and say as follows to the best of my knowledge and belief:

1. I am counsel for Dylan Anderson. I make this Declaration in support of Mr. Anderson's Motion to Continue the Trial, currently scheduled to begin on September 7, 2016, to March 1, 2017 or a date thereafter convenient to the Court.

2. The Court scheduled the current trial date after some of the defendants asserted their right to speedy trial, but after the Court declared the case to be "complex" for purposes of the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*. As the Court indicated in a recent Minute Order, the "compressed timeline" in this case was "in large part at Ammon Bundy's insistence." Dkt. No. 455.

3. Although the Court had previously held that no motion to continue from any defendant would be considered prior to July 7, 2016, the Court recently indicated that it would consider such motions filed by out-of-custody defendants and suggested that the Court would also consider scheduling a second trial for such defendants at a later date.

4. Mr. Anderson is out of custody and living in Provo, Utah with his wife. He told me, in essence that despite any prior assertion of his speedy trial rights, he understands the need for adequate preparation and that he therefore consents to the continuance of his trial requested herein.

5. On behalf of Mr. Anderson, I request a continuance or severance of the "compressed timeframe" trial on the ground that given the incredible complexity of this case, including the number of defendants, the volume and types of discovery, and the extensive investigation required, among other things, I do not believe that we can be adequately prepared for trial by September 7, 2016.

6. Discovery: I understand that the government produced discovery

volumes 16-23 to the CJA Panel Office on May 10, 2016. To date, the Panel Office has made available to all counsel volumes 1 to 3 and portions of volumes 5 and 11, which include nearly 25,000 pages of law enforcement reports and some video and audio files. To date, we have been unable to meaningfully access significant portions of the discovery—including volumes 4, 6-10, 12-23, and the remainder of volumes 5 and 11, all of which I understand encompass many Gigabytes of data—but I understand that we should be able to access it this week. Given the complexity and volume of the discovery, our organization, review and analysis would take an extensive amount of time under the best of circumstances. The circumstances of this case have created significant delay in the discovery phase of this case and have complicated our review of the discovery considerably.

7. In addition, in my experience, cases with substantial discovery like this case typically give rise to a number of discovery disputes and the litigation attendant to such disputes. Discovery disputes arise, however, only after the government has completed its initial production and defense counsel has had a chance to review and process the discovery. Given the discovery production and processing delays, and that as of May 10, the government is still producing new discovery in multiple volumes, the compressed timeframe of this case will push any such litigation very close to the trial date or may even require that they be resolved during trial. Accordingly, adequate preparation for trial will be

impossible.

8. Investigation: Much of our investigation stems from our review and analysis of the discovery, including the witnesses referenced by the government and location and interviewing of witnesses who are contrary to those referenced by the government. In addition, the indictment charges a conspiracy that allegedly began November 5, 2015, and continued through February 12, 2016. Given the nature of the allegations, information regarding Mr. Anderson's whereabouts and conduct during that entire three-month period will be relevant at trial. Accordingly, the investigation for this case has been and will be extensive and complex. It will be extremely difficult if not impossible to adequately investigate this case given the Court's compressed timeframe.

9. Finally, the Court has currently scheduled a mass trial of all 26 defendants at the same time. In terms of its sheer size and scope, such a spectacle would be unprecedented as far as I can determine. Compressed timeframe notwithstanding, given the number of defendants that the Court plans to try at one time, there is a substantial risk that such a trial will deprive Mr. Anderson and similarly situated defendants of a fair trial, at which they have a right to individualized consideration by the jury. I will detail and analyze all of the risks inherent in such a trial, should the Court prefer or require a separate motion to sever the trials, but suffice it say, many if not all of those risks would at least be

mitigated by the scheduling of second trial in the Spring of 2017 or thereafter.

10. For all the foregoing reasons, we respectfully request that the Court continue the trial date for Mr. Anderson to March 1, 2017 or a date thereafter convenient to the Court.

11. Assistant United States Attorney Geoffrey Barrow told me that he takes no position on our motion to continue at this time.

DATED this 11th day of May 2016.

KAUFFMAN KILBERG LLC

By */s/ Samuel C. Kauffman*
Samuel C. Kauffman, OSB #943527
Telephone: (503) 224-2595
Fax: (503) 224-3203
E-Mail: sam@kauffmankilberg.com
Attorneys for Dylan Anderson

**DECLARATION OF SAMUEL C. KAUFFMAN (Re: Defendant Dylan Anderson's Motion to Continue Trial)**
Page 5 of 5