BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**ETHAN D. KNIGHT, OSB #992984**
**GEOFFREY A. BARROW**
**CRAIG J. GABRIEL, OSB #012571**
Assistant United States Attorneys
ethan.knight@usdoj.gov
geoffrey.barrow@usdoj.gov
craig.gabriel@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:16-CR-00051-BR |
| v. | **GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS** |
| **AMMON BUNDY, et al.,** | **COUNT 3 OF THE SUPERSEDING INDICTMENT (#465)** |
| **Defendants.** | |

The United States of America, by Billy J. Williams, United States Attorney for the District of Oregon, and through Ethan D. Knight, Geoffrey A. Barrow, and Craig J. Gabriel, Assistant United States Attorneys, hereby responds to defendants' Motion to Dismiss Count 3 of the Superseding Indictment (ECF No. 465) and its supporting Memorandum (ECF No. 466), filed by defendant Fry on behalf of all defendants named in Count 3.

Defendants—many of them armed—took over the Malheur National Wildlife Refuge offices preventing federal employees from performing their jobs. As a consequence, defendants have been charged with both conspiring to prevent by force, intimidation, or threat federal

employees from discharging their duties, in violation of 18 U.S.C. § 372, and using or carrying firearms in furtherance of that crime, in violation of 18 U.S.C. § 924(c). To qualify as a 924(c) predicate offense, the charged crime must be a crime of violence. Section 372 is a crime of violence under 924(c)'s "force" and "residual clause." Defendants' Motion should be denied.

## I.   The Categorical Approach—Section 372 Is Categorically a "Crime of Violence"

The categorical approach compares "the elements of the [offense] with the generic federal definition." *Taylor v. United States*, 495 U.S. 575 (1990). If the charge's elements "criminalize a broader swath of conduct" than conduct covered by the generic federal definition, the offense is not a categorical crime of violence. *United States v. Watson*, CR No. 14-00751 DKW, CV Nos. 15-00313 DKW-KSC, 15-00390 DKW-BMK, 2016 WL 1601564 (9th Cir. Mar. 2, 2016) (citing *United States v. Dominguez-Maroyoqui*, 748 F.3d 918, 920 (9th Cir. 2014)).

## II.   The "Force" Clause—18 U.S.C. Section 924(c)(3)(A)

An offense is a "crime of violence" if it has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Section 372 requires proof that defendants "conspired." Conspiracy requires knowing participation, so defendants' claim that 372 lacks the requisite mens rea is wrong. *See Pattern Jury Instructions for Fed. Criminal Cases, Dist. of S.C.* (2015 ed.)[1], http://www.scd.uscourts.gov/pji

---

[1] Another district court concluded that conspiring to commit a Hobbs Act robbery is not a crime of violence under the "force" clause because the jury was not required to find that defendant used or threatened to use physical force. *United States v. Luong*, CR No. 2:99-00433 WBS, 2016 WL 1588495 (E.D. Cal. Apr. 20, 2016). Our case is distinguishable because the jury will be asked to find that defendants knowingly conspired to prevent by force, intimidation, or threat federal employees from discharging their duties. Courts have long recognized that a conspiracy's formation threatens the accomplishment of the conspiracy's object. *See, e.g.*, *United States v. Jimenez Recio*, 537 U.S. 270, 275 (2003); *United States v. Collins*, 109 F.3d 1413 (9th Cir. 1997)

**Gov't's Resp. to Defs.' Mot. to Dismiss Count 3 of the Superseding Indictment (#465)   Page 2**

/PatternJuryInstructions.pdf.   Next, Section 372 requires proof that the conspiracy's goal was to prevent, by force, intimidation or threat" a federal employee from discharging his duties.   *See id.*

Section 372's requirement that defendant use "force, intimidation, or threat" brings the statute squarely within 924(c).   Moreover, unlike most cases attempting to divine whether a *prior* predicate crime qualifies for a sentence enhancement, Section 924(c) involves a live controversy that will ultimately be decided by a jury.   The jury, in turn, will have to determine if this offense involved the type of "violent" physical force required under *Johnson v. United States*, 559 U.S. 133 (2010) (*Johnson I*).[2]

