Per C. Olson, OSB #933863
HOEVET OLSON HOWES, PC
1000 SW Broadway, Suite 1500
Portland, Oregon 97205
Telephone: (503) 228-0497
Facsimile: (503) 228-7112
Email: per@hoevetlaw.com

    Of Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID LEE FRY,<br><br>    Defendant. | Case No. 3:16-CR-00051-13-BR<br><br>MEMORANDUM OF ADDITIONAL AUTHORITY REGARDING DEFENDANT'S MOTION TO DISMISS COUNT 3 |

Defendant David Fry, through his attorney Per Olson, and on behalf of all defendants named in Count 3 hereby submits this memorandum of additional authority regarding defendant's Motion to Dismiss Count 3.

**Certification of Conferral:** Counsel for Mr. Fry conferred with AUSA Ethan Knight regarding the filing of this memorandum. The government does not object to defendant submitting this memorandum to the court with the understanding that defendant is simply alerting the court to a new decision of the Ninth Circuit pertinent to Defendant's Motion to Dismiss Count 3 and not replying to the Government's Response to Defendant's Motion to Dismiss Count 3 of the Superseding Indictment (CR 548).

Page 1 – MEMORANDUM OF ADDITIONAL AUTHORITY REGARDING
          DEFENDANT'S MOTION TO DISMISS COUNT 3

Defendant filed his Motion to Dismiss Count 3 of the Superseding Indictment on April 27, 2016.  (CR 465, 466).  On May 6, 2016, the Court of Appeals issued its published decision in *United States v. Jason Lee*, 2016 WL 2638364 (9th Cir. May 6, 2016) (Attached as Exhibit A).  The court held that the defendant's prior California convictions did not qualify as prior "crimes of violence" for purposes of the Career Offender provision of the sentencing guidelines because they did not fall within the "residual clause" part of the definition set forth in USSG § 4B1.2(a).  Notably, the Court did not rest its decision on the holding from *Johnson v. United States*, 135 S. Ct. 2551 (2015), that the identically-worded residual clause in the Armed Career Criminal Act is unconstitutionally void for vagueness.  Instead, over the dissent's objection, the Court relied on pre-*Johnson* cases interpreting the residual clause using the categorical approach.

Based on the newly issued decision in *Lee*, it appears the Ninth Circuit favors an approach that first considers sub-constitutional challenges to the government's characterization of an offense as a crime of violence under the residual clause.  (See footnote 2 of the opinion).  Defendant will be prepared to make that challenge and to further discuss the relevance of *Lee* at the oral argument scheduled for next week.

DATED this 16th day of May, 2016.

     s/ Per C. Olson
Per C. Olson, OSB 933863
Attorney for Defendant David Fry

Page 2 – MEMORANDUM OF ADDITIONAL AUTHORITY REGARDING DEFENDANT'S MOTION TO DISMISS COUNT 3

HOEVET OLSON HOWES, PC
ATTORNEYS AT LAW
1000 S.W. BROADWAY, #1500
PORTLAND, OREGON 97205
(503) 228-0497