BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**ETHAN D. KNIGHT, OSB #992984**
**GEOFFREY A. BARROW**
**CRAIG J. GABRIEL, OSB #012571**
Assistant United States Attorneys
ethan.knight@usdoj.gov
geoffrey.barrow@usdoj.gov
craig.gabriel@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:16-CR-00051-BR-16 |
| v. | |
| KENNETH MEDENBACH, | GOVERNMENT'S RESPONSE TO DEFENDANT MEDENBACH'S MOTION TO DISMISS (#505) |
| Defendant. | |

The United States of America, by Billy J. Williams, United States Attorney for the District of Oregon, and through Ethan D. Knight, Geoffrey A. Barrow, and Craig J. Gabriel, Assistant United States Attorneys, hereby responds to the Motion to Dismiss (ECF No. 505), filed by defendant Medenbach. For the reasons set forth below, defendant Medenbach's Motion should be denied.

I.    **Legal Argument**

Defendant Medenbach moves to dismiss this case on the grounds that: (1) the Property Clause of the United States Constitution "has been consistently misinterpreted by the federal courts to include public lands;" and (2) The federal courts' interpretation of the Property Clause is "inconsistent with the intent of the framers to preserve the sovereignty of the States."   (Def.'s Mot., 1,3).[1]

Federal courts have previously rejected similar claims by defendant Medenbach on at least two occasions.    First, in *United States v. Medenbach*, No. 96-30168, 1997 WL 306437, at *2 (9th Cir. June 2, 1997) (unpublished), the Ninth Circuit stated:

> Medenbach contends that the federal government lacks power to regulate Gifford Pinchot National Forest because the State of Washington never consented to federal jurisdiction over the land for purposes of the Federal Enclave Clause. The state's consent is not a prerequisite to federal regulation of federal lands when Congress acts pursuant to its plenary power under the Property Clause. *Nevada v. Watkins*, 914 F.2d 1545, 1554 (9th Cir. 1990).   To the contrary, Congress may exercise its expansive regulatory powers under the Property Clause *regardless* of whether it has acquired consent to jurisdiction under the Federal Enclave Clause.   *Kleppe v. New Mexico*, 426 U.S. 529, 542-43 (1976) (emphasis in original).

Second, just last month in a separate criminal case, Judge Michael McShane denied defendant Medenbach's motions to dismiss related to the Property Clause.   In *United States v. Medenbach*, No. 1:15-cr-00407-MC, 2016 WL 1394440, at *1 (D. Or. Apr. 7, 2016), Judge McShane wrote:

> Defendant's first motion to dismiss, ECF No. 31, contends that the U.S. Constitution does not delegate to the United States the power to "own public

---

[1]   The Property Clause provides that "[t]he Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States."   U.S. Const. art IV, § 3, cl. 2.

**Government's Response to Defendant Medenbach's Motion to Dismiss (#505)**          **Page 2**

lands in the states," and that "the power to own public lands in the states" is reserved to the states by the Tenth Amendment. Mot. Dis. 1, ECF No. 31.

Defendant's argument has no merit. When the Constitution delegates power to Congress, the Tenth Amendment "expressly disclaims any reservation of that power to the States." *New York v. United States*, 505 U.S. 144, 156 (1992). Here, the Constitution, through the Property Clause, gives Congress the power to "dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States." U.S. Const., art IV, § 3, cl 2. Congress's power over public land is "without limitations." *Kleppe v. New Mexico*, 426 529, 539 (1976) (citation and quotation marks omitted). "Congress 'may deal with [its] lands precisely as an ordinary individual may deal with his farming property. It may sell or withhold them from sale.'" *United States v. Gardner*, 107 F.3d 1314, 1318 (9th Cir. 1997) (quoting *Light v. United States*, 220 U.S. 523, 536 (1911) (internal quotation marks and citation omitted by *Gardner*)). Therefore, "under the Property Clause, the United States can administer its federal lands any way it chooses." *Id*.

Finally, in responding to defendant Medenbach's Motion, the government relies on the legal arguments set forth in the Government's Response to Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 570), as both motions to dismiss raise similar (and unmeritorious) claims based on the Property Clause.

## II.  Conclusion

For the reasons set forth above, the government respectfully requests that defendant Medenbach's Motion to Dismiss be denied.

Respectfully submitted this 16th day of May 2016.

                                                        BILLY J. WILLIAMS
                                                        United States Attorney

                                                        *s/ Craig J. Gabriel*
                                                        ETHAN D. KNIGHT, OSB #992984
                                                        GEOFFREY A. BARROW
                                                        CRAIG J. GABRIEL, OSB #012571
                                                        Assistant United States Attorneys