BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**ETHAN D. KNIGHT, OSB #992984**
**GEOFFREY A. BARROW**
**CRAIG J. GABRIEL, OSB #012571**
Assistant United States Attorneys
ethan.knight@usdoj.gov
geoffrey.barrow@usdoj.gov
craig.gabriel@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:16-CR-00051-BR |
| v. | **GOVERNMENT'S RESPONSE TO DEFENDANTS' MEMORANDUM IN SUPPORT OF ISSUING SUMMONS TO JURORS FROM THE ENTIRE DISTRICT OF OREGON (#547)** |
| **AMMON BUNDY, et al.,** | |
| Defendants. | |

    The United States of America, by Billy J. Williams, United States Attorney for the District of Oregon, through Ethan D. Knight, Geoffrey A. Barrow, and Craig J. Gabriel, Assistant United States Attorneys, hereby responds to Defendants' Memorandum in Support of Issuing Summons to Jurors from the Entire District of Oregon (ECF No. 547), filed by defendant Payne on behalf of all defendants.

    Defendants seek an Order from this Court modifying the standard procedure for the selection of prospective jurors. While not unanimously backed by all defendants, defendants seek relief in the form of three variations to the existing plan for selecting jurors: (1) that the

Court order the jury administrator to summons jurors from each jury division; (2) that the Court order the jury administrator to summons jurors from the Pendleton Division; or, (3) that the Court order the jury administrator to summons jurors in a manner proportionate to the size of the Master Jury Wheel, as specified in the District's Jury Management Plan (District Plan), Section 2.02.

Defendants' requests for relief should be denied.  Because issues of juror impartiality and fairness are addressed by Federal Rule of Criminal Procedure 24, the Court should order the summoning of jurors from the Portland Division in a manner consistent with the District Plan.

## I. The District of Oregon Jury Management Plan Requires that Jurors be Summonsed from the Portland Division

### a. Background

Defendants are charged in the District of Oregon, Portland Division.  The United States Attorney's Office determines which division within the district charges a case and handles the prosecution.  Defendants were charged in the Portland Division because their case is uniquely resource intensive.  Defendants intimate that the government's selection of the Portland Division was based on political considerations.  (Def. Mem at 6).  It was not—the government charged defendants in the Portland Division because it is the location with the personnel resources able to handle a case this large.[1]

---

[1] Defendants' case would have been handled in the Eugene Division had the United States Attorney's Office not elected to move it to Portland.  Thus, defendants' requested relief would not be consistent with the District Plan or standard practice even if their case was handled by the division to which it would normally be assigned.

**Government's Response to Defendants' Memorandum in Support of Issuing**      **Page 2**
**Summons to Jurors from the Entire District of Oregon (#547)**

### b. No Legal Authority Supports Defendants' Position

Defendants cite no controlling legal authority that supports their requests for relief. Indeed, there is none. As defendants acknowledge, 28 U.S.C. § 1861 provides that "all litigants in Federal court entitled to a trial by jury shall have the right to grand and petit juries selected from a fair cross section of the community in the district or division wherein the court convenes." Courts have consistently held that a petit jury should be drawn only from one division and have rejected claims similar to defendants'. (*See United States v. Herbert*, 698 F.2d 981, 984 (9th Cir. 1983), where the appellate court upheld the trial court's finding that the district jury plan was constitutional, and had appropriately refused to transfer defendant's case from the Phoenix Division to the Prescott Division, where a higher percentage of Native Americans resided).

Defendant argues that Fed. R. Crim. P. 18's failure to address the issue of where jurors should be drawn from necessarily means that the Court has authority to issue summons from the entire District of Oregon. (Def. Mem at 5). Defendants' interpretation of Rule 18 is misguided. Rule 18 is written solely to address the place of prosecution and trial, nothing more. Its silence on the issue of jury summons does not confer any unique authority on the Court. Defendants' argument should be rejected.

