Matthew G. McHenry, OSB 04357
Levine & McHenry LLC
1001 S.W. Fifth Avenue, Suite 1414
Portland, Oregon 97204
503-546-3927
email: matthew@levinemchenry.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| UNITED STATES OF AMERICA, | ) No. 3:16-cr-00051-BR-12 |
|---|---|
| Plaintiff, | ) DECLARATION OF COUNSEL IN SUPPORT OF DEFENDANT'S MOTION TO CONTINUE TRIAL |
| vs. | ) |
| SEAN ANDERSON, | ) |
| Defendant. | ) |

DECLARATION OF MATTHEW MCHENRY

I, Matthew McHenry, hereby depose and state that to the best of my knowledge and belief the following is true and correct:

1. I am the attorney of record in the above-captioned case, having been appointed under the Criminal Justice Act on February 11, 2016.

2. Mr. Anderson is charged in a superseding indictment dated March 8, 2016, with Conspiracy to Impede Officers of the United States (Count 1), Possession of Firearms and Dangerous Weapons in a Federal Facility (Count 2), Using or Carrying a Firearm in a Crime of Violence (Count 3), and

Depredation of Government Property (Count 6).  There are 26 co-defendants in the case.

3. Mr. Anderson was one of the last four individuals to leave the Malheur National Wildlife Refuge after the 41-day event.

4. Trial is currently scheduled for September 7, 2016.

5. The Court has declared the case complex for purposes of the Speedy Trial Act, and has indicated that the "compressed timeline" currently set for the case was "in large part at Ammon Bundy's insistence."  Dkt. No. 455.  Mr. Anderson is not insisting on a compressed timeline, and has in fact filed a waiver of his Speedy Trial rights.  Dkt. No. 602.

6. Mr. Anderson is out of custody and living with his wife and co-defendant, Sandra Lynn Anderson, in Riggins, Idaho.  Mr. Anderson understands the need for adequate preparation and as such consents to the continuance of his trial as requested in the accompanying motion.

7. On behalf of Mr. Anderson, I request a continuance or severance of the current "compressed timeframe" trial on the ground that given the incredible complexity of this case, including the number of defendants, the volume and types of discovery, and the extensive investigation required, among other things, I do not believe we can be adequately prepared for a trial by September 7, 2016.

8. The government continues to provide discovery to the CJA office for dissemination to defendants. Thus far, significant portions of the discovery are still unavailable for review. Given the complexity and volume of discovery, our organization, review and analysis would take an extensive amount of time under the best of circumstances. The circumstances of this case have created significant delay in the discovery phase and have complicated our review of discovery considerably.

9. In addition, in my experience, cases with substantial discovery like this case typically give rise to a number of discovery disputes and attendant litigation. Discovery disputes arise, however, only after the government has completed its initial production and defense counsel has had a chance to review and process the discovery. Given the discovery production and processing delays, and that the government is continuing to produce discovery, the compressed timeframe of this case will push any such litigation very close to the current trial date or may require resolution during the trial. As such, adequate preparation for trial will be impossible.

10. Much of my investigation stems from review and analysis of discovery, including witnesses referenced by the government and locating and interviewing witnesses who are contrary to the government's assertions. Moreover, the indictment charges a conspiracy that allegedly began in

November of 2015 and continued through February 12 of 2016. Given the nature of the allegations, information regarding Mr. Anderson's whereabouts and conduct during that timeframe will be relevant at trial. As such, investigation in this case is and will continue to be extensive and complex. It will be extremely difficult if not impossible to adequately investigate the case given the current timeframe.

11. Finally, the Court has currently scheduled a single trial for 25 defendants at the same time. Such a trial would be unprecedented in sheer size and scope. Despite the best efforts of the Court, the government, defense counsel, and pro se defendants, there is a substantial risk that such a trial will deprive Mr. Anderson of a fair trial, and one at which they have a right to individualized consideration by the jury. A scheduling of a second trial in Spring of 2017 or thereafter would mitigate many of those risks.

12. For the foregoing reasons, we respectfully request that the Court continue the trial date for Mr. Anderson to March 1, 2017, or a date thereafter convenient to the Court.

/// /// ///

13. I have spoken with AUSA Geoffrey Barrow.  Mr. Barrow reports that the government will take no position on such motions until the status conference set for June 15, 2016.

DATED this 24th day of May, 2016.

>/s/ *Matthew McHenry*
>Matthew McHenry, OSB 043571
>Attorney for Defendant Sean Anderson