BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**ETHAN D. KNIGHT, OSB #992984**
**GEOFFREY A. BARROW**
**CRAIG J. GABRIEL, OSB #012571**
Assistant United States Attorneys
ethan.knight@usdoj.gov
geoffrey.barrow@usdoj.gov
craig.gabriel@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:16-CR-00051-BR-13** |
| v. | **GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANT FRY'S MOTION TO COMPEL DISCOVERY (#493)** |
| **DAVID LEE FRY,** | |
| **Defendant.** | |

The United States of America, by Billy J. Williams, United States Attorney for the District of Oregon, and through Ethan D. Knight, Geoffrey A. Barrow, and Craig J. Gabriel, Assistant United States Attorneys, hereby responds to defendant Fry's Motion to Compel Discovery (ECF No. 493).

The government is filing this supplemental response to Defendant's Motion to Compel Discovery in response to the Court's May 17, 2016, Order (ECF No. 575). Defendant filed the Motion to Compel Discovery seeking records of communications relevant to a motion to

suppress statements by defendant.   The government responded by stating that it did not intend to introduce any of the relevant statements of defendant at trial, and therefore defendant's Motion should be denied as moot.   (Gov't's Resp., ECF No. 569).   The Court subsequently ordered the government to supplement its original response with specific information addressing whether or not there are fruits of the violation of defendant's Sixth Amendment right.   (Ct. Order, May 17, 2016, ECF No. 575).   The government's supplemental response is set forth below.   Based on the information tendered below, it continues to be the government's position that defendant's Motion should be denied as moot.

## I.     Factual Background

Defendant's Motion arises from the circumstances surrounding his February 11, 2016, post-arrest statement.   On February 11, 2016, at approximately 11:00 a.m., defendant was arrested at the Malheur National Wildlife Refuge.   At the time of his arrest, defendant was the sole remaining occupant of the Refuge.   Following his arrest, defendant was taken into custody and interviewed by the FBI.   "[A]t or near the time of his arrest," defendant's appointed counsel, Mr. Olson, invoked his Fifth and Sixth Amendment rights to counsel.   (Def.'s Mot. 2).   Counsel invoked defendant's right to counsel by contacting the United States Attorney's Office and, separately, members of the FBI through Federal Defender Lisa Hay.   (Def.'s Mot. 2).

Mr. Olson contacted Assistant United States Attorney Ethan Knight at 11:07 a.m. to invoke on his client's behalf.   At 11:11 a.m., AUSA Knight emailed Supervisory Special Agent (SSA) Gary Adler and Special Agent (SA) Rich Baltzersen to notify them that Olson had invoked on his client's behalf.   (Ex. 1).   SSA Adler and SA Baltzersen were the lead agents

responsible for the criminal investigation of defendant. They were in direct contact with the United States Attorney's Office regarding the investigation. They were located in Portland, Oregon. Approximately ten minutes after Knight emailed Adler, SSA Adler forwarded Knight's email to multiple FBI personnel in Burns, Oregon.

According to an FBI 302 report documenting the interview of defendant, Special Agent Sean Hamblet and Special Agent Eric Thompson took defendant into custody at 12:15 p.m. At 12:18 p.m. defendant received his Miranda warnings, and the interview began. Defendant then provided agents with a lengthy statement regarding his activities on the refuge.

## II. Because Counsel for Defendant Invoked Defendant's Fifth and Sixth Amendment Rights on His Behalf Prior to Law Enforcement Contact with Defendant, the Government Will Not Use Defendant's Statement or Evidence Derived from the Statement at Trial

The government acknowledges that Mr. Olson invoked defendant's right to counsel on his behalf. The government further acknowledges that this information was communicated to the FBI. The government acknowledges that agents should not have questioned him. The government has identified one item—a thumb drive—the discovery of which may have been derived from defendant's statement. The thumb drive has not been searched and the government will not offer this item at trial. To the extent the parties can identify any other items the discovery of which may have been derived from defendant's statement, the government will not introduce those items at trial.

/ / /

/ / /

### III. Conclusion

For the reasons stated above and because the government has affirmatively represented that it will not use defendant's statements or any evidence derived from them, defendant's Motion for discovery of communications should be denied.

Dated this 25th day of May 2016.

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney


*s/ Ethan D. Knight*
ETHAN D. KNIGHT, OSB #992984
GEOFFREY A. BARROW
CRAIG J. GABRIEL, OSB #012571
Assistant United States Attorneys