Per C. Olson, OSB #933863
HOEVET OLSON HOWES, PC
1000 SW Broadway, Suite 1500
Portland, Oregon 97205
Telephone: (503) 228-0497
Facsimile: (503) 228-7112
Email: per@hoevetlaw.com

    Of Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID LEE FRY,<br><br>    Defendant. | Case No. 3:16-CR-00051-13-BR<br><br>DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNT 3 |

    Defendant David Lee Fry, through his attorney, Per C. Olson, and on behalf of all defendants charged in Count Three, hereby submits this supplemental memorandum of law pursuant to the Court's order authorizing additional briefing to address whether a conspiracy to commit a violent felony can itself be a "crime of violence" under the force clause of 18 U.S.C. 924(c)(3)(A).

    In *United States v. Mendez*, 992 F.2d 1488 (9th Cir. 1993), the Ninth Circuit held that a conspiracy to commit a robbery is a crime of violence pursuant to the residual clause of § 924(c)(3)(B). The Court expressly declined to consider whether a conspiracy to rob is a crime of violence under the force clause of § 924(c)(3)(A). *Id.* at 1491. Until recently, the Court has had no reason to consider whether a conspiracy to commit a violent felony would fall under the force clause, as the residual clause has served this role. *See, e.g., United States v. Chandler*, 743 F.3d 648 (9th Cir. 2014) (conspiracy to

Page 1 – DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN
        SUPPORT OF MOTION TO DISMISS COUNT 3

HOEVET OLSON HOWES, PC
ATTORNEYS AT LAW
1000 S.W. BROADWAY, #1500
PORTLAND, OREGON 97205
(503) 228-0497

commit robbery under Nevada law held to be a violent felony under the residual clause of the ACCA), *vacated and remanded*, 619 Fed. Appx. 641 (2015) (vacated in light of *United States v. Johnson*, 135 S. Ct. (2015) (*Johnson II*)).

However, with the issuance of *Johnson II* and the demise of the residual clause, a conspiracy to commit a violent crime can no longer be considered a "crime of violence" under 18 U.S.C. § 924(c)(3)(B).  A conspiracy does not satisfy the alternative "force" clause of § 924(c)(3)(A), because, as explained below, it does not have "as an element the use, attempted use, or threatened use of physical force against the person or property of another."  Several circuits concluded as much even before *Johnson II*, and now in the wake of *Johnson II*, two district courts have reached this conclusion.  *See United States v. Luong*, 2016 WL 1588495 (E.D. Cal., April 20, 2016) (a conspiracy to commit a Hobbs Act robbery does not have the element of use, attempted use, or threatened use of force, and therefore, it is not a crime of violence under Section 924(c)(3)(A)); *United States v. Edmundson*, 2015 WL 9311983 (D. Maryland, December 20, 2015) (same under the ACCA).

1. **Because a Conspiracy Under § 372 Does Not Require Proof of an Overt Act, A Conspiracy to Commit a Violent Crime Categorically Is Not a "Crime of Violence" Under the Force Clause**

At oral argument on May 23, 2016,, the government conceded that § 372 does not require proof that any of the defendants committed an overt act in furtherance of the conspiracy.  That position is dispositive in establishing that a conspiracy to commit a crime of violence itself cannot be a "crime of violence" under the force clause of § 924(c)(3)(A), because a conspiracy without an overt act is not a generic conspiracy under the *Taylor* categorical approach. *United States v. Garcia-Santana*, 774 F.3d 528 (9th Cir. 2014).

The question in *Garcia-Santana* was whether the defendant's prior Nevada conspiracy conviction was an "aggravated felony" under the Immigration and Nationality

Page 2 – DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS COUNT 3

HOEVET OLSON HOWES, PC
ATTORNEYS AT LAW
1000 S.W. BROADWAY, #1500
PORTLAND, OREGON  97205
(503) 228-0497

Act (INA). The Court used the *Taylor* categorical approach to determine whether the prior offense was an "aggravated felony" under the INA. *Id.* at 533. The definition of "aggravated felony" in the INA includes a list of crimes, and specifically includes "an attempt or *conspiracy* to commit" a listed crimes. 8 U.S.C. § 1101(43)(U) (emphasis added). In applying the categorical approach, the Court had to determine the generic definition of "conspiracy," just as the *Taylor* Court had to define generic burglary. The government argued in favor of the common law version of conspiracy which does not require proof of an overt act. However, after much analysis, the Court adopted the version of conspiracy from the Model Penal Code as the generic definition. *Id.* at 537. That version does require proof of an overt act in furtherance of the conspiracy. Under Nevada law, a conspiracy does not require an overt act. Therefore, the Court held that the defendant's prior conspiracy conviction was overbroad and categorically not an aggravated felony under the INA. *Id.* at 534.

Unlike the definition of "aggravated felony" in the INA, the force clause of § 924(c)(3)(A) does not include a conspiracy to commit an offense involving physical force. As discussed below, it would be inappropriate to effectively insert that word into the force clause. But even if that were permissible, a conspiracy to use physical force would have to conform to the generic definition of conspiracy as discussed in *Garcia-Santana*. It would be anomalous to read an implicit conspiracy into the § 924(c) force clause that would be different from, and broader than, the generic conspiracy expressly used in the definition of aggravated felony.

