IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| UNITED STATES OF AMERICA, | 3:16-cr-00051-BR |
|---|---|
| Plaintiff, | ORDER ON DEFENDANTS' MOTION FOR BILL OF PARTICULARS |
| v. | |

AMMON BUNDY, JON RITZHEIMER, JOSEPH O'SHAUGHNESSY, RYAN PAYNE, RYAN BUNDY, BRIAN CAVALIER, SHAWNA COX, PETER SANTILLI, JASON PATRICK, DUANE LEO EHMER, DYLAN ANDERSON, SEAN ANDERSON, DAVID LEE FRY, JEFF WAYNE BANTA, SANDRA LYNN ANDERSON, KENNETH MEDENBACH, BLAINE COOPER, WESLEY KJAR, COREY LEQUIEU, NEIL WAMPLER, JASON CHARLES BLOMGREN, DARRYL WILLIAM THORN, GEOFFREY STANEK, TRAVIS COX, ERIC LEE FLORES, and JAKE RYAN,

Defendants.

BROWN, Judge.

This matter comes before the Court on the Motion (#469) of Defendant Joseph O'Shaughnessy (and on behalf of all Defendants) for a Bill of Particulars.  The Court heard oral argument on this

1 - ORDER ON DEFENDANTS' MOTION FOR BILL OF PARTICULARS

Motion on May 23, 2016, and took this matter under advisement. Having fully considered the arguments of the parties in their briefs and during oral argument, the Court, for the reasons that follow, **DENIES** the Motion.  In the exercise of its case-management discretion, however, the Court directs the government to provide to each Defendant[1] **no later than June 6, 2016,** a statement of the primary factual basis for each Count as to which the government intends to proceed to trial against such Defendant and a statement as to whether the government asserts a particular Defendant's alleged criminal liability is as a principal and/or as an aider and abettor as further specified herein.

<u>**BACKGROUND**</u>

In this Motion, Defendants argue that "in light of the voluminous discovery, . . . [numerous] witnesses, and overly general allegations in the [Superseding I]ndictment," Defendants are in need of a Bill of Particulars that explains the basis of the allegations against each Defendant "with sufficient specificity" so that they "may adequately prepare for motion litigation and trial on the Court's expedited schedule."[2] Defendants also assert that preparing their respective defenses

---

[1] The government need not provide such statements to Defendants Corey Lequieu and Eric Lee Flores.

[2] Jury selection for the 22 Defendants who have not waived their speedy trial rights remains set to begin 9/7/16.

2  - ORDER ON DEFENDANTS' MOTION FOR BILL OF PARTICULARS

is "impaired by the lengthy time frame of the incident and constant surveillance" over 41 days resulting in government discovery of up 10 terabytes of data and up to 500,000 pages of documentary discovery.  In the Motion, Defendants ask the Court to require the government to make 26 various specifications in a Bill of Particulars.

At the hearing Defendants also argued a Bill of Particulars was needed to address "multiple [witness] misidentifications of Defendants as to various overt acts" which Defendants contend have occurred during the government's investigation of the underlying events and to specify "which witness says which Defendant was involved in which alleged overt act."[3]  Defendants also asserted they each need a Bill of Particulars to determine whether to seek severance from the other Defendants for trial. Defendants insist that even with multiple charging instruments and voluminous discovery they do not understand what evidence and theories of liability the government intends to present against the individual Defendants.

---

[3] Although the government chose to allege various overt acts in furtherance of the 18 U.S.C § 372 Conspiracy charged in Count One of the Superseding Indictment, the Court notes the text of that statute does not include an overt act requirement, and, therefore, the government is not required to prove any overt act as an element of that offense.  See Ninth Circuit Model Jury Instruction 8.20 cmt. (2010)(citing *Whitfield v. United States*, 543 U.S. 209, 212-15 (2005)(proof of overt act not necessary for conspiracy to commit money laundering); and *United States v. Shabani*, 513 U.S. 10, 15-16 (1994)(proof of overt act not necessary for conspiracy to violate drug statutes)).

3  - ORDER ON DEFENDANTS' MOTION FOR BILL OF PARTICULARS

The government opposes the Motion on the bases that (1) the Superseding Indictment together with "three detailed complaint affidavits" contains adequate factual allegations as to all Counts against all Defendants and (2) those allegations in combination with the extensive discovery produced thus far (and evidently still to be produced) adequately inform each Defendant of the evidence against him or her.  At the hearing, the government reiterated that a Bill of Particulars was not warranted in this case and suggested the Court require the parties to confer about any uncertainties Defendants may have about the charges and evidence against them.

