BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**ETHAN D. KNIGHT, OSB #992984**
**GEOFFREY A. BARROW**
**CRAIG J. GABRIEL, OSB #012571**
Assistant United States Attorneys
ethan.knight@usdoj.gov
geoffrey.barrow@usdoj.gov
craig.gabriel@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:16-CR-00051-BR-13 |
| v. | GOVERNMENT'S RESPONSE TO DEFENDANT FRY'S SUPPLEMENTAL |
| DAVID LEE FRY, | MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNT 3 |
| Defendant. | (ECF 613) |

The United States of America, by Billy J. Williams, United States Attorney for the District of Oregon, and through Ethan D. Knight, Geoffrey A. Barrow, and Craig J. Gabriel, Assistant United States Attorneys, hereby responds to defendant Fry's Supplemental Memorandum in Support of Motion to Dismiss Count 3 (ECF 613).

On April 27, 2016 defendant filed a Motion to Dismiss Count Three of the indictment, alleging defendant had possessed a firearm while committing a crime of violence.    (ECF 466). On, June 11, 2016, the government filed its response.    (ECF 548).    On June 23, 2016, the Court heard oral argument on defendant's Motion.    At oral argument, defendant sought and

received permission from the Court to file a supplemental brief relating to defendant's argument that 18 U.S.C. § 372 (Section 372) is not categorically a crime of violence under the "force clause" of 18 U.S.C. § 924 (c)(3)(A).  While there is no direct legal authority supporting the proposition that Section is categorically a crime of violence under 18 U.S.C. § 924 (c)(3)(A), this Court should nevertheless find that Section 372 is a crime of violence under the force clause because the conspiracy contemplated by Section 372 requires that the members of the conspiracy conspired to prevent by "force, threats, or intimidation."  Moreover, the elements of Section 372 constitute a crime of violence under the "residual clause" of 18 U.S.C. § 924 (c)(3)(B).[1]

## I.   While conspiracies generally do not require "force," Section 372 is different

Defendant correctly notes that two District Courts, post *United States v. Johnson*, 135 S. Ct. (2015) (*Johnson II*), have held that held that a conspiracy cannot be a crime of violence under the force clause, 18 U.S.C. § 924 (c)(3)(A).  Another District Court has reached the same conclusion in a case not cited by defendant.  See, *United States v. Merritte*, 2016 WL 2901661 (D. Nev. 2016) (holding that a Hobbs Act conspiracy is not a 924(c) crime of violence).

Section 372 differs from a Hobbs Act robbery, however, because the nature of the conspiracy necessarily involves either force or the threat of force; the conspiracy itself threatens the same harm that other statutes that explicitly include "force" as an element.  The Third Circuit recognized this principle in *United States v. Preston,* 910 F.2d 81, 86 (3d Cir. 1990); and the Ninth Circuit (albeit without much analysis) affirmed a 924(c) conviction under the "force" clause for a charge that included that the defendant engaged in a conspiracy to make, to deposit

---

[1] The government also argued in its responding brief that Section 372 is a crime of violence under the "modified categorical approach" but those arguments are not addressed here as this response to defendant's supplemental filing is intended only to address arguments related to 18 U.S.C. § 924 (c)(3).

**Government's Response to Defendant Fry's Supplemental Memorandum in       Page 2
Support of Motion to Dismiss Count 3 (#613)**

for mailing, and to cause a destructive device to be delivered with the intent to kill or injure. *United States v. Collins,* 109 F.3d 1413 (9th Cir. 1997).[2]

## II.    Section 372 is a crime of violence under 924(c)(3)(B) (residual clause)

Defendant argues that under *Johnson II*, a conspiracy to commit a violent crime can no longer be considered a crime of violence under 18 U.S.C. § 924 (c)(3)(B).   (Def Supp Mem at 2).   Taken to its logical extreme, plainly violent crimes like conspiracy to commit murder would fail to qualify as a predicate offense under 924(c).   Although defendant relies upon two very recent district court decisions that applied *Johnson II* and *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), to hold that 924(c)'s residual clause is unconstitutional, no appellate court has reached that conclusion to date.   (Def Supp Mem at 1-2).   In fact, the only appellate court decision to address whether Johnson applies to 924(c) at all held that it does not:   *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016).   The district court decisions, while attempting to follow the Ninth Circuit's lead, failed to analyze the significant differences between 924(c) and criminal statutes like the ACCA and 16(b).   Simply overlaying the Supreme Court's ruling in *Johnson II* onto an entirely different statute that operates in a far different manner should not compel this Court to accept defendant's arguments, particularly when the only Circuit opinion on point reached the opposite result.[3]

Unlike the ACCA and 16(b), the charge in 924(c) is not designed to enhance punishment for past conduct.   Instead, 924(c) seeks to capture the increased risk of harm occasioned by

---

[2] As defendant notes, (Def Supp Mem at 7), such a finding by this Court would not be completely unprecedented. (See *United States v. Preston*, 910 F.2d 81, 86 (3d Cir.1990) (conspiracy to commit robbery came within the "force" clause because "the elements of criminal conspiracy to commit robbery ... subsume the elements of robbery").
[3] If the Ninth Circuit were to extend *Johnson* (2015) to 924(c) it would create another inter-circuit split that would have to be resolved (ultimately) by the Supreme Court.

**Government's Response to Defendant Fry's Supplemental Memorandum in              Page 3
Support of Motion to Dismiss Count 3 (#613)**

those who commit potentially violent felonies with firearms. Thus, whether Section 372 constitutes the type of violent or potentially violent crime is a question that should be answered by the jury. As the government has previously argued, this Court may determine that the offense categorically qualifies as a violent offense, and then leave to the jury the question of whether the defendants actually employed firearms in connection with a crime that threatens a substantial risk of physical force. The government believes it can carry this burden: a person who sits in the doorway of a federal facility, blocking employees' entrance, has impeded the discharge of those employees' official duties. But such a person is easily removed without violence or significant risk of harm. Contrast that with a person who sits in the doorway of a federal building holding a loaded firearm; that person is not easily removed. He poses a significant risk of harm to himself, his compatriots, and the law enforcement officers who seek to secure his removal. It is the latter conduct that 924(c) was designed to address, and as a consequence, this charge should stand.

### III.   Conclusion

The Court should deny defendant's Motion to Dismiss.

Dated this 1st day of June 2016.

>
> Respectfully submitted,
>
> BILLY J. WILLIAMS
> United States Attorney
>
> *s/ Ethan D. Knight*
> ETHAN D. KNIGHT, OSB #992984
> GEOFFREY A. BARROW
> CRAIG J. GABRIEL, OSB #012571
> Assistant United States Attorneys

**Government's Response to Defendant Fry's Supplemental Memorandum in         Page 4
Support of Motion to Dismiss Count 3 (#613)**