KENNETH MEDENBACH SWIS#794840
MCDC
11540 NE Inverness Drive
Portland, OR 97220
Phone: (503) 699-7333
FAX: (503) 345-9372
e-mail: mattschindler@comcast.net

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff,**<br><br>**vs.**<br><br>**KENNETH MEDENBACH,**<br><br>**Defendant(s).** | **Case No. 3:16-CR-00051-16-BR**<br><br>**AMENDED MOTION TO DISMISS (ORAL ARGUMENT REQUESTED)** |

Pro se defendant, Kenneth Medenbach, moves the Court to amend his prior Motion to Dismiss (ECF#505). The defendant requests oral argument. The requested amendments are based on newly discovered historical information and legal materials only recently obtained by defendant.

1. **The scope of <u>other property</u> as that term is used in Article IV, Section 3 has been consistently misinterpreted by the federal courts to include public lands.**

   In Article IV, Section 3, Clause 2 of the United States Constitution it states:

   "The Congress shall have  Power to dispose of and  make all needful Rules and  Regulations respecting  the  <u>Territory</u>  or  <u>other  property</u> belonging to the United States;…"

The "needful rules and regulations respecting the <u>Territory</u> or <u>other property</u> belonging to the United States" as it relates to territory ceded by individual states to the United States and for purposes of Article IV, Section 3, cl. 2, were established by Congress through the Land Ordinance of 1784, the Land Ordinance of 1785, the Northwest Ordinance of 1787, almost all Acts to Establish Territorial Governments in the States, the 19 Organic Acts established by Congress to manage federal lands and even haphazardly in the Oregon Admission Act.

As it relates to territories at the time of the ratification of the United States Constitution, the Northwest Ordinance of 1787, in Section 14, Article 4, states; "no tax shall be imposed on lands [or] the property of the United States;...."[1]

The Ordinance of 1784 Resolution was put into operation by the Ordinance of 1785 by providing a mechanism for selling and settling the land. The Northwest Ordinance of 1787 addressed political needs. Following the Ordinance of 1785 Congress eased conditions for sales on credit. Widespread defaults and forfeitures followed. As these defaults and forfeitures were being re-vested in and reverted to the United States, these <u>lands or the property</u> of the United States became <u>territory</u> or <u>other property</u> of the United States, in Article 4, Section 3, Clause 2, that couldn't be taxed when available for disposal, but could be taxed, once homesteaded.

The needful rules and regulations respecting the Territory or other property" as it relates to Oregon and for the purposes of Article 4 Section 3,

---

[1] Defendant believes that the text of the Northwest Ordinance of 1787 is missing the word "or." Without that word added the <u>"lands,"</u> referred to in the Ordinance are not in the <u>proper relation</u> to <u>"property"</u> as non-taxable <u>lands or the property</u> of the United States. Neither the online printed version of the Northwest Ordinance nor the handwritten version contain this necessary language. [The Northwest Ordinance handwritten version lacks a Section 14, Article 4 entirely.] The <u>proper relation</u> between <u>"lands or the property"</u> is to clarify that the <u>lands or the property</u> of the United States cannot be taxed. When homesteaded, <u>lands</u> can be taxed and improvements to the <u>lands</u>, which would be <u>property</u>, can be taxed, as in houses, barns, fences and other like structures. <u>Other property</u> in Article 4, Section 3, Cl. 2, of the United States Constitution would be <u>property</u>, in <u>proper relation</u> to <u>lands</u> in the Northwest Ordinance of 1787, not public lands.

cl. 2, were also established by Congress through the Oregon Territorial Act of 1848:

> "AN ACT, To Establish The Territorial Government Of Oregon, . . .
> Section 6.  And be it further enacted, that the legislative power of the
> territory, shall extend to all rightful subjects of legislation not
> inconsistent with the Constitution and laws of the United States; but
> no law shall be passed interfering with the primary disposal of the soil;
> no tax shall be imposed upon the property of the United States; nor
> shall the lands or other property of nonresidents, be taxed higher than
> the lands or other property of residents.  All the laws passed by the
> legislative assembly, shall be submitted to the Congress of the United
> States, and if disapproved shall be null and of no effect…
>
> And all such laws, or any law or laws, inconsistent with the provisions
> of this act, shall be utterly null and void; and all taxes shall be equal
> and uniform, and no distinction shall be made in the assessments
> between different kinds of property, but the assessments shall be
> according to the value thereof.  To avoid improper influences, which
> may result from intermixing in one and the same act such things have
> no proper relation to each other, "every law shall embrace but one
> object, and that shall be expressed in the title."

For the purposes of the Oregon Territory Act and Article IV, Section 3, Clause 2 of the United States Constitution other property means houses, barns, fences and other like structures. In the American West, 57% of the homesteaders made good on their claims allowing them to retain possession of their homestead. Nevertheless a large proportion of homesteaders, 43%, had their lands or other property re-vested in or reverted back to the United States under the Donation Land Claim Act of 1850. It is only these lands or other property that became "Territory" or other property belonging to the United States.

In the Constitution the only place the phrase "other property" appears is in Article 4, Section 3, cl. 2: lands which used to be territory, until homesteaded became lands in relation to other property for taxation purposes.  The only thing

lands could have been a proper relation to involving taxes, would be houses, barns, fences and other like structures that are taxable.  Other property in Article 4 Section 3 Clause 2, can only be houses, barns, fences and other like structures.

The present state of the law is that the Supreme Court decided in 1840 that the phrase other property is public lands.  *United States v. Gratiot,* 39 US 526, 537 (1840):

> "The term territory as here used is merely descriptive of one kind of property: and is equivalent to the word lands. And Congress has the same power over it as over any other property belonging to the United States; and this power is vested in Congress without limitation;"

The Supreme Court is wrong. Public lands are not a proper relation to lands or territory. The Constitution does not expressly define the phrase other property. We must go to the Oregon Territorial Act of 1848 to understand the limitations on what "other property is." We know at the time of the ratification of the Constitution there were no public lands in the States. The only land controlled by the federal government was "Territory" at the time the Constitution was ratified.  Houses, barns, fences and other like structures that re-vested in or reverted to the federal government under the Donation Land Claim Act of 1850 are the other property that is in proper relation to lands or Territory as understood in the Oregon Territorial Act of 1848.

## 2. This definition of other property is inconsistent with intent of the framers to preserve the sovereignty of the States.

"FREE AND INDEPENDENT STATES" were paramount to the founding of our Nation according to the Declaration of Independence. Similarly, the Articles of the Confederation states: "Each said State retains its sovereignty, freedom, and independence." The United States Constitution supports the same ideals in establishing a federal government of limited and enumerated powers. If the

Constitution does not delegate that power, the federal government does not have that power.

Our founding fathers would never have imagined that legislation inconsistent to the Constitution over taxing <u>lands</u> and or <u>other property</u> would morph into the federal government owning public lands in the states.

Nothing in the Constitution delegates to the federal government the power to own lands in the States, nor is the power to own lands in the States prohibited by the Constitution to the States, thus the power to own lands in the States is reserved to the States, pursuant to the 10th Amendment. "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the People."

3. **<u>Conclusion</u>**:

Since this land did not belong to federal government and in fact belonged to the People of the State of Oregon, this Court may not exercise jurisdiction over these defendants and this case should be dismissed.

Respectfully submitted on June 9, 2016

Kenneth Medenbach
Pro Se Defendant.