IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

v.

AMMON BUNDY, JON RITZHEIMER,
JOSEPH O'SHAUGHNESSY, RYAN
PAYNE, RYAN BUNDY, BRIAN
CAVALIER, SHAWNA COX, PETER
SANTILLI, JASON PATRICK,
DUANE LEO EHMER, DYLAN
ANDERSON, SEAN ANDERSON,
DAVID LEE FRY, JEFF WAYNE
BANTA, SANDRA LYNN ANDERSON,
KENNETH MEDENBACH, BLAINE
COOPER, WESLEY KJAR, COREY
LEQUIEU, NEIL WAMPLER, JASON
CHARLES BLOMGREN, DARRYL
WILLIAM THORN, GEOFFREY
STANEK, TRAVIS COX, ERIC LEE
FLORES, and JAKE RYAN,

        Defendants.

3:16-cr-00051-BR

ORDER GRANTING MOTION
(#465) TO DISMISS AND
DISMISSING COUNT
THREE OF THE SUPERSEDING
INDICTMENT

**BROWN, Judge.**

This matter comes before the Court on the Motion (#465) to Dismiss filed by Defendants David Lee Fry,[1] Ammon Bundy, Jon Ritzheimer, Ryan Payne, Ryan Bundy, Brian Cavalier, Jason Patrick, and Sean Anderson. For the reasons that follow, the Court **GRANTS** Defendants' Motion and **DISMISSES** Count Three of the Superseding Indictment.

<u>BACKGROUND</u>

In Count Three of the Superseding Indictment (#282) the government charges Defendants with the use and carrying of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). The "crime of violence" to which Count Three refers is the conspiracy to impede officers of the United States in violation of 18 U.S.C. § 372 as charged in Count One of the Superseding Indictment. In Count One the government alleges Defendants

> knowingly and willfully conspire[d] and agree[d] together and with each other and with persons known and unknown to the Grand Jury to prevent by force, intimidation, and threats, officers and employees of the United States Fish and Wildlife Service and the Bureau of Land Management, agencies within the United States Department of the Interior, from discharging the

---

[1] The Motion was filed by David Lee Fry on behalf of each of the Defendants named in Count Three of the Superseding Indictment, and for purposes of this Order the Court uses "Defendants" and "all Defendants" to refer to those Defendants.

duties of their office at the Malheur National Wildlife
Refuge and other locations in Harney County, Oregon, in
violation of Title 18, United States Code, Section 372.

## DISCUSSION

Defendants contend Count Three must be dismissed because the
Section 372 conspiracy offense charged in Count One is not a
"crime of violence" within the meaning of § 924(c)(1)(A).

Section 924(c)(3) defines a "crime of violence" as

> an offense that is a felony and –
>
> (A) has as an element the use, attempted use, or
> threatened use of physical force against the person or
> property of another, or
>
> (B) that by its nature, involves a substantial risk
> that physical force against the person or property of
> another may be used in the course of committing the
> offense.

The first half of this statutory definition of crime of violence
is known as the "force clause."  The second half of the
definition, § 924(c)(3)(B), is known as the "residual clause."

Section 372, in turn, prohibits

> conspir[ing] to prevent, by force, intimidation, or
> threat, any person from accepting or holding any
> office, trust, or place of confidence under the United
> States, or from discharging any duties thereof, or to
> induce by like means any officer of the United States
> to leave the place, where his duties as an officer are
> required to be performed, or to injure him in his
> person or property on account of his lawful discharge
> of the duties of his office, or while engaged in the
> lawful discharge thereof, or to injure his property so
> as to molest, interrupt, hinder, or impede him in the
> discharge of his official duties.

3 – ORDER GRANTING MOTION (#465) TO DISMISS AND DISMISSING COUNT
THREE OF THE SUPERSEDING INDICTMENT

I.   **Standard**

At the outset the Court must determine the standard to apply when assessing whether § 372 is a "crime of violence" within the meaning of § 924(c).

