**Thomas K. Coan, OSB #89173**
tom@tomcoan.com
Attorney at Law
1001 SW Fifth Ave., Suite 1400
Portland, OR  97204
(503) 221-8736

Attorney for Defendant Santilli

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>vs.<br>PETER SANTILLI,<br>    Defendant. | Case No. 3:16-cr-00051-BR<br><br>MOTION TO SUPPRESS UNRELIABLE "EYEWITNESS IDENTIFICATION" |

    1.    **Motion**

Defendant Peter Santilli, through his attorney, Thomas K. Coan, moves the Court for an order excluding the identification testimony of government witness Kevin Johnson pursuant to Federal Rules of Evidence 104(b), 602, and 701.

    2.    **Certification of Counsel**

Undersigned counsel certifies that he provided the government with a video showing Santilli in Ohio on December 22, 2015, at the time he was reportedly "identified" by Kevin Johnson.  Counsel conferred with AUSA Ethan Knight about this matter and

provided, and Mr. Knight indicated that, given this new information, the Government would investigate this matter further.

3. **Introduction**

At issue is witness Kevin Johnson's purported identification of Mr. Santilli as having been at a meeting of "occupiers" in Burns, Oregon, that reportedly occurred on the Tuesday prior to Christmas, December 22, 2015.  Johnson attended the meeting, and at the time Johnson saw the person he later said was Mr. Santilli, he did not know the identity of the person; some other, unnamed individual told Johnson this person was Santilli.  Objective evidence shows that Santilli was in Ohio on December 22, 2015 and that he did not arrive in Oregon until December 30, 2015.

Johnson's identification is based on unreliable hearsay.  At some time after that pre-Christmas meeting, Johnson asked an unnamed third party who someone was, and that third party identified this person to Johnson as Mr. Santilli.[1]  It is unclear if this identification was made by pointing out someone who was present or by describing characteristics.  Johnson based his later "identification" of Mr. Santilli as the person at the pre-Christmas meeting on the purported knowledge of this third party.

The defense recognizes that without improper government conduct, due process does not require the court to screen eyewitness evidence for reliability.  *Perry v. New Hampshire*, 132 S. Ct. 716, 728 (2012)[2]; *Benjamin v. Gipson*, No. 12-56664, 2016 WL

---

[1] Since we do not know the identity of the person from whom Johnson received this wrong information, we do not know whether it was a law enforcement officer or not.

[2] Justice Sotomayor, in dissent, emphasized the need to ensure that eyewitness identification be scrutinized even without improper state action:  "The empirical evidence demonstrates that eyewitness misidentification is the single greatest cause of wrongful convictions in this country. Researchers have found that a staggering 76% of the first 250

**Page 2 – MOTION TO SUPPRESS UNRELIABLE "EYEWITNESS IDENTIFICATION"**

683131, at *2 (9th Cir. Feb. 18, 2016) (citing *Perry*) ("Although Angelica's identification was exceedingly unreliable, courts suppress eyewitness identifications only when they are the product of improperly suggestive conduct by the police."). However, even though due process may not confer a right to the pretrial exclusion of unreliable eyewitness identification, other grounds exist to exclude Johnson's (mis)identification of Mr. Santilli. Johnson's identification is not admissible as it is not based on his personal knowledge, is not conditionally relevant, and is not rationally based on his first-hand perceptions or helpful to the trier of fact.

### A. Johnson's identification of Mr. Santilli is not based on his personal knowledge.

"A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony. . . ." FRE 602. "[T]he personal knowledge requirement of Rule 602 applies at two levels: first, the witness who testifies must have personal knowledge of the making of the out-of-court statement, and second, the person who made the out-of-court statement must have had personal knowledge of the events on which he based his statement." *United States v. Owens-El*,

---

convictions overturned due to DNA evidence since 1989 involved eyewitness misidentification. Study after study demonstrates that eyewitness recollections are highly susceptible to distortion by post event information or social cues; that jurors routinely overestimate the accuracy of eyewitness identifications; that jurors place the greatest weight on eyewitness confidence in assessing identifications even though confidence is a poor gauge of accuracy; and that suggestiveness can stem from sources beyond police-orchestrated procedures." *Perry v. New Hampshire*, 132 S. Ct. 716, 738-39 (2012) (Sotomayor, J., dissenting) (footnotes and quotations omitted).

Page 3 – MOTION TO SUPPRESS UNRELIABLE "EYEWITNESS IDENTIFICATION"

889 F.2d 913, 915 (9th Cir. 1989) (resolution of personal knowledge "determines the admissibility of . . . [the] out-of-court identification of Owens.").

It is this second level that is at issue here: The government, as the proponent of the testimony, cannot show that the third party who identified Mr. Santilli to Johnsons had any personal knowledge of Mr. Santilli's identity. If the third party did not have personal knowledge of the identity of Mr. Santilli, Johnson's testimony regarding the identity of Mr. Santilli is also inadmissible. *See United States v. Owens*, 789 F.2d 750, 754 n.2 (9th Cir. 1986), *rev'd on other grounds,* 484 U.S. 554 (1988) (applying reasoning). Because Johnson's personal knowledge is entirely dependent on the third party's knowledge, Johnson lacks sufficient personal knowledge of Mr. Santilli's identity and he is incompetent to testify with respect to that matter and that portion of his testimony should be excluded.

Similarly, Johnson's identification of Mr. Santilli is not conditionally relevant. "When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist. The court may admit the proposed evidence on the condition that the proof be introduced later." FRE 104(b).

Here, like to the 602 issue, the problem for the government is that, without evidence that the third party accurately identified Mr. Santilli, Johnson's testimony on this point is irrelevant.

B.  **Johnson's identification of Mr. Santilli is not rationally based on his first-hand perception.**

To be admissible lay opinion testimony, it must be "rationally based on the witness's perception" and must be helpful to the trier of fact. FRE 701. "We do not

**Page 4 – MOTION TO SUPPRESS UNRELIABLE "EYEWITNESS IDENTIFICATION"**

require a showing of both sustained contact and special knowledge as prerequisites to a lay witness giving identification testimony. Instead of any particular amount of sustained contact, we require a lay witness to have sufficient contact with the defendant to achieve a level of familiarity that renders the lay opinion helpful." *United States v. Henderson*, 68 F.3d 323, 326 (9th Cir. 1995) (analyzing identification testimony under FRE 701).

Here, Johnson's identification was not based on his perception of the meeting attendee being Mr. Santilli. His identification is instead based on the third party's perception. Because his perception is based on the opinion of a third party, it is not helpful to the trier of fact in determining if Mr. Santilli was in fact present at that meeting.

## CONCLUSION

For the above-stated reasons, this Court should grant Mr. Santilli's motion and order that the identification testimony of Johnson is inadmissible at trial.

Dated this 13th day of June 2016.

*Thomas K. Coan*[3]
Thomas K. Coan, OSB 89173
Attorney for Defendant

---

[3] Attorney Emily Elison provided substantial assistance with this memo.

**Page 5 – MOTION TO SUPPRESS UNRELIABLE "EYEWITNESS IDENTIFICATION"**