**Amy Baggio, OSB #011920**
**amy@baggiolaw.com**
**Baggio Law**
**621 SW Morrison, Suite 1025**
**Portland, OR 97205**
**Tel:   (503) 222-9830**
**Fax:   (503) 274-8575**

**Attorney for Defendant O'Shaughnessy**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 3:16-cr-00051-BR |
| Plaintiff, | |
| v. | |
| **AMMON BUNDY, JON RITZHEIMER, JOSEPH O'SHAUGHNESSY, RYAN PAYNE, RYAN BUNDY, BRIAN CAVALIER, SHAWNA COX, PETER SANTILLI, JASON PATRICK, DUANE LEO EHMER, DYLAN ANDERSON, SEAN ANDERSON, DAVID LEE FRY, JEFF WAYNE BANTA, SANDRA LYNN PFEIFER ANDERSON, KENNETH MEDENBACH, BLAINE COOPER, WESLEY KJAR, COREY LEQUIEU, NEIL WAMPLER, JASON CHARLES BLOMGREN, DARRYL WILLIAM THORN, GEOFFREY STANEK, TRAVIS COX, ERIC LEE FLORES, and JAKE RYAN** | **JOINT STATUS REPORT REGARDING DISCOVERY ISSUES SUBMITTED IN ADVANCE OF JUNE 15, 2016, STATUS CONFERENCE** |
| Defendants. | |

**PAGE 1.   JOINT STATUS REPORT REGARDING DISCOVERY ISSUES SUBMITTED IN ADVANCE OF JUNE 15, 2016, STATUS CONFERENCE**

The defendants, through Amy Baggio, and the government, through Assistant United States Attorney (AUSA) Geoffrey A. Barrow, submit the following Joint Status Report Regarding Discovery Issues Submitted In Advance Of June 15, 2016, Status Conference, as directed in the Court's Order of June 13, 2016. (Doc. 673.)

**CERTIFICATION OF CONFERRAL:** Undersigned counsel certifies that AUSA Geoffrey Barrow was provided a copy of, and consulted regarding the content of, this Joint Status Report. Both the defense and government positions are set forth below.

### A.     Introduction

The above-captioned case presents unique challenges for the parties and the Court. Counsel for defendants have made best efforts to efficiently review discovery produced by the government so as to be prepared to meet the Court's deadlines and adequately prepare the defense cases for trial. With this filing, the parties hope to provide the Court with a list of both the disputed discovery issues as well as the non-disputed, but yet to be provided, items of discovery. The parties hope that this list assists the Court in addressing these issues at the Status Conference on Wednesday, June 15, 2016.

As of the June 12, 2016, the government had produced 38 volumes of discovery, all of which, with the exception of Volume 35, has been provided to all defendants. In addition to the volumes of discovery, the government has produced the contents of individual defendants' Facebook pages directly to the individual defendants. The Facebook content provided to various defendants varies from 2,000 to 250,000 pages of material. The government has also made raw images of digital devices available to defendants with a privacy interest in those devices. To

date, only one defendant has asked for a copy of their digital device and arrangements have been made for that defendant.

### B. Contested Discovery Issues

In terms of seeking discovery beyond that provided by the government, the parties have engaged in a process in which defense counsel sends a request by letter or email to one of the three Assistant United States Attorneys (AUSAs). The AUSA then responds to the request to state whether the sought item(s) will be provided voluntarily, or whether the government objects to the request. The following chart is a best effort at delineating the various disputed discovery issues in need of Court intervention:

