

**U.S. Department of Justice**
*Billy J. Williams*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Suite 600*      *(503) 727-1000*
*Portland, OR 97204-2902*                *Fax (503) 727-1117*

June 8, 2016

Robert W. Rainwater
Rainwater Law Group
1327 SE Tacoma Street, Suite 239
Portland, OR   97202

      Re:   *United States v. Jason Blomgren*, Case No. 3:16-CR-00051-BR-21
           Plea Agreement Letter

Dear Mr. Rainwater:

1.    **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**:  Defendant agrees to plead guilty to Count 1 of the Superseding Indictment, which charges Conspiracy to Impede Officers of the United States, in violation of Title 18, United States Code, Section 372.

3.    **Penalties**:  The maximum sentence is 6 years' imprisonment, a fine of $250,000, 3 years of supervised release, and a $100 fee assessment.  Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

4.    **Dismissal/No Prosecution**:  The USAO will move at the time of sentencing to dismiss any remaining counts against defendant.  The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.    **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).  Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

**Revised 04/12/16**

Robert W. Rainwater
Re: Jason Blomgren Plea Letter
June 8, 2016
Page 2

6.     **Acceptance of Responsibility**:   Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case.   If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than 16).   The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

7.     **Guideline Calculation**:   The parties agree that defendant's advisory guideline calculation is as follows:

- **Base Offense Level is 10** under U.S.S.G. § 2X1.1(a) and U.S.S.G. § 2A2.4(a).
- Because a dangerous weapon (including a firearm) was possessed and its use was threatened, a **3-level upward adjustment** applies under U.S.S.G. § 2A2.4(b)(1)(B) and U.S.S.G. § 1B1.3(a)(1)(B).
- Because the offense was calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct, a **3-level upward departure** applies under Application Note 4 to U.S.S.G. § 3A1.4.
- For defendant's acceptance of responsibility, a **3-level downward adjustment** applies under U.S.S.G. § 3E1.1.
- For defendant's early disposition of this complex case, a **3-level downward variance** applies under 18 U.S.C. § 3553(a).

The parties anticipate that defendant's **Total Offense Level will be 10,** based on the calculation above.   The parties are making no agreement with respect to defendant's Criminal History Category.

8.     **Sentencing Recommendation**:   So long as defendant continues to demonstrate an acceptance of responsibility and qualifies for the downward variance under 18 U.S.C. § 3553(a), the government agrees to recommend a sentence at the low end the resulting Total Offense Level. Defendant may recommend any sentence he deems appropriate.

9.     **Abandonment of Firearm(s)/Property:**   By signing this agreement, defendant hereby voluntarily abandons all right, title, and interest to any property, firearms, and ammunition that were seized by law enforcement in this investigation.   Defendant also agrees not to file a claim, and to withdraw any claim already filed, to any such property in any civil proceeding which has been or may be initiated.   Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

Robert W. Rainwater
Re: Jason Blomgren Plea Letter
June 8, 2016
Page 3

10.    **Restitution**:  The Court shall order restitution to each victim in the full amount of each victim's losses as required by law and determined by the Court.  Defendant agrees to pay restitution for all losses caused by defendant's conduct, regardless of whether counts of the indictment or information dealing with such losses will be dismissed as part of this plea agreement.

Defendant agrees that, while the district court sets the payment schedule, this schedule may be exceeded if and when defendant's financial circumstances change.  In that event, and consistent with its statutory obligations, the United States may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

Defendant agrees fully to disclose all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party.  Defendant agrees to truthfully complete the financial statement form provided herein by the earlier of 14 days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury and provide it to both the United States Attorney's Office and the United States Probation Office.  Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on him. Defendant agrees to provide waivers, consents, or releases requested by the U.S. Attorney's Office to access records to verify the financial information, such releases to be valid for a period extending 90 days from the date of sentencing.  Defendant also authorizes the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

Defendant's failure to timely and accurately complete and sign the financial statement, and any update thereto, may, in addition to any other penalty or remedy, constitute the defendant's failure to accept responsibility under U.S.S.G. § 3E1.1.

11.    **Waiver of Appeal/Post-Conviction Relief**:  Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the court.  Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal.  Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

**Revised 04/12/16**

Robert W. Rainwater
Re: Jason Blomgren Plea Letter
June 8, 2016
Page 4

---

12.     **Court Not Bound:**   The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.   Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13.     **Full Disclosure/Reservation of Rights:**   The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.   Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14.     **Breach of Plea Agreement:**   If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea. Defendant understands that any breach of this agreement will result in the government not recommending a downward variance under 18 U.S.C. § 3553(a) for early disposition, and that a breach may result in the government taking the position that the defendant has not accepted responsibility under U.S.S.G. § 3E1.1.

        If defendant believes that the government has breached the plea agreement, he must raise any such claim before the district court, either prior to or at sentencing.   If defendant fails to raise a breach claim in district court, he has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

15.     **Memorialization of Agreement:**   No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.   If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Robert W. Rainwater
Re: Jason Blomgren Plea Letter
June 8, 2016
Page 5

16.    **Deadline:**    This plea offer expires if not accepted by June 15, 2016, at 5:00 p.m.

Sincerely,

BILLY J. WILLIAMS
United States Attorney

ETHAN D. KNIGHT
GEOFFREY A. BARROW
CRAIG J. GABRIEL
Assistant United States Attorneys

I hereby freely and voluntarily accept the terms and conditions of this plea offer, after first reviewing and discussing every part of it with my attorney.    I expressly waive my right to appeal as outlined in this agreement.    I am satisfied with the legal assistance provided to me by my attorney.    I wish to plead guilty because, in fact, I am guilty.

6/16/16
Date

JASON BLOMGREN
Defendant

I represent defendant as legal counsel.    I have carefully reviewed and discussed every part of this agreement with defendant.    To my knowledge, defendant's decisions to enter into this agreement and to plead guilty are informed and voluntary ones.

6/16/16
Date

ROBERT W. RAINWATER
Attorney for Defendant

Revised 04/12/16