Per C. Olson, OSB #933863
HOEVET OLSON HOWES, PC
1000 SW Broadway, Suite 1500
Portland, Oregon 97205
Telephone: (503) 228-0497
Facsimile: (503) 228-7112
Email: per@hoevetlaw.com

Of Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>DAVID LEE FRY,<br><br>        Defendant. | Case No. 3:16-CR-00051-13-BR<br><br>DEFENDANT'S MOTION TO REOPEN DETENTION HEARING<br><br>*Hearing Requested* |

      Defendant, David Lee Fry, hereby submits this motion to reopen the detention hearing pursuant to 88 U.S.C. § 3142(f) (detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.")

      Defendant was denied release by Magistrate Judge Stacie F. Beckerman on March 4, 2016. (Docket Nos. 240, 241). On April 4, 2016, Judge Robert E. Jones denied defendant's Motion to Revoke the detention order. (Docket Nos. 364, 414).

Page 1 – DEFENDANT'S MOTION FOR RECONSIDERATION OF
        DETENTION STATUS

Defendant asks the court to reconsider his detention status based on the following changed circumstances that have come to pass since the Court last considered defendant's detention status.

First, the Court has granted Defendant's Motion to Dismiss Count Three of the Indictment which had alleged a violation of 18 U.S.C. § 924(c) (carrying or possessing a firearm in relation to a crime of violence). (Docket No. 671). The Court ruled that Count One, which was the alleged "crime of violence" in Count Three, categorically was not a crime of violence.

This ruling affects defendant's detention status in two ways. First, because of Count Three, there was a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(B). However, now that Count Three has been dismissed, this presumption no longer applies. Also, the ruling that the Conspiracy alleged in Count One is not a "crime of violence" tips the "factor" analysis of § 3142(g) in defendant's favor, because it can no longer be said that defendant is charged with a crime of violence.[1]

The second changed circumstance is the fact that defendant no longer is on probation in the state of Ohio. Defendant had received a one year probationary sentence for misdemeanor offenses on June 19, 2015. The state simply has allowed that probation to expire rather than seek to extend probation based on the criminal activity alleged here.

---

[1] The definition of "crime of violence" as used in § 3142(g), set forth at § 3156(a)(4), is identical to the definition of "crime of violence" in § 924(c)(3). Judge Brown ruled that the Conspiracy to Impede Federal Officers alleged in Count One was not a "crime of violence" as that term is defined in § 924(c)(3).

Page 2 – DEFENDANT'S MOTION FOR RECONSIDERATION OF DETENTION STATUS

HOEVET OLSON HOWES, PC
ATTORNEYS AT LAW
1000 S.W. BROADWAY, #1500
PORTLAND, OREGON 97205
(503) 228-0497

Next, the plea agreements recently appearing in the docket give rise to a concern that the duration of pre-trial detention may outpace any sentence he might receive in this matter in the event of a jury finding of guilt. Defendant intends to go to trial on September 7. The government has stated that its case-in-chief will last three to four weeks; thus, the entire trial could last two months or longer, by which time defendant will have been in custody for nine months. In contrast, several defendants in this matter have entered into plea agreements that call for sentences ranging from straight probation to six months' of home confinement. In light of the likely sentence Mr. Fry faces if found guilty, continued and prolonged pretrial detention violates his right of Due Process protected by the Fifth Amendment to the United States Constitution. *See United States v. Gelfuso*, 838 F.2d 358 (9th Cir. 1988) (recognizing a due process limit on the length of pretrial detention, requiring a consideration of the length of confinement in conjunction with the extent to which the prosecution bears responsibility for the delay); *see also United States v. Aileman*, 165 F.R.D. 582 (N.D. Cal. 1996) (reading *Gelfuso* as not requiring a showing of government delay to establish a Due Process claim of prolonged pretrial detention).

Finally, defendant would note that he is the only defendant of the last four defendants to leave the refuge who remains in custody. Sean and Sandra Anderson and Wayne Banta all have been released. Because his undisputed conduct is no more serious than those defendants, defendant maintains that he should be released as well.

In addition to the foregoing, defendant would rely on all of the points and authorities he previously cited in support of his release as well as the psychological evaluation submitted under seal.

Page 3 – DEFENDANT'S MOTION FOR RECONSIDERATION OF DETENTION STATUS

HOEVET OLSON HOWES, PC
ATTORNEYS AT LAW
1000 S.W. BROADWAY, #1500
PORTLAND, OREGON 97205
(503) 228-0497

To conclude, defendant asks the Court to reopen the detention hearing and to release defendant from custody pending trial.

DATED this 21st day of June, 2016.

HOEVET OLSON HOWES, PC

_s/ Per C. Olson_
Per C. Olson, OSB #933863
Attorney for Defendant David Fry

Page 4 – DEFENDANT'S MOTION FOR RECONSIDERATION OF DETENTION STATUS