Terri Wood, OSB #883325
Law Office of Terri Wood, P.C.
730 Van Buren Street
Eugene, Oregon 97402
541-484-4171
Fax: 541-485-5923
Email: contact@terriwoodlawoffice.com

Attorney for Jon Ritzheimer

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>-VS-<br><br>AMMON BUNDY, et. al.<br><br>   Defendants | Case No. 3:16-CR-00051-BR<br><br>JOINT STATUS REPORT ON CONTESTED DISCOVERY ISSUES 1, 2, 3, and 7 (ECF No. 699) |

  Pursuant to the Court's June 17, 2016, Order, page 6 (ECF No. 726), attorneys for the government, Geoffrey Barrow, and on behalf of all Defendants, Terri Wood, have conferred anew to resolve contested discovery issues 1, 2, 3 and 7 as identified in the Joint Status Report Regarding Discovery Issues Submitted In Advance Of The June 15, 2016, Status Conference (ECF no. 699). The parties offer the following:

JOINT STATUS REPORT ON CONTESTED DISCOVERY ISSUES    Page 1

**Issue #1: Production of "all seized digital media to all defendants".**

The government has and will continue to produce forensic reports that document all evidence its agents have seized from these devices to all defendants.[1] This evidence includes all co-conspirator statements, Rule 16 and *Brady* materials the government is aware of.

Defense counsel[2] find this limited disclosure acceptable, but reserve the right to make additional specific discovery demands if review of that data provides a good faith belief that additional information that may be contained on mirror images of any digital device should be disclosed. The government agrees to consider such requests, and also invites defense counsel to notify the government if counsel identifies discoverable material in his/her client's mirror image of device(s) that has not been previously disclosed to all defendants. The government also has no objection to individual defendants sharing some or all of their client's mirror image of device(s) with some or all other defendants.

The parties submit that no stipulated order for the above resolution is necessary.

---

[1] The government seized the digital devices and applied for a warrant to search the contents of the devices. The government used forensic tools, including but not limited to FTK, to analyze the devices. Agents seized data that was responsive to the warrants and produced forensic reports that catalog the evidence seized. The disputed issue here involves the data that was not seized by the government because it was not responsive to the warrant.

[2] Input from all defense counsel, including stand-by counsel, was sought via Survey Monkey and group emails. Reference to "defense counsel" as a group in this Report signifies that all who responded agree with the stated position.

**Issue #2: Production of "Nevada discovery to defendants not charged in Nevada".**

All existing discovery from the Nevada case has been provided in the Oregon case to the common defendants who face prosecution in both districts. The government has produced and will continue to produce materials from the District of Nevada that are discoverable under Rule 16 or *Brady* to all defendants.

The U.S. Attorney's Office for the District of Nevada has asked that the Nevada discovery not be disseminated to defendants who are not facing prosecution in Nevada for several reasons. First, the Nevada prosecutors, who are most familiar with the materials generated by and produced in the Nevada prosecution, have represented that the Nevada materials, with the exception of any materials that may have been produced separately in discovery in Oregon, are not discoverable in the Oregon case under Rule 16 or *Brady*. Second, the Nevada prosecution has serious concerns regarding witness safety. While there is a protective order in the District of Nevada, the Nevada prosecutors believe that materials have been released in violation of the protective order. If the Court would like more information regarding these concerns, the Nevada prosecutors are prepared to submit an *ex parte* affidavit pursuant to Rule 16(d) to further explain the issues.

The government invites defense counsel with clients charged in Nevada to notify the government if counsel identifies discoverable material in his/her client's Nevada discovery which has not been previously disclosed to all

JOINT STATUS REPORT ON CONTESTED DISCOVERY ISSUES                     Page 3

defendants. A minority of defense counsel finds this acceptable, but would specifically reserve the right to seek additional information from the Nevada discovery.

A large majority of defense counsel seek production of all Nevada discovery that has been provided to their co-defendants who are also charged in Nevada, subject to the Oregon protective order, and would stipulate to be further restricted by application of the Nevada protective order to this particular discovery. Defense counsel contend that no reasonable basis exists for providing the Nevada case discovery only to Oregon defendants charged in Nevada; and that their right to a fair trial is prejudiced when only the government and select co-defendants have access to full discovery. Counsel for defendants charged jointly in Oregon and Nevada contend that the Nevada discovery would be helpful to their co-defendants charged only in Oregon. Given the likely volume of that discovery, delay in full disclosure adversely impacts Defendants' ability to prepare for trial in September. As set forth above, the government opposes the release of the Nevada discovery to the non-common defendants.

The parties agree that the Court should rule on this issue, and jointly propose that Defendants file a single motion for this discovery by July 1st, the Government file its Response by July 8th, and the Court then determine whether a Reply or Oral Argument is needed to rule on the motion.

**Issue #3: Production of "large volume of email messages under review as of 5/18/16 that the Government believes will not be discoverable".**

The government and the defense have agreed to continue conferring to identify discoverable email messages, including emails that the government may not currently have under review. To the extent practicable, Terri Wood with the assistance of other defense counsel will formulate specific requests for email messages and a basis for their production, and Ms. Wood will then confer with the government, through Geoffrey Barrow. If the parties cannot agree on production, those specific requests and the bases for the parties disputed positions will be brought to the Court's attention through the weekly status reports.

**Issue #7: Production of "all seized Facebook content to all defendants".**

The government will produce reports and related materials that document all evidence its agents have seized from these accounts to all defendants.[3] This evidence includes all co-conspirator statements Rule 16 and Brady materials the government is aware of. The anticipated production date is June 24th.

Defense counsel accept this limited disclosure, but reserve the right to make additional specific discovery demands if review of that data provides a

---

[3] Under the terms of the warrant, FaceBook provided data to the government. The government then used software to extract data that was responsive to the warrant and produced reports that catalog the evidence seized. The disputed issue here involves the data that was not seized by the government because it was not responsive to the warrant.

good faith belief that additional information should be disclosed. The government agrees to consider such requests, and also invites defense counsel to notify the government if counsel identifies discoverable material in his/her client's Facebook records which has not been previously disclosed to all defendants. The government also has no objection to individual defendants sharing some or all of their client's Facebook discovery with some or all other defendants.

The parties submit that no stipulated order for the above resolution is necessary.

RESPECTFULLY SUBMITTED this 24th day of June, 2016.

/s/ Terri Wood<br>
TERRI WOOD  OSB  883325<br>
Attorney for Jon Ritzheimer