More recent cases interpreting Section 372 involve actual physical violence or clear threats of such violence.   *See, e.g.*, *United States v. Rakes*, 510 F.3d 1280 (10th Cir. 2007) (372

---

(holding conspiracy to deliver a destructive device satisfied the crime of violence "force" clause); *see also United States v. Wilkerson*, 286 F.3d 1324, 1325 (11th Cir. 2002).

[2]   In the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015) (*Johnson II*), several district courts have questioned whether the categorical approach applies to § 924(c)(3) cases, especially in the context of a pretrial motion to dismiss.   *United States v. Checora*, No. 2:14-CR-457-DAK, 2015 WL 9305672, at *3 (D. Utah Dec. 21, 2015).   *See, e.g.*, *United States v. Woodley*, No. 15-CR-20007, 2015 WL 7770859, at *4 (E.D. Mich. Dec. 3, 2015) (stating that none of the reasons for using the categorical approach apply with much force in a § 924(c) pretrial case); *United States v. Church*, No. 1:15-CR-42-TLS, 2015 WL 7738032, at *3 (N.D. Ind. Dec. 1, 2015); *United States v. Brownlow*, No. 1:15-CR-0034-SLB- SGC, 2015 WL 6452620, at *2 n.3 (N.D. Ala. Oct. 26, 2015) ("the future of a 'categorical approach' to defining a crime of violence under § 924(c) may be short lived"); *United States v. Standberry*, No. 3:15-CR-102-HEH, 2015 WL 5920008, at *1 (E.D. Va. Oct. 9, 2015) (noting that the categorical approach's "value and utility are questionable in the present context where the violent nature of the alleged robberies is readily apparent from the fact of the . . . indictment").   The Ninth Circuit has not re-evaluated post-*Johnson* the question of whether the categorical approach should apply in this context, but one court has suggested persuasively that the analysis used to conduct a "cold record review of a prior conviction" is inappropriate in the context of trial, where the district court has the "benefit of viewing the evidence as it unfolds."   *Standberry*, 2015 WL 5920008, at *2.

**Gov't's Resp. to Defs.' Mot. to Dismiss Count 3 of the Superseding Indictment (#465)     Page 3**

charge for mailing threatening letter to AUSA); *United States v. Hanson*, 618 F.2d 1261 (8th Cir. 1980) (armed defendants took over law enforcement center on Indian reservation at gunpoint and locked up officers).  The cases defendants cite for the proposition that 372 is non-violent do not support that premise; in *United States v. Fulbright*, 105 F.3d 443 (9th Cir. 1997), *overruled on other grounds by United States v. Heredia*, 483 F.3d 913 (9th Cir. 2007), defendant mailed "arrest warrants" (and other documents) to a bankruptcy judge accusing him of "sedition, and high treason."  These actions prompted the judge to recuse himself from defendant's case; the defendant's letters were thinly veiled threats suggesting that a "citizens' arrest" was in order. *See also United States v. Hall*, 342 F.2d 849 (4th Cir. 1965) (conspiracy to cause unlawful arrest of undercover government officer is a violation of Section 372); *Finn v. United States*, 219 F.2d 894 (9th Cir. 1955) (372 charge sustained where conspirators conducted an unlawful "citizen's arrest" of U.S. Attorney).  The fundamental underpinning of Section 372 remains—the unlawful activity in *Fulbright*, *Hall*, and *Finn* involved threats of violent physical force.