### c. The Jury Management Plan

The Jury Management Plan for the District of Oregon supports summonsing jurors from the Portland Division. This is the standard practice for a case charged in the Portland Division. Without any supporting objective evidence, what defendants seek is highly irregular—a

modification of existing practice to address a belief that the prospective jurors will not be fair and impartial. Defendants are attempting to modify the process to unfairly alter the demographic composition of the jury pool.

## II. Defendants Will Receive a Fair Trial with Jurors Selected from the Portland Division

Defendants claim that the Court needs to summons jurors outside the Portland Division to guarantee a fair trial. As a threshold matter, defendants' arguments are premature—fairness and impartiality are matters properly dealt with during the jury selection process, not during the process of summonsing jurors.[2] Fed. R. Crim. P. 24 governs jury selection. Rule 24 endows the trial court and the parties with the authority to challenge and remove jurors to ensure the seating of a fair and impartial jury. (*See, e.g.*, *Swain v. Alabama*, 380 U.S. 202, 218-19 (1965) ("the function of challenge is not only to eliminate extremes of partiality on both sides, but to assure the parties that the jurors before whom they try the case will decide on basis of evidence placed before them, and not otherwise"); *see also*, *United States v. Le Pera*, 443 F.2d 810, 812 (9th Cir. 1971) (a trial court has broad discretion in its rulings on challenges to prospective jurors)).

Defendants argue that the excessive pre-trial publicity also supports their request for relief. (Def. Mem at 5). First, defendants fail to explain how reconfiguring the process for summoning jurors would ameliorate any problems caused by juror exposure to pre-trial publicity. Second, extensive pre-trial publicity alone is not a reason to presume an absence of

---

[2] As defendants note, they are separately evaluating a motion for change of venue. (Def. Mem at 10). Defendants' arguments in support of any motion to change venue should be considered separately by the Court.

**Government's Response to Defendants' Memorandum in Support of Issuing    Page 4
Summons to Jurors from the Entire District of Oregon (#547)**

impartiality.   (*See, e.g.*, *United States v. Wilson*, 732 F.2d 404, 410 (5th Cir. 1984), in prosecution of defendant charged with conspiracy and substantive counts arising out of an illegal shipment of plastic explosives to Libya, trial court did not abuse its discretion when it refused to excuse for cause a challenged juror who had seen a television broadcast about defendant but expressly assured that any prior media exposure would not affect his ability to serve impartially.)

Defendants next argue that their chances of receiving a fair trial are undermined because of the political demographics of the Portland Division.   (Def. Mem at 8-10).   Defendants' reliance on partisan, political data to support their requests for relief is extraordinary.   The jury process is, and should be, politically secular.   Defendants are seeking to politicize it by asking this Court to draw inferences about the likely behaviors of prospective jurors with little more than voter registration data.   The Court should give no weight to this argument.

Even if the Court were to assign some weight to defendants' argument, their claims are legally unfounded.   In order to establish a prima facie violation of the fair-cross-section requirement, the defendant must show (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.   *Duren v. Missouri*, 439 U.S. 357, 364 (1979).   Defendants' motion fails all three of these prerequisites:   democrats, republicans, and libertarians are not "distinctive" groups within this community; even accepting their numbers demonstrates that at least the two major parties are in fact represented in the relevant jury pool; and nothing in the

**Government's Response to Defendants' Memorandum in Support of Issuing         Page 5
Summons to Jurors from the Entire District of Oregon (#547)**

district's plan suggests or even hints that any member of any particular political party has been systematically excluded from the jury selection process. Finally, all of defendants' requests for relief overlook a significant consequence: forcing jurors to travel from across the state for a three-month trial would be problematic.

**III.  Conclusion**

Defendants have failed to demonstrate any sound legal or factual basis to deviate from the existing District Plan for summoning jurors. Their requests for relief should be denied.

Dated this 20th day of May 2016.

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney


*s/ Ethan D. Knight*
ETHAN D. KNIGHT, OSB #992984
GEOFFREY A. BARROW
CRAIG J. GABRIEL, OSB #012571
Assistant United States Attorneys