In sum, if the force clause of § 924(c)(3)(A) implicitly incorporates a conspiracy to use physical force, the conspiracy at issue must require the government to prove an overt act. According to the government, § 372 does not require proof of an overt act. Therefore, § 372 is overbroad and categorically cannot be a crime of violence under the force clause.

/ / /

Page 3 – DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN
    SUPPORT OF MOTION TO DISMISS COUNT 3

HOEVET OLSON HOWES, PC
ATTORNEYS AT LAW
1000 S.W. BROADWAY, #1500
PORTLAND, OREGON  97205
(503) 228-0497

## 2. A Conspiracy Under Section 372 Does Not Have As An Element the Use, Attempted Use, Or Threatened use of Physical Force Against the Person or Property of Another

Even if a § 372 conspiracy were a generic conspiracy requiring an overt act, it still would not satisfy the force clause because "use, attempted use, or threatened use of physical force" is not an element of the offense.

The force clause of § 924(c)(3)(A) provides that a "crime of violence" is a felony offense that "has *as an element* the use, attempted use, or threatened use of physical force against the person or property of another[.]" (Emphasis added). An "element" of a criminal offense "is a 'constituent part' of the offense which must be proved by the prosecution *in every case* to sustain a conviction under a given statute." *United States v. Sherbondy*, 865 F2d 996, 1010 (9th Cir. 1988) (emphasis in original), *citing* Black's Law Dictionary 467 (5th ed. 1979).

In *United States v. Melchor-Lopez*, 627 F.2d 886, 890 (9th Cir. 1980), the Court held that the "essential elements of conspiracy * * * are 'an agreement to accomplish an illegal objective coupled with one or more overt acts in furtherance of the illegal purpose and the requisite intent necessary to commit the underlying substantive offense.'" *Ibid.*, *quoting United States v. Oropeza*, 564 F.2d 316, 321 (9th Cir. 1977). Because the "gist or gravamen of this crime is an agreement to effectuate a criminal design * * * it is not necessary to the crime of conspiracy that its object be accomplished." *Melchor-Lopez*, 627 F.2d at 891. It follows that the criminal object of the conspiracy is not an "element" of the crime of conspiracy.

The foregoing is true specifically with regard to a § 372 conspiracy. The elements of a conspiracy under § 372 are: an agreement, among two or more people; to prevent by force, intimidation, or threats; federal officials from discharging their duties; and the intent to carry out the unlawful objective. Actual acts, or even attempted acts, of

Page 4 – DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN
           SUPPORT OF MOTION TO DISMISS COUNT 3

HOEVET OLSON HOWES, PC
ATTORNEYS AT LAW
1000 S.W. BROADWAY, #1500
PORTLAND, OREGON 97205
(503) 228-0497

prevention by force, intimidation, or threats are not necessary elements of the offense. The agreement alone constitutes the offense.  *United States v. Hall*, 342 F2d 849 (4th Cir. 1965), *citing Finn v. United States*, 219 F2d 894 (9th Cir 1955).  "It has long been settled that the commission of a substantive offense and a conspiracy to commit it are separate and distinct offenses, each of which Congress may make punishable."  *Hall*, 342 F.2d at 852, *citing Pinkerton v. United States,* 328 U.S. 640, 643 (1946).

In his initial memorandum in support of the motion to dismiss Count 3, defendant argued that the object of a § 372 conspiracy – preventing by force, intimidation or threats a federal official from discharging his or her duties – does not rise to the level of force necessary to satisfy the standard set forth in *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("violent force…capable of causing physical pain or injury to another person.")  But even if the Court were to conclude that the act of "preventing" does equate to "the use, attempted use, or threatened use of physical force," the government would not prevail, because the act of preventing is not an element of a conspiracy under § 372.

### 3. Other Circuits Have Held That A Conspiracy Is Not A Crime Of Violence Under the Force Clause

Several circuits have expressly held, or ruled by implication, that a conspiracy to commit a crime of violence is not itself a crime of violence under the "force clause" in any of the commonly used statutory or guidelines definitions of violent felony or crime of violence.  Defendant asks the court to adopt the well-reasoned analysis of these decisions.

In *United States v. White*, 571 F.3d 365 (4th Cir. 2009), *abrogated on other grounds by Johnson II*, the Court was asked to consider whether a North Carolina conviction for a conspiracy to commit robbery with a dangerous weapon was a violent felony under the ACCA definition.  The Court summarily brushed aside the thought that the offense was a

Page 5 – DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS COUNT 3

HOEVET OLSON HOWES, PC
ATTORNEYS AT LAW
1000 S.W. BROADWAY, #1500
PORTLAND, OREGON  97205
(503) 228-0497

violent felony under the force clause, observing that "it does not have 'as an element the use, attempted use, or threatened use of physical force against the person of another.'" *Id.* at 369, *quoting* 18 U.S.C. § 924(e)(2)(B)(i). The Court went on to hold that the conspiracy offense satisfied the residual clause, but that part of the Court's holding expressly was abrogated by *Johnson II*. *See also United States v. Melvin*, 621 Fed. Appx. 226 (4th Cir. 2015) (prior convictions for conspiracy to commit robbery with a dangerous weapon did not qualify as ACCA violent felonies under either the force clause or residual clause).