## STANDARDS

The Ninth Circuit's most comprehensive statement of the standard to apply in deciding a motion for a bill of particulars is in *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983), in which the court stated:

> A motion for a bill of particulars is appropriate where a defendant requires clarification in order to prepare a defense.  *Will v. United States*, 389 U.S. 90, 99 (1967); *United States v. Clay*, 476 F.2d 1211, 1215 (9th Cir. 1973). It is designed to apprise the defendant of the specific charges being presented to minimize danger of surprise at trial, to aid in preparation and to protect against double jeopardy.  *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978).

> * * *

> In determining if a bill of particulars should be ordered in a specific case, a court should consider whether the

4  - ORDER ON DEFENDANTS' MOTION FOR BILL OF PARTICULARS

> defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government.  *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979).  Full discovery will obviate the need for a bill of particulars.  *Id.; United States v. Clay*, 476 F.2d 1211, 1215 (9th Cir. 1973).

*Long*, 706 F.2d at 1054.  *See also United States v. Folsom*, 414 F. App'x 95, 97 (9th Cir. 2011).  "'Generally, an indictment is sufficient if it sets forth the elements of the charged offense so as to ensure the right of the defendant not to be placed in double jeopardy and to be informed of the offense charged.'" *United States v. Rodriguez*, 360 F.3d 949, 958 (9th Cir. 2004)(quoting *United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995)).  "The decision whether to grant a request for a bill of particulars is directed to the trial court's discretion." *Long*, 706 F.2d at 1054.

## ANALYSIS

Applying these standards to the 26 Defendants named in the 6-Count Superseding Indictment, the Court concludes a Bill of Particulars is not warranted in the exercise of the Court's discretion.

Each Count of the Superseding Indictment sufficiently specifies the elements of each offense and names which Defendants are in jeopardy on each Count.  None of the Defendants should be confused that each is named as a conspirator in Count One or what the elements of that offense are.  Nor is it necessary in

5  - ORDER ON DEFENDANTS' MOTION FOR BILL OF PARTICULARS

preparing a defense to Count One that the government specify "what officers and employees" of the Bureau of Land Management and the Fish and Wildlife Service "were the focus of the alleged conspiracy" or "what duties" of these individuals were prevented or impeded because any fair reading of the Superseding Indictment clearly conveys the government's allegations that the conspirators prevented and impeded *all* such officers and employees from performing *all* of their duties while the conspirators occupied their workplace.  Similarly, Defendants have not shown it is necessary for preparing their defenses for the government to specify in a Bill of Particulars the evidence that it contends will prove an individual Defendant's intent or knowledge or any of the other particulars by which the remaining questions raised in Defendant's Motion would be answered.

On the other hand, it would be very helpful for case-management purposes in the 14 weeks remaining before jury selection begins and, in particular, with respect to the upcoming deadlines for the parties to submit jointly proposed "elements" jury instructions and for Defendants to file their "Round Two" Defendant-specific Motions for the government to provide to each Defendant the following:

1.    A statement of the primary factual bases supporting the Defendant's alleged criminal liability for each Count in which that Defendant is charged; and

6  - ORDER ON DEFENDANTS' MOTION FOR BILL OF PARTICULARS

2.    A statement as to whether such alleged criminal liability is as a principal, an aider-and-abettor, or both.

In the exercise of its case-management discretion and to facilitate the parties' mutual trial preparation, therefore, the Court directs the government to provide such statements to each Defendant **no later than June 6, 2016.**  The Court does not intend by this Order to limit the scope of relevant evidence that the government may seek to introduce at trial or otherwise to relieve the government of its discovery and other disclosure obligations. Instead, the purpose of this case-management directive is for the government to provide each Defendant a basic, factual orientation to the government's theories of liability in order to address Defendants' concerns about alleged factual misidentifications and to reassure Defendants that their motion and trial preparation efforts are meaningfully directed and not wasted.


## CONCLUSION

For these reasons, the Court, in the exercise of its discretion, **DENIES** Defendant Joseph O'Shaughnessy's Motion (#469) for a Bill of Particulars on behalf of all Defendants.  In the exercise of its case-management discretion and to facilitate the parties' mutual trial preparation, however, the Court directs the

government to provide to each Defendant **no later than June 6, 2016,** the two statements herein specified.

IT IS SO ORDERED this 26th day of May, 2016.

ANNA J. BROWN
United States District Judge

8   – ORDER ON DEFENDANTS' MOTION FOR BILL OF PARTICULARS