The parties generally agree the Court should apply the categorical approach first set out in *Taylor v. United States*, 495 U.S. 575 (1990), to determine whether § 372 is a "crime of violence" under § 924(c). Under the categorical approach the court "look[s] to the elements of the offense rather than the particular facts" underlying a defendant's conviction to decide whether the offense "criminalize[s] 'a broader swath of conduct' than the conduct" covered by the definition of "crime of violence" in § 924(c). *See United States v. Dominguez-Maroyoqui*, 748 F.3d 918, 920 (9th Cir. 2014)(quoting *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013)). Under the categorical approach the analysis focuses exclusively on the elements of the statute. Thus, if the elements of § 372 criminalize a "broader swath of conduct" than the definition of "crime of violence" in § 924(c), then § 372 cannot "qualify as a crime of violence, even if the facts underlying" the charge otherwise meet the definition. *Dominguez-Maroyoqui*, 748 F.3d at 920. *See also Taylor*, 495 U.S. at 600. The Court, therefore, does not express any opinion as to whether the alleged conduct underlying Count

One in the Superseding Indictment meets the definition of "crime of violence" in § 924(c).

"Under the categorical approach, the crime-of-violence determination 'function[s] as an on-off switch':  An offense qualifies as a crime of violence 'in all cases or in none.'" *Dominguez-Maroyoqui*, 748 F.3d at 920 (quoting *Descamps*, 133 S.Ct. at 2287).

Nevertheless, a court may employ a modified categorical approach in a "narrow range of cases" to look "beyond the statutory elements to 'the charging paper and jury instructions' used in a case" in order to determine whether the crime charged qualifies as a "crime of violence." *Descamps*, 133 S. Ct. at 2283-84 (quoting *Taylor*, 495 U.S. at 602).  Thus, the modified categorical approach is "a tool for implementing the categorical approach" that in certain cases permits the court to "examine a limited class of documents to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction." *Descamps*, 133 S. Ct. at 2284.  The modified categorical approach, however, does not provide any basis for the court to look at the conduct of the defendant beyond the elements within the statute.  *See id.*  In any event, a court may only apply the modified categorical approach if the "statute at issue is divisible." *Rendon v. Holder*, 764 F.3d 1077, 1083 (9th Cir.

2014).  The "critical distinction" when determining whether a
statute is divisible "is that while indivisible statutes may
contain multiple, alternative means of committing the crime, only
divisible statutes contain multiple, alternative elements of
functionally separate crimes."  *Id.* at 1084-85.

Here the government emphasizes the fact that the categorical
approach is most often applied when a court is retrospectively
determining whether a defendant's existing conviction qualifies
as a "crime of violence" for sentencing purposes or other
statutory applications.  Moreover, the government notes some
trial courts have questioned whether the categorical approach
even applies when a court is determining whether a concurrently-
charged offense for which a defendant has yet to stand trial
qualifies as a "crime of violence" under § 924(c)).  *See, e.g.,*
*United States v. Wells*, No. 2:14-cr-00280-JCM-GWF, 2015 WL
10352877, at *1-*5 (D. Nev. Dec. 30, 2015), adopted by 2016 WL
697107 (Feb. 19, 2016); *United States v. Woodley*, No. 15-cr-
20007, 2015 WL 7770859 (E.D. Mich. Dec. 3, 2015); *United States*
*v. Standberry*, 139 F. Supp. 3d 734, 735-37 (E.D. Va. 2015).  *But*
*see United States v. Smith*, No. 2:11-cr-00058-JAD-CWH, 2016 WL
2901661, at *3 (D. Nev. May 18, 2016)(questioning the "utility of
the categorical approaches outside of the sentencing context,"
but, nonetheless, following the Ninth Circuit's holding "that the

6 - ORDER GRANTING MOTION (#465) TO DISMISS AND DISMISSING COUNT
THREE OF THE SUPERSEDING INDICTMENT

categorical analyses apply to § 924(c) crime-of-violence
determinations both at trial and at sentencing 'without regard to
whether the given offense is a prior offense or the offense of
conviction.'")(quoting *United States v. Piccolo*, 441 F.3d 1084,
1086 (9th Cir. 2006)).  In particular, these courts have
questioned whether the Supreme Court's rationale for employing
the categorical approach in a retrospective analysis applies with
equal force when a court determines whether a concurrently-
charged offense is a "crime of violence" in the context of a
pretrial motion to dismiss.  These courts have observed that,
unlike in the sentencing context, a properly instructed jury may
determine factually whether the underlying crime qualifies a
"crime of violence."  *See Woodley*, 2015 WL 7770859, at *4-*5.