## Contested Discovery Matters

| Item | Basis For Defense Request | Government Position |
|---|---|---|
| Availability of all seized digital media to all defendants | The government states it will provide device images only to the defendant who has an expectation of privacy for that particular device; however, factual summaries state government intends to offer videos and other digital evidence obtained from one defendant's digital device against other defendants. Accordingly, the devices or full FTK reports of those devices should be made available to all defendants.<br><br>Alternative defense position is that Government must review and disclose all such information as may be discoverable as (1) co-conspirator statements or acts in furtherance of the alleged conspiracy; (2) that have potential impeachment value--not only as to the named defendants but as to | The government has produced and will continue to produce forensic copies of evidence seized pursuant to search warrants from digital devices. These forensic reports document all evidence the government seized and all evidence the government will use from these devices. These reports will be provided to all defendants.<br><br>Raw images of the devices necessarily contain data that was not responsive to the search warrants and, therefore, was not seized by the government. In some cases, the raw images may contain privileged information segregated by filter teams.<br><br>The government believes that production of the raw images to all defendants is improper. Through |

| Item | Basis For Defense Request | Government Position |
|---|---|---|
| | any prospective government witness, including a tendency to show that the content could create bias or hostility when reviewed by involved LE agents or agencies; and (3) that may otherwise be exculpatory, either as to guilt or punishment, e.g., tending to show role in the offense.<br><br>(Wood) | counsel, several defendants have alerted the government to their concerns regarding the distribution of non-responsive, private data from their digital devices. |
| D. Nevada discovery provided to defendants not charged in Nevada case | If the Government intends to introduce evidence of some defendants' involvement in the Nevada stand-off during trial in this case, then defendants not charged in Nevada who are standing trial jointly with those defendants need access to the same discovery to, e.g., argue for cautionary instructions and otherwise prepare for likely "spill over" effect of that type of 404(b) evidence against alleged co-conspirators. In addition, if the Nevada discovery shows on-going relationships between Nevada defendants continuing through Refuge protest, and no affiliation with other, Oregon only defendants prior to the protest here, that information could lead to discovery of exculpatory evidence raising doubt about whether Oregon-only defendants are members of the same alleged conspiracy as the Nevada defendants. FRCP 16, disclosure of documents and other records material to the defense, and *Brady*.<br><br>Alternative defense position is that Government must review and disclose | The U.S. Attorney's Office for the District of Nevada has asked that the government not disseminate the discovery to non-common defendants at this time. |

| Item | Basis For Defense Request | Government Position |
|---|---|---|
| | all such information as may be discoverable as (1) co-conspirator statements or acts in furtherance of the alleged conspiracy; (2) that have potential impeachment value--not only as to the named defendants but as to any prospective government witness, including a tendency to show that the content could create bias or hostility when reviewed by involved LE agents or agencies; and (3) that may otherwise be exculpatory, either as to guilt or punishment, e.g., tending to show role in the offense. (Wood & Baggio) | |
| Large volume of email messages under review as of 5/18/16 that Government believes will not be discoverable | Government needs to disclose the agencies and at least the positions (e.g., LE, PR, Admin) versus names of the authors and recipients of these emails, so that the defense has some information to make its own assessment of likely relevance and basis for discovery. Requests for discovery could then commence. (Wood) | The government is aware of its discovery obligations. It has produced and will continue to produce e-mail communications that are discoverable. There is no basis for the defendants' request. |
| Documents related to OIG investigation into 1/26/16 vehicle stop of A. Bundy, R. Bundy, R. Payne, S. Cox, B. Cavalier & L. Finicum | The OIG investigation into the Finicum shooting and false statements to investigators is relevant and material to the defendants' mental state, both before and after the Finicum shooting. Evidence about agents lying and covering up their actions is *Brady*. Mr. Olson intends to file a Motion to Compel these materials by end of day, 6/14/16. (Olson) | The government has produced materials related to the January 26, 2016 arrest of Ammon Bundy, Brian Cavalier, Ryan Bundy, Ryan Payne, and Shawna Cox.<br><br>The government will not call any law enforcement officers subject to the ongoing OIG investigation. The government does not believe that any additional information regarding the OIG investigation is discoverable in this case. |