Courts that have ruled upon the question of whether statutes similar to Section 372 fall within the "force" clause have repeatedly held that they do.  Specifically, courts have held that statutes with generally similar "force" or "intimidation" requirements qualify as crimes of violence.  *See, e.g.*, *United States v. Juvenile Female*, 566 F.3d 943, 948 (9th Cir. 2009) (18 U.S.C. § 111(b), assault involving the use of a dangerous weapon or infliction of bodily injury, is categorically a crime of violence); *United States v. Gordon*, 642 F.3d 596, 598 (7th Cir. 2011) (robbery by "intimidation" is a "crime of violence" because "intimidation exists when a [defendant's] words and actions would cause an ordinary person to feel threatened, by giving rise to a reasonable fear that resistance or defiance will be met with force").

**Gov't's Resp. to Defs.' Mot. to Dismiss Count 3 of the Superseding Indictment (#465)     Page 4**

Recently, the Ninth Circuit reached a similar conclusion in *Watson*, where, following the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (*Johnson II*), the court held that federal armed bank robbery is categorically a crime of violence under the "force" clause. *Watson* reaffirms the long-held principal predating *Johnson II* that the federal bank robbery statute that approximates the language proscribed by Section 372 fit squarely within the force clause. *See also United States v. Wright*, 215 F.3d 1020 (9th Cir. 2000); *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990). The word "force" in the statute and the requirement that the force be used to "prevent officials from discharging their duties" demonstrates that the statute addresses violent conduct and otherwise satisfies 924(c)'s force clause.

### III. Title 18 U.S.C. § 372 Is Also a Crime of Violence Under the Residual Clause

Conspiring to prevent federal employees from performing their jobs by force, intimidation, or threat also raises a "substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Indeed, defendants do not contend otherwise; instead, he argues that 924(c)'s residual clause is void for vagueness under *Johnson II* and *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015). Section 924(c)'s residual clause is constitutionally sound for several reasons.

#### A. Section 924(c) Lacks the ACCA's List of Enumerated Offenses

The enumerated offense list, followed by an "otherwise" provision in the ACCA was determinative in *Johnson*, and it had troubled the Court since *James*. *See, e.g.*, *James v. United States*, 550 U.S. 192, 215-16, 230 n.7 (2007) (Scalia, J. dissenting). The continuing confusion over how to interpret the list, in conjunction with the residual clause language, ultimately convinced the Court that the ACCA's residual clause was unconstitutionally vague. The Court

**Gov't's Resp. to Defs.' Mot. to Dismiss Count 3 of the Superseding Indictment (#465)    Page 5**

referred to the enumerated crimes in explaining why its earlier ACCA decisions did "not succeed in bringing clarity to the meaning of the residual clause." *Johnson II*, 135 S. Ct. at 2559. Critically, the Court distinguished other statutes requiring risk-based assessments in part because they do *not* "link[] a phrase such as 'substantial risk' to a confusing list of examples." *Id.* at 2561. Section 924(c)(3)(B), like the statutes the Court distinguished in *Johnson*, contains no "confusing list" to cloud its analysis.

Further, in contrast to the ACCA, § 924(c)(3)(B) contains language identical to many other federal and state statutes. *See, e.g.*, 18 U.S.C § 3142(f)(1)(A) and (g)(1) (bail statute); 18 U.S.C. § 521(d)(3)(C) (enhanced sentence for criminal gang members); 18 U.S.C. § 3663A(c)(1)(A) (mandatory restitution); 18 U.S.C. § 5032 (juvenile transfer statute). Thus, applying *Johnson* to other risk-based statutes like 924(c) was not what the Court itself contemplated.

### B.     Section 924(c)(3)(B) Does Not Go Beyond the Offenses' Elements

Another defect in the ACCA identified in *Johnson* that is absent from § 924(c)(3)(B) is the necessity for courts to go "beyond evaluating the chances that the physical acts that make up the crime to injure someone" and to evaluate the risk for injury even "after" completion of the offense. 135 S. Ct. at 2557; *see also id.* at 2559. The Court explained that the ACCA's inquiry into whether a crime "involves conduct" that presents too much risk of injury goes beyond the offense elements." *Id.* at 2557. "The inclusion of burglary and extortion among the enumerated offense," the Court further explained, confirmed that courts assessing risk had to go "beyond evaluating the chances that the physical acts that make up the crime will injure someone." *Id.*