In *United States v. Gore*, 636 F.3d 728 (5th Cir. 2011), the Fifth Circuit held that a conspiracy to commit aggravated robbery under Texas law did not satisfy the "force clause" of the ACCA definition of violent felony. "[A] conviction for conspiracy to commit aggravated robbery does not have 'as an element the use, attempted use, or threatened use of physical force against the person of another.'" *Id.* at 730. The Court reasoned that a factfinder could convict a person of a conspiracy to commit aggravated robbery by concluding that there was an agreement to commit a robbery "without finding that physical force against the person of another was actually used or that there was an attempted or threatened use of such force." *Id.* at 731.

In *United States v. King*, 979 F.2d 801 (10th Cir. 1992), the Tenth Circuit held that a New Mexico conviction for a conspiracy to commit armed robbery was not a predicate ACCA "violent felony" under the force clause. The Court stated:

> "Because the crime of conspiracy in New Mexico is complete upon the formation of the intent to commit a felony, and does not require that any action be taken on that intent, the elements of a conspiracy to commit a violent felony do not include the threatened use of physical force. We therefore hold that a conspiracy conviction does not qualify as a 'violent felony' under the first statutory definition of § 924(e)(2)(B)(i)." *Id.* at 803.

Page 6 – DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS COUNT 3

HOEVET OLSON HOWES, PC
ATTORNEYS AT LAW
1000 S.W. BROADWAY, #1500
PORTLAND, OREGON 97205
(503) 228-0497

The *King* Court also held that the conspiracy offense was not a violent felony under the residual clause. *Id.* at 804.

The First Circuit's rejection of the force clause in this context was more by implication. In *United States v. Fiore,* 983 F.2d 1, 4 (1st Cir. 1992), the Court considered whether a conspiracy to break and enter a commercial premises is a crime of violence under the guideline definition of crime of violence. The defendant argued that the offense did not fall under either the "force" clause or the "enumerated crime" clause. The Court did not expressly disagree with defendant, but stated that he had overlooked the residual clause, which the Court found to be applicable.

Defendant could find only one case, from the Third Circuit, in which the Court held that a conspiracy to commit a violent felony (a robbery) was a violent felony under the force clause. *United States v. Preston,* 910 F2d 81, 86 (3rd Cir. 1990). However, as noted in *King,* 979 F.2d at 802, the decision appears to rest on Pennsylvania law regarding the elements of a conspiracy offense that must be found by the jury.

In sum, nationwide the Courts are virtually uniform in holding that a conspiracy to commit a robbery or other violent crime is not itself a crime of violence or a violent felony under the force clause.

4. **If Congress Had Intended to Include Conspiracies to Commit Violent Crimes Within The Force Clause of Section 924(c)(3), It Would Have Expressly Done So**

If Congress had wanted to bring conspiracies to commit violent crimes within the ambit of the force clause, it expressly would have put a "conspiracy to use physical force" in the list of necessary elements, along with the other inchoate offense that is there – "attempt." In the context of the Immigration and Naturalization Act, discussed above, Congress showed the ability to do just that by defining "aggravated felony" to include an

/ / /

Page 7 – DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN
        SUPPORT OF MOTION TO DISMISS COUNT 3

HOEVET OLSON HOWES, PC
ATTORNEYS AT LAW
1000 S.W. BROADWAY, #1500
PORTLAND, OREGON 97205
(503) 228-0497

"attempt or *conspiracy* to commit" any of the listed offenses. 8 U.S.C. § 1101(a)(43)(U) (emphasis added).

Also, the legislative history of the definition of "violent felony" in § 924 reveals that, in 1984, a bill was proposed that would have defined it to include "a conspiracy or attempt to commit" any robbery or burglary offense. S. 52, 98th Cong. 2d Sess., § 2 (1984). The bill that became law omitted this reference to a conspiracy.

These examples show that Congress at various times and in similar contexts has given thought to specifically including conspiracies within statutes that define predicate crimes. Its choice to leave out conspiracies in § 924(c)(3) should be regarded as deliberate.

### 5. Conclusion

Because a conspiracy requires only proof of an agreement and not the accomplishment of the criminal objective, a conspiracy cannot be a crime of violence under the force clause of § 924(c)(3)(A). Because the residual clause of subsection (B) is void for vagueness, the Court must conclude that a conspiracy under § 372 is not a crime of violence and dismiss Count 3.

DATED this 26th day of May, 2016.

                              HOEVET OLSON HOWES, PC

                              *s/ Per C. Olson*
                              Per C. Olson, OSB #933863
                              Attorney for Defendant David Fry

Page 8 – DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN
         SUPPORT OF MOTION TO DISMISS COUNT 3

HOEVET OLSON HOWES, PC
ATTORNEYS AT LAW
1000 S.W. BROADWAY, #1500
PORTLAND, OREGON 97205
(503) 228-0497