Although this Court acknowledges the legitimate reasoning of
the district court opinions on which the government relies, the
Court, nevertheless, is bound by Ninth Circuit precedent that the
categorical approach applies even in the context of determining
whether a concurrently-charged predicate offense is a "crime of
violence" under § 924(c).  *United States v. Amparo*, 68 F.3d 1222,
1224-26 (9th Cir. 1995).  *See also Piccolo*, 441 F.3d at 1086.
Thus, this Court must apply the categorical analysis (including,
if applicable, the modified categorical approach) when
determining whether § 372 categorically qualifies as a "crime of
violence" under either the force clause or the residual clause of

7 – ORDER GRANTING MOTION (#465) TO DISMISS AND DISMISSING COUNT
THREE OF THE SUPERSEDING INDICTMENT

§ 924(c)(3).

## II.  **The Force Clause**

As noted, the force clause, 18 U.S.C. § 924(c)(3)(A),
defines a "crime of violence" to include "an offense that is a
felony" and that "has as an element the use, attempted use, or
threatened use of physical force against the person or property
of another."  18 U.S.C. § 372, in turn, prohibits "conspir[ing]
to prevent, by force, intimidation, or threat" a federal official
from discharging the duties of their office.[2]

The plain language of Section 372 "criminalize[s] 'a broader
swath of conduct'" (*Dominguez-Maroyoqui*, 748 F.3d at 920 (quoting
*Descamps*, 133 S. Ct. at 2281)) than the definition of "crime of
violence" under the force clause, 18 U.S.C. § 924(c)(3)(A),
because a "threat" does not always implicate the "threatened use
of physical force against the person or property of another."
For example, because the express terms of § 372 do not limit a
"threat" to the threat of "physical force against the person or
property of another," a "threat" under § 372 could be a threat to
blackmail a federal officer for the purpose of preventing the
officer from discharging his or her duties, which is a kind of

---

[2] Although § 372 outlines four separate objects of the
conspiracy that are prohibited (*see United States v. Demott*, No.
05-CR-0073, 2005 WL 2314134 (N.D. N.Y. Sept. 22, 2005)), the only
object named in Count One of the Superseding Indictment is to
prevent officers of the United States "from discharging the
duties of their office" "by force, intimidation, and threats."

threat that does not necessarily require as an element the "threatened use of physical force."[3]  *See* 18 U.S.C. § 924(c)(3)(A).  Nevertheless, a "threat" under § 372 must be illegitimate.  *See United States v. Fulbright*, 105 F.3d 443, 452 (9th Cir. 1997).  Moreover, the Court notes the word "intimidation" may also encompass conduct that does not present a threat of physical force because "intimidation" could, for example, apply to threats of nonviolent harm to property.  *See United States v. Cassel*, 408 F.3d 622, 636 (9th Cir. 2005)("We conclude that 'intimidation' under 18 U.S.C. § 1860 requires the threat of harm inflicted by the defendant upon the victim's person or property.").

The Court, therefore, concludes § 372 criminalizes a "broader swath of conduct" than the definition of "crime of violence" in the force clause, and, consequently, § 372 is not a categorical match to the force clause.  *See Dominguez-Maroyoqui*, 748 F.3d at 920.

In addition, the Court concludes it may not apply the

---

[3] In its Order (#650) Regarding Defendants' Motions to Dismiss Count One for Vagueness and Overbreadth, the Court narrowly construed a "threat" under § 372 to be limited to "true threats" as well as nonviolent threats such as blackmail and extortion that are not protected by the First Amendment.  When applying the categorical approach, however, the Court is not permitted to construe a statute to narrow the sweep of a "broader swath of conduct" in order to find a match to the § 924(c)(3) definition of "crime of violence."

modified categorical approach to determine whether § 372
qualifies as a "crime of violence" under § 924(c)(3)(A) because
§ 372 is not divisible as to whether the object of the conspiracy
was accomplished by "force, intimidation, or threat." Indeed,
the statutory text makes clear that "force, intimidation, or
threat" are three means by which the conspiracy to prevent
federal officials from discharging the duties of their office may
be accomplished. *See DeMott*, 2005 WL 2314134, at *1-*2.
Accordingly, the Court cannot employ the modified categorical
analysis to determine whether § 372 qualifies as a "crime of
violence" under 18 U.S.C. § 924(c)(3)(A).