PAGE 5.   JOINT STATUS REPORT REGARDING DISCOVERY ISSUES SUBMITTED IN ADVANCE
              OF JUNE 15, 2016, STATUS CONFERENCE

| Item | Basis For Defense Request | Government Position |
|---|---|---|
| Information related to government's display and use of force in response to the protest | Information regarding the government's display and use of force, including snipers, bearcats, etc., should be provided as material to defense. Parties have conferred and will continue to confer, but Motion to Compel Production will most likely be filed on 6/14, including 18 particularized requests and supporting Memorandum of law. (Wood) | The government does not believe that the defense is entitled to this information. |
| Information related to witness identifications practice & procedure | On May 27, 2016, counsel for Ms. Cox, on behalf of all defense counsel, sent the Government a letter requesting copies of all photographs used to elicit out-of-court identifications of our clients from witnesses interviewed by the FBI. The letter contained a non-exhaustive list of specific examples of interview reports that reference photographs that were reportedly shown to witnesses but never produced in discovery. The Government responded on June 13, 2016, stating that certain photographs would be produced in the next round of discovery and certain photographs had not been retained by interviewing agents and were presumably lost or destroyed.<br><br>The defense requests a deadline of June 30, 2016, for the Government to search its files, locate photographs shown to witnesses and produce them in discovery. Although the Government has agreed to produce particular photographs identified by the defense and referenced in reports, we maintain that the Government has a duty to conduct its own | The defense identified four instances in which witnesses were shown photographs that were not included in discovery. The government is producing the photographs from two of these interviews. Photographs from the two remaining interviews were not retained in the FBI file. Neither the defense nor the government has identified any additional photographs that have not been produced in discovery. If any such photographs are identified, they will be produced in discovery. |

| Item | Basis For Defense Request | Government Position |
|---|---|---|
|  | comprehensive search of its files and make a representation to the court that it has accounted for all photographs shown to witnesses, whether the corresponding 302 report mentions photographs or not.<br><br>To the extent that the loss or destruction of photographs or the use of particular photographs may give rise to a motion to suppress, the defense requests additional time to file such motions given the timing and incomplete status of this discovery. (Harris) |  |
| Availability of all seized FaceBook content to all defendants | The Government intends to introduce content from the FaceBook accounts of various defendants to prove its case in chief. It is reasonable to assume that much of that FB content will refer to co-defendants and be offered under the co-conspirator HS exception. Defendants should be entitled to at least the seized FB content of those defendants ' accounts from which the government is selectively choosing its evidence. Rule 16 materiality, *Brady*. Alternative defense position is that Government must review and disclose all such FB content as may be discoverable as (1) co-conspirator statements or acts in furtherance of the alleged conspiracy; (2) that have potential impeachment value--not only as to the named defendants but as to any prospective government witness, including a tendency to show that the content could create bias or hostility when reviewed by involved LE agents or agencies; and (3) that may otherwise be exculpatory, either as to | On May 16, 2016, prior to the completion of the search warrants, the government provided individual defendants with raw data that Facebook provided in response to the warrants. This information necessarily contains data that the government subsequently determined is not responsive to the search warrants and, therefore, has not been seized. In some cases, the raw images may contain privileged information segregated by filter teams.<br><br>The government has produced and will continue to produce forensic copies of evidence seized pursuant to search warrants from defendants' Facebook accounts. These forensic reports document all evidence the government seized and all evidence the government will use from these accounts. These reports will be provided to all defendants.<br><br>The government believes that |

| Item | Basis For Defense Request | Government Position |
|---|---|---|
| | guilt or punishment, e.g., tending to show role in the offense. (Wood) | production of the raw data to all defendants is improper. |
| All information related to defendants' Guardian files. | Discovery refers to the government's reliance on information in the Guardian database both as a source for warrants and in its general discussion of investigating defendants and other individuals.  The database is not to be used to gather information based on First Amendment-protected activity; however, references in discovery raise grave concerns that the government has done just that.<br><br>Guardian and eGuardian go beyond collecting terrorism threat information. It is designed as a coordianted national, state and local law enforcement repository for the collection and analysis of any "...information that exhibits a reasonable suspicion of criminal activity" and what constitutes "possible criminal activity" is frighteningly broad: "a reasonable suspicion an activity constituting a federal crime...has or may have occurred, is or may be occurring, or will or may occur..."<br>The information may come from any source private or government. This collection and analysis implicates Fourth Amendment as well as First, according to OIG "Another privacy risk is the sum of the data entered into the eguardian system may be greater than its component parts, with the result that new and different information about incidents and people alleged to be suspicious | The government has provided and will continue to provide discoverable information within the possession of the prosecution team, regardless of its source.<br><br>The government is not aware of any specific request for information from a Guardian file or otherwise that has not been produced in discovery. |