By contrast, § 924(c)(3)(B) is significantly narrower. As the Supreme Court observed in *Leocal v. Ashcroft*, unlike the ACCA residual clause, where the "substantial risk" inquiry relates
**Gov't's Resp. to Defs.' Mot. to Dismiss Count 3 of the Superseding Indictment (#465)     Page 6**

"to the possible effect of a person's conduct," § 16(b) (and Section 924(c)(3)(B)) address "the use of force" "'in the course of committing the offense.'"  543 U.S. 1, 10 & n.7.  This narrower approach is confined to the risks that arise during the commission of the offense.  *See United States* v. *Serafin*, 562 F.3d 1105, 1109 (10th Cir. 2009) (emphasizing "the textual difference between § 16(b) and" the ACCA residual clause).  Unlike the ACCA, § 924(c)(3)(B) does not go beyond "the physical acts that make up the crime."  *Johnson II*, 135 S. Ct. at 2557.  Further, § 924(c)(3)(B) looks at the risk of the "use of force" rather than the much broader "risk of injury."  This focus on the use of force during an offense, rather than on the potential risk and effects of the offense, limits the statute's reach and avoids the kind of speculation about extra-offense conduct that *Johnson* denounced.

### C. The Court Has Not "Repeatedly" Failed to Construe § 924(c)(3)(B) in a Workable Way

The Supreme Court in *Johnson* emphasized its own "repeated" inability to develop a "principled and objective standard" for the ACCA.  135 S. Ct. at 2558; s*ee id.* at 2559-60 (noting that *Johnson* was the Supreme Court's "fifth [case] about the meaning of the [ACCA] residual clause").  In contrast, the Court has addressed § 924(c) on numerous occasions and never suggested any difficulty in applying its definition of a "crime of violence."

### D. Unlike the ACCA, § 924(c)(3)(B) Has Not Confused Lower Courts Either

In addition to its other reasons for finding the ACCA vague, the *Johnson* Court cited numerous lower court splits about "the nature of the inquiry" that a court should conduct under the ACCA.  *Johnson II*, 135 S. Ct. at 2560.  Significantly, the disagreements went beyond "matters of degree."  *Id.*  There is no such confusion at all with respect to § 924(c)(3)(B).

### E. The Ordinary-Case Analysis Does Not Invalidate § 924(c)(3)(B)

Section 924(c)(3)(B) is not impossibly vague due to its reliance on courts' evaluating the "ordinary case" of an offense. Courts at every sentencing must evaluate where a defendant's conduct falls on the spectrum of ways of committing the offense—and hence how a defendant's case compares to a norm. Congress has commanded such an analysis under 18 U.S.C. § 3553(a) and in particular under § 3553(a)(6). The Supreme Court has never suggested that there is a valid constitutional challenge to such statutory rules or the courts' application of them. An inquiry about the risk that force will be used is not an unusual aspect of assessing a crime's gravity.

### F. Section 924(c)(3)(B) Is Not Unconstitutionally Vague As Applied to This Offense

*Johnson* held that the fact that "some conduct that clearly falls within the provision's grasp" does not preclude a finding of vagueness. *Johnson II*, 135 S. Ct. at 2561. But the Court did not hold that any possibility of a vague application required finding a statute void. Rather, it concluded that the ACCA's residual clause was void because it is "a 'judicial morass that defies systemic solution,' 'a black hole of confusion and uncertainty' that frustrates any effort to impart 'some sense of order and direction.'" *Id.* at 2562 (citation omitted). But "there are [other] statutes that by their terms or as authoritatively construed apply without question to certain activities, but whose application to other behavior is uncertain." *Smith v. Goguen*, 415 U.S. 566, 577-78 (1974). For those statutes, the general rule is that a vagueness challenge is not available to one who violates the "hard-core" of the statute. *Id.* at 577-78.