Applying the categorical approach on this record, therefore,
the Court concludes § 372 is not a "crime of violence" as defined
in the force clause of 18 U.S.C. § 924(c)(3)(A).

## III. **The Residual Clause**

Section 372 may, nonetheless, constitute a "crime of
violence" within the meaning of § 924(c)(3) if § 372 is a
categorical match with the residual clause of § 924(c)(3)(B).
Rather than contend § 372 does not qualify as a "crime of
violence" under the residual clause, however, Defendants instead
argue the residual clause of § 924(c)(3)(B) is void because it is
unconstitutionally vague, and, therefore, the government may not
rely on the residual clause definition to qualify § 372 as a
"crime of violence." As noted, the residual clause defines a

"crime of violence" as an "an offense that is a felony" and "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."   18 U.S.C. § 924(c)(3)(B).

Defendants primarily rely on *United States v. Johnson*, 135 S. Ct. 2551 (2015), to support their argument that the residual clause of § 924(c)(3)(B) is void for vagueness.   In *Johnson* the Supreme Court addressed whether the "residual clause" of the Armed Career Criminal Act (ACCA) was void for vagueness.   The ACCA defined "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential of physical injury to another*."   18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added).   The closing clause of the definition (italicized above) was known as the "residual clause."   *Johnson*, 135 S. Ct. at 2555-56.

The *Johnson* Court explained that use of the categorical approach when determining whether a predicate offense fits within the ACCA's residual clause requires a court to "picture the kind of conduct that the crime involves in 'the ordinary case,' and to judge whether that abstraction presents a serious potential risk of physical injury."   *Id.* at 2557 (quoting *James v. United States*, 550 U.S. 192, 208 (2007)).

11 - ORDER GRANTING MOTION (#465) TO DISMISS AND DISMISSING COUNT THREE OF THE SUPERSEDING INDICTMENT

The Court then found "two features of the residual clause conspire to make it unconstitutionally vague." *Johnson*, 135 S. Ct. at 2557.  First, the Court determined "the residual clause leaves grave uncertainty about how to estimate the risk posed by a crime" because the court performing that analysis "ties the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." *Id.*

Second, the Court reasoned the ACCA residual clause "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony" because the court making that assessment must apply "an imprecise 'serious potential risk' standard" to a "judge-imagined abstraction" as a result of the "ordinary case" analysis.  *Id.* at 2558.  The Court found the "serious potential risk" standard to be especially unclear because the four enumerated crimes that the ACCA provided as examples (burglary, arson, extortion, and crimes involving the use of explosives) "are 'far from clear in respect to the degree of risk each poses.'"  *Id.* (quoting *Begay v. United States*, 553 U.S. 137, 143 (2008)).  Accordingly, the Court reasoned:  "By combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, the residual clause produces more unpredictability and arbitrariness than the Due Process Clause

12 - ORDER GRANTING MOTION (#465) TO DISMISS AND DISMISSING COUNT THREE OF THE SUPERSEDING INDICTMENT

tolerates."  *Johnson*, 135 S. Ct. at 2558.

In addition to evaluating the vagueness of the statute on its face, the Court in *Johnson* also noted its own "repeated attempts and repeated failures to craft a principled and objective standard out of the residual clause confirm its hopeless indeterminacy" and that lower courts had also struggled with how to apply the residual clause in the ACCA.  *Id.* at 2558, 2560-61.  Ultimately the Court concluded "[e]ach of the uncertainties in the residual clause may be tolerable in isolation, but 'their sum makes a task for us which at best could be only guesswork.'"  *Id.* at 2560.

Defendants contend the residual clause of § 924(c)(3)(B) is materially indistinguishable from the ACCA residual clause that the Supreme Court found void for vagueness in *Johnson*.  Moreover, Defendants point out that since *Johnson* the Ninth Circuit has held another statute, 18 U.S.C. § 16(b), incorporated into the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(F), is also void for vagueness on similar grounds.  *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015).