| Item | Basis For Defense Request | Government Position |
|---|---|---|
| | becomes apparent." (Kohlmetz) | |
| Database collections on defendants and government witnesses, if relevant and material | Discovery refers to FBI use of a number of databases in investigating the defendants/subjects/witnesses.<br><br>Defendants request production of their own files which are discoverable as giving rise to potential motions to suppress for monitoring based on First Amendment-protected activity as well as the explicit use of this information in seeking court orders.<br><br>This evidence is also discoverable as to government witnesses if government witness files include impeachment evidence, such as evidence of pending investigations, suggestions of bias, or information related to truthfulness. (Kohlmetz) | The government has provided and will continue to provide discoverable information within the possession of the prosecution team, regardless of its source. |
| Non-Title III, FISA monitoring of communications | DOJ guidelines state that agents may monitor/record communications without a warrant and outside of Title III if a person lacks an expectation of privacy because any communication is not a "communication", but defendants assert it is nevertheless a statement of the defendant discoverable under Rule 16 (Baggio) | The government has produced defendants' statements pursuant to Rule 16(a)(1)(B). If any additional statements are identified, the government will produce them as required by Rule 16. |
| Information regarding informants, undercover agents, agents-provocateurs | Discovery references use of informers and sources within media providing the government with information. Information as to these individuals has yet to be provided. In addition, defense seeks disclosure of use of undercover agents or agents-provocateurs, both of which are discussed and encouraged in FBI manuals. Especially if agents incited targets to test their intent, or if they encouraged them to do anything | The government will produce reports regarding information generated by confidential sources no later than July 1, 2016. The government is not aware of any additional information that is subject to disclosure. |

PAGE **9**. JOINT STATUS REPORT REGARDING DISCOVERY ISSUES SUBMITTED IN ADVANCE OF JUNE 15, 2016, STATUS CONFERENCE

| Item | Basis For Defense Request | Government Position |
|---|---|---|
| | related to the charges, this information is discoverable as *Brady* and materials to the defense. FRCP 16. (Baggio) | |
| Propaganda | Evidence suggests that the government used social media or traditional media to impact the public perception of the protesters and attempted to grab/own social media to counter/manipulate information about the protest. If so, this information is relevant and material to the defense both at trial and for purposes of jury selection/change of venue motions. (Baggio) | The government does not believe that defendants are entitled to any such information. |

C.     Uncontested, But Unproduced Discovery

The government reports that it has substantially completed discovery to the defendants. However, certain items remain outstanding, the production of which may give rise to additional motions to suppress or motions to compel additional evidence.

## Uncontested, But Unproduced Discovery

| Discovery Sought | Defense Update On Status | Government Update On Status |
|---|---|---|
| Reports on Digital Devices | Provided to DTI 6/8/16, but defendants having difficulty in accessing (see Ms. Wood's statement, below) | The government has produced, or in the next batch of discovery will produce, forensic reports for nearly all of the devices. A few of the devices are being filtered for potentially privileged information. Five of the devices appear to be inaccessible. |
| Images of Digital Media | Not yet provided | As set forth above, the government has offered to make raw images of defendants' digital devices available to the defendants who have a privacy interest in the devices. To date, only one defendant has requested an image of their device. |