Unlike the ACCA's residual clause, § 924(c)(3)(B) has a core. The Court has already identified at least one "core" offense—burglary—that falls within § 16(b) and also necessarily

falls within § 924(c)(3)(B).  *Leocal*, 543 U.S. at 10.  The Court described burglary as the "classic example" of a crime that satisfies the statutory language because, "by its nature, [it] involves a substantial risk that the burglar will use force against a victim in completing the crime."  *Id.*  Defendants are charged with using or carrying a firearm while conspiring to impede federal employees by force, intimidation, or threat.  The alleged conduct falls well within the "core" of not only § 924(c)(3)(A)'s force clause, but § 924(c)(3)(B)'s residual clause, as it "involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

### G.  *Dimaya*, By Its Explicit Terms, Does Not Apply to § 924(c)[3]

In *Dimaya v. Lynch*, a divided panel of this Court held that the "residual clause" in 18 U.S.C. § 16(b), as incorporated into the INA's definition of "aggravated felony," *see* 8 U.S.C. § 1101(a)(43)(F), is unconstitutionally vague.  803 F.3d 1110, 1120 (9th Cir. 2015).  Although the identical residual clause language is used in 18 U.S.C. § 924(c)(3)(B), *Dimaya* should not control here.

First, *Dimaya* itself *expressly* disclaimed that it applied to the constitutionality of other statutes incorporating Section 16(b)'s language: "[o]ur decision *does not reach* the constitutionality of applications of 18 U.S.C. § 16(b) outside of 8 U.S.C. § 1101(a)(43)(F) or cast

---

[3]  Two district courts within the Ninth Circuit have rejected attempts to distinguish 924(c) from *Dimaya*'s treatment of 16(b).  *See United States v. Lattanaphom*, CR No. 2:99-00433 WBS, 2016 WL 393545, at *3-4 (E.D. Cal. Feb. 2, 2016) (noting it was "compelled" to extend *Dimaya* to 924(c), but citing contrary authority from other federal courts across the country); *United States v. Bell*, No. 15-cr-00258-WHO, 2016 WL 344749 (N.D. Cal. Jan. 28, 2016).  Other circuits have split on this question: *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016) (disagreeing with the Ninth Circuit); *cf. United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015) (following *Dimaya*); *United States v. Gonzalez-Longoria*, 813 F.3d 225 (5th Cir.) (same, by a divided panel), *reh'g en banc granted*, (Feb. 26, 2016) .

**Gov't's Resp. to Defs.' Mot. to Dismiss Count 3 of the Superseding Indictment (#465)    Page 9**

any doubt on the constitutionality of 18 U.S.C. § 16(a)'s definition of a crime of violence." *Dimaya*, 803 F.3d at 1120 n.17 (emphasis added).   Although the panel majority did not explain its reasons for explicitly limiting its holding to the INA, a few possibilities exist.

The Court in *Johnson* unequivocally rejected the suggestion that its decision called into question the residual clauses in other federal statutes.   *See* 135 S. Ct. at 2561 ("The Government and the dissent next point out that dozens of federal and state criminal laws use terms like 'substantial risk,' 'grave risk,' and 'unreasonable risk,' suggesting that to hold the residual clause unconstitutional is to place these provisions in constitutional doubt. . . . Not at all.").   Section 924(c) should be accorded the usual presumption that Congress' laws are constitutional, and because this statute enjoys several material distinctions from the ACCA's residual clause, defendants' vagueness challenge should be rejected.

**IV.    Conclusion**

Defendants' Motion to Dismiss should be denied.

Respectfully submitted this 11th day of May 2016.

                                                         BILLY J. WILLIAMS
                                                        United States Attorney

                                                        *s/ Ethan D. Knight*
                                                        ETHAN D. KNIGHT, OSB #992984
                                                        GEOFFREY A. BARROW
                                                        CRAIG J. GABRIEL, OSB #012571
                                                        Assistant United States Attorneys