Section 16(b) defines a "crime of violence" as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 16(b).  After explaining that § 16(b)

13 - ORDER GRANTING MOTION (#465) TO DISMISS AND DISMISSING COUNT THREE OF THE SUPERSEDING INDICTMENT

"requires courts to 'inquire whether the conduct encompassed by the elements of the offense, in the ordinary case, presents' a substantial risk of force," the Ninth Circuit found the same two considerations that rendered the ACCA residual clause unconstitutionally vague also mandated the invalidation of § 16(b).  *Dimaya*, 803 F.3d at 1116-17 (quoting *Delgado-Hernandez v. Holder*, 697 F.3d 1125, 1128 (9th Cir. 2012)).  Defendants, therefore, contend the residual clause of § 924(c)(3)(B) is void for vagueness because it is materially indistinguishable from § 16(b).

On the other hand, the government emphasizes the *Dimaya* court expressly declined to "reach the constitutionality of applications of 18 U.S.C. § 16(b) outside of 8 U.S.C. § 1101(a)(43)(F) or to cast any doubt on the constitutionality of 18 U.S.C. § 16(a)'s definition of a crime of violence."  *Dimaya*, 803 F.3d at 1120 n.17.  In addition, the government asserts the residual clause of § 924(c) is distinguishable from the ACCA residual clause that the Supreme Court invalidated in *Johnson* because § 924(c)(3)(B) lacks the list of enumerated offenses that contributed to the vagueness of the ACCA residual clause, does not require a court to look beyond the elements of the predicate offense, and does not carry with it the same history of "repeated attempts and repeated failures to craft a principled and objective standard" as the ACCA residual clause.  *See Johnson*,

14 - ORDER GRANTING MOTION (#465) TO DISMISS AND DISMISSING COUNT THREE OF THE SUPERSEDING INDICTMENT

135 S. Ct. at 2558.

Nevertheless, the Court notes many of the grounds that the government relies on to distinguish § 924(c)(3)(B) from the ACCA residual clause were considered and rejected by the Ninth Circuit in *Dimaya*. *See* 803 F.3d at 1118-19. Moreover, following *Johnson* and *Dimaya*, several district courts within the Ninth Circuit have concluded § 924(c)(3)(B) is unconstitutionally vague. *See United States v. Baires-Reyes*, No. 15-cr-00122-EMC-2, 2016 WL 3163049, at *3-*5 (N.D. Cal. June 7, 2016)(finding the reasoning of *Dimaya* applies to the residual clause of § 924(c)(3)(B) and, accordingly, finding § 924(c)(3)(B) void for vagueness); *United States v. Lattanaphom*, No. 2:99-00433 WBS, 2016 WL 393545, at *3-*6 (E.D. Cal. Feb. 2, 2016); *United States v. Bell*, No. 15-cr-00258-WHO, 2016 WL 344749, at *13 (N.D. Cal. Jan. 28, 2016). Although the government correctly points out that the Sixth Circuit in *United States v. Taylor* concluded the residual clause of § 924(c)(3)(B) was not unconstitutionally vague in light of *Johnson*, the Sixth Circuit did so only after acknowledging "§ 16(b) appears identical to § 924(c)(3)(B) in all material respects" and only after expressly declining to follow the Ninth Circuit's reasoning in *Dimaya*. 814 F.3d 340, 379 (6th Cir. 2016).

Unlike the Sixth Circuit in *Taylor*, this Court is not empowered to decline to follow *Dimaya*. As the *Taylor* court

15 - ORDER GRANTING MOTION (#465) TO DISMISS AND DISMISSING COUNT THREE OF THE SUPERSEDING INDICTMENT

noted, "§ 16(b) appears identical to § 924(c)(3)(B) in all material respects." *Id.* Accordingly, because the Court is bound by *Dimaya*, the Court must conclude § 924(c)(3)(B) is void for vagueness. As a result, the Court cannot rely on the residual clause in § 924(c)(3)(B) to conclude that § 372 is a crime of violence.

For these reasons, the Court concludes on this record that § 372 is not a crime of violence within the meaning of § 924(c)(3), and, therefore, Count Three must be dismissed.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion (#465) to Dismiss and **DISMISSES** Count Three of the Superseding Indictment.

IT IS SO ORDERED.

DATED this 10th day of June, 2016.

ANNA J. BROWN
United States District Judge