| Geolocation Order Fruits (Ping Data) | Not yet provided (requested 6/8) | The government is processing this data for an upcoming production and anticipates that it will available by the end of the week. |
|---|---|---|
| Documents, correspondence regarding execution of Facebook search warrants | Not yet provided (requested on 6/8/16) | On May 12, 2016, Facebook provided data in response to the warrant in Adobe .pdf format. As set forth above, the government sent defendants copies of their data on May 16, 2016. Facebook subsequently upgraded their internal procedures for complying with search warrants. On May 19, 2016, Facebook provided materials in an upgraded format.<br><br>The government will provide raw data in the upgraded format to defendants who request it.<br><br>The protocols for executing the warrants are set forth in the affidavits and warrants previously produced in discovery. |
| Segregated Facebook seizures | Letter of 5/17/16 accompanying Facebook seizures for each individual defendant included statement that government was segregating seized data to what it believes is relevant to the case. None yet provided. | As set forth above, the government is producing forensic reports from search warrants executed on Facebook accounts. The government anticipates that these reports will be produced within a week. |
| *Bruton* statements | Defendants seek production on July 11, 2016 | Government asserts statements should be provided 10 days after the Court rules on defendants' motions to sever/continue (which the government asks the Court to order both due on June 30, 2016) |
| 404(b) Notice | Parties agree information to be provided July 11, 2016 | Parties agree information to be provided July 11, 2016 |

**PAGE 11. JOINT STATUS REPORT REGARDING DISCOVERY ISSUES SUBMITTED IN ADVANCE OF JUNE 15, 2016, STATUS CONFERENCE**

**D.     Defendants' Statement Regarding Impact Of Ongoing Discovery Issues**

While the government has stated that discovery is substantially complete, that does not take into account very costly and time-consuming efforts defenders must now undertake to review the bulk of the discovery currently in hand, as discussed in more detail below. The government represents it will be disclosing much additional discovery between now and trial, *see* Joint Discovery Status Report (5-18-2016) (Doc. 583). In addition, pending discovery requests (having either reached the stage of seeking Court intervention or still in the conferral process) are reasonably likely to result in substantial additional discovery. This combination of factors must be considered by the Court in reviewing the parties' attempt to comply with its Order to identify discovery issues that may require future motion practice.

• The defense teams are unable to rely on the government discovery indexes to determine with needed precision what has been provided, because of the number of errors and omissions. The defense acknowledges the government is not obligated to provide an index, and even though incomplete and not free of errors, the indexes are of some value. The number of errors and omissions in this case is atypical of the US Attorney office, and most likely due to the government attempting to meet the goal of "substantial discovery completion" by mid-May. Regardless of the reason, this affects all defendants whether they are reviewing the discovery directly, or indirectly via DTI (Relativity). This is particularly troublesome for the more than 800 video files that have been discovered. Social media and other video will be important to the government and defense cases, but the government indexes do not provide adequate information to allow an intelligent determination about whether to review or not review each video. Defenders' best estimate is that it would require over 6000 hours to simply view all of these

videos, and that does not include any time to prepare notes or review selected passages in detail. Had the government provided detailed and accurate indexes, then many questions could have been answered without the need for time-consuming video review.

• In addition, the government has provided 4,000-5,000 hours of raw video in proprietary formats that are difficult and slow to review. Many attorneys cannot review these videos at all because of the software required to view them, particularly those attorneys who use Apple computers. The government has the software and technology to provide computer-ready digital video files but did not do so. It will take hundreds of hours by some expert service provider and thousands of dollars to transcode this video into formats that defense teams can review. The same inadequate indexes mean defenders cannot make an intelligent determination about whether to review or not review each video. Accordingly, it would require roughly 5000 hours to review these videos once transcoded.

• The government has provided over 13,000 photographs with few detailed descriptions in its indexes. DTI was unable to provide coding as to the date and time of the photographs. It will be up to the defense teams to review these photographs manually and extract metadata showing the dates and times.

• On June 9, 2016, defendants received 16 discs of complex Forensic Toolkit (FTK) reports of seized digital devices. None of this data will be uploaded in Relativity, and must be reviewed manually. FTK reports are particularly slow to review, and there are numerous native files in the form of photos and videos. None of the content of these reports was provided on an index from the government. This form of discovery is far more labor intensive to review than the Bates-stamped PDF pages that the government has supplied with their investigative reports. It is

**PAGE 13.** JOINT STATUS REPORT REGARDING DISCOVERY ISSUES SUBMITTED IN ADVANCE OF JUNE 15, 2016, STATUS CONFERENCE

anticipated that there will be additional digital device discovery, based on original estimates of up to 120-130 total digital devices seized by the government.

• Some of the defendants have received additional discovery of Facebook subpoena returns. Depending on individual defendant's, this additional discovery varies from about 2,000 to 250,000 pages, and is without Bates numbering. For some defendant, this single discovery item greatly exceeds the size of the total Bates stamped PDF discovery (see next paragraph), and was only received 3 weeks ago.

• There are just over 40,000 pages of PDF text files that are readily searchable by defense teams with their own software or with Relativity. This is a comparatively small amount of textual discovery for a complex case. It is the photographic, video, and digital device discovery that is staggering in its volume and corresponding time and cost to review.

Review of 6000 hours of video, 13,000+ photographs, and up to 250,000 pages of Facebook subpoena returns , and the 16 discs of FTK digital device reports has barely begun. The 4,000 to 5,000 hours of raw video in proprietary formats from discovery has not commenced. Only the most basic review of the 40,000+ pages of FBI reports and other investigative documents has been completed. This is not due to any breach of discovery obligations by the government, nor to any lack of due diligence by defenders. It is simply the current state of discovery production and review in this complex case. It is not possible to make sound conclusions—and barely an educated guess—as to what new discovery issues, or substantive issues such as suppression, may arise, given this posture.

**PAGE 14. JOINT STATUS REPORT REGARDING DISCOVERY ISSUES SUBMITTED IN ADVANCE OF JUNE 15, 2016, STATUS CONFERENCE**

**F.     Government's Response**

Defendants' claim they cannot rely on the discovery indices the government has provided in this case due to unspecified errors and omissions.  Until the exchange of the draft status report on June 13, 2016, no member of the defense team has altered the government to any issue regarding the indices.  On one occasion, the defense cited the government's index to identify files that were inadvertently omitted from discovery.  The promptly produced the missing files.  The government's discovery indices provide detailed information about the materials produced in this case.  For the vast majority of the discovery materials, the indices include a detailed description of the item.  For all materials, the indices provide the discovery volume and Bates number.  While the discovery in this case includes many hours of videos, many generated by the defendants, that are not readily transferred to a discovery index, the discovery materials are well organized and described.  If any member of the defense team has difficulty finding an item or alerts the government to a problem with an index, the government will work with them to rectify the issue.

Defendants complain about the formats of the video and photographs provided.  Again, no member of the defense team alerted the government to any issues regarding the format of the materials until the exchange of the draft report.  The government has provided photos and videos in native formats with metadata.  The government is always available to help defendants with discovery.  To suggest that the government failed to use available software or hardware or otherwise worked to thwart defendants' access to the materials is inaccurate.

Finally, defendants complain about the production of forensic reports of seized digital devices and Facebook materials.  The Facebook raw materials have been provided in the same

**PAGE 15. JOINT STATUS REPORT REGARDING DISCOVERY ISSUES SUBMITTED IN ADVANCE OF JUNE 15, 2016, STATUS CONFERENCE**

format that the government received them.  Forensic reports of the Facebook data are forthcoming.  Forensic reports from digital devices have been produced in the same format that they are produced in virtually every criminal case in this district and throughout the country.  Defendants' suggestion that forensic reports could or should be indexed or Bates' numbered ignores the very nature of the reports themselves.  The addition of Bates numbers to a forensic report is not standard practice because it would alter the production of the data.

The government concedes that the volume of discovery provided poses challenges for the parties preparing for trial on an expedited basis.  However, defendants' suggestion that the manner of production has complicated the task is unsupported.  The government will continue to work with the defense to facilitate their access to the discovery.

E.    Conclusion

Undersigned counsel offers this Joint Status Report on behalf of defendants and the government.

Respectfully submitted on June 14, 2016.

                                                     */s/ Amy Baggio*
                                                    Amy Baggio, OSB #011920
                                                    503-222-9830
                                                    Attorney for Defendant O'Shaughnessy