BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**ETHAN D. KNIGHT, OSB #992984**
**GEOFFREY A. BARROW**
**CRAIG J. GABRIEL, OSB #012571**
Assistant United States Attorneys
ethan.knight@usdoj.gov
geoffrey.barrow@usdoj.gov
craig.gabriel@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:16-CR-00051-BR |
| v. | |
| **AMMON BUNDY, et al.,** | **GOVERNMENT'S RESPONSE TO DEFENDANT RYAN PAYNE'S MOTION TO SUPPRESS** |
| **Defendants.** | **FACEBOOK EVIDENCE (#712)** |

The United States of America, by Billy J. Williams, United States Attorney for the District of Oregon, and through Ethan D. Knight, Geoffrey A. Barrow, and Craig J. Gabriel, Assistant United States Attorneys, hereby responds to Defendant Ryan Payne's Motion to Suppress Facebook Evidence (ECF No. 712), filed by defendant Payne on behalf of all defendants.

I.  Government's Position

<u>Nevada Facebook Warrants</u>:  The government does not intend to introduce at trial any evidence obtained from the District of Nevada's Facebook warrants, with one exception: the

government reserves the right to use evidence from the Nevada Facebook warrants to impeach a defendant at trial, if that defendant's testimony is inconsistent with the defendant's prior statements contained in the evidence obtained from the Facebook warrants.

At this time, after consultation with counsel for Mr. Payne, the parties are not aware of any evidence the government obtained as fruits of the returns of the Nevada Facebook warrants. The defense, however, reserves the right to raise the issue anew if any evidence the government intends to offer at trial is later determined to be fruits of the Nevada Facebook warrants.

The government therefore respectfully recommends that the Court deny defendants' Motion as to the Nevada Facebook warrants as moot, with leave to renew.

<u>Oregon Facebook Warrant</u>: Because 18 U.S.C. § 2703 authorized Magistrate Judge Papak to issue a warrant for the seizure of electronically-stored communications in the Northern District of California, the government respectfully recommends that the Court deny defendants' Motion as to the Oregon Facebook warrant as meritless.

**II.      Procedural Background**

On April 8, 2016, U.S. Magistrate Judge Paul Papak issued a search and seizure warrant for 23 Facebook accounts belonging to several defendants in this case. *See* Defs.' Sealed Attach. B to ECF No. 712, at 1. The warrant sought information associated with the 23 Facebook accounts that was "stored at premises owned, maintained, controlled, or operated by Facebook, a company headquartered in Menlo Park, California." *See* Sealed Attach. B, at 3. Law enforcement timely executed the warrant on April 11, 2016, and Facebook subsequently provided responsive materials to the government. *See* Sealed Attach. B, at 2.

The search and seizure warrant was issued and executed pursuant to Fed. R. Crim. P. 41 and the Electronic Communications Privacy Act.   *See* Sealed Attach. B, at 7 ("The warrant will be executed under the Electronic Communications Privacy Act, in particular 18 U.S.C. § 2703(a), (b)(1)(A), and (c)(1)(A)."); *see also* Sealed Attach. A to Def. Fry's Mem. in Support of Def.'s Mot. to Suppress Evidence (Facebook Accounts), ECF No. 742, at 2,[1] ("I submit this affidavit in support of an application for a search warrant under 18 U.S.C. § 2703(a), 2703(b)(1)(A), and 2703(c)(1)(A) to require Facebook, a social networking company headquartered in Menlo Park, California, to provide information associated with certain Facebook accounts.").

## III.   Legal Argument

Defendants contend the government's Facebook search warrant violated the jurisdictional powers of magistrate judges under Fed. R. Crim. P. 41 and 28 U.S.C. § 636(a).   According to defendants' Motion, "[t]hese authorities allow a magistrate judge to issue a search warrant *only* for a location within the judicial district itself, with minor exceptions not applicable to the present scenario."   (Defs.' Mot. 3).   Defendants' Motion misses the mark by relying on cases addressing Networking Investigative Technique ("NIT") warrants that have absolutely nothing to do with the standard Facebook warrant issued by Judge Papak in this case.[2]   As noted above, in this case, the Oregon Facebook warrant was issued and executed pursuant to Fed. R. Crim. P. 41

---

[1]   The government cites to defendant Fry's sealed attachment because the sealed Attachment B to defendant Payne's Motion, ECF No. 712, is missing the application for search warrant and the first page of the affidavit.

[2]   NIT warrants allow an investigative agency to plant code (i.e., malware) on a suspect's computer.   No NIT warrants were issued in this case.

**Government's Response to Defendant Ryan Payne's Motion to Suppress       Page 3
Facebook Evidence (#712)**

and 18 U.S.C. § 2703(a). Title 18 U.S.C. § 2703(a) provides in relevant part:

> A governmental entity may require the disclosure by a provider of electronic communication service of the contents of a wire or electronic communication, that is in electronic storage in an electronic communications system for one hundred and eighty days or less, only pursuant to a warrant issued using the procedures described in the Federal Rules of Criminal Procedure . . . by a court of competent jurisdiction.

Title 18 U.S.C. § 2711(3)(A)(i) defines the term "court of competent jurisdiction" to include "any district court (*including a magistrate judge of such a court*) or any United States court of appeals that has jurisdiction over the offense being investigated" (emphasis added). In *United States v. Bansal*, 663 F.3d 634, 662 (3d Cir. 2011), the Third Circuit addressed the same claim defendants raise here:

> [Defendant] contends that the Pennsylvania Magistrate Judges who issued the warrants lacked jurisdiction to do so because the warrants were ultimately executed upon internet service providers in California. We disagree. The procedures that federal and state law enforcement officers must follow when compelling disclosure from network service providers is set forth at 18 U.S.C. § 2703(a). The version of the statute in effect when these warrants were issued in 2004 authorized any "court with jurisdiction over the offense under investigation" to issue a warrant for electronic communications—even if the warrants were ultimately executed in another state. *See* § 2703(a). [Defendant] contends that Rule 41(b), which limits a Magistrate Judge's jurisdiction to the District in which he or she sits, trumps § 2703(a). We, along with other courts to consider the question, reject that contention. *E.g., United States v. Burkos*, 543 F.3d 392, 396-398 (7th Cir.2008) (holding that Rule 41(b) "does not apply to § 2703(a)"). We therefore conclude that the Pennsylvania Magistrate Judges had authority to issue the warrants in this case, even though they were ultimately executed in California.

In *United States v. Scully*, 108 F. Supp. 3d 59, 79 (E.D.N.Y. 2015), the court thoroughly

reviewed the case law pertaining to search warrants issued under § 2703(a).   There, the court held that "a federal magistrate judge may issue a search warrant for electronic evidence outside his or her district under Section 2703(a)."   The court continued by finding that "2703(a) authorizes electronic search warrants by a federal magistrate judge that extend outside his or her district . . . [b]ecause the plain terms of Section 2703, considered with Rule 41, dictate this result."   *Id*. at 83.   In an unpublished opinion, *In re Search of Yahoo, Inc*., No. 07-3194-MB, 2007 WL 1539971 (D. Ariz., May 21, 2007), the court, after a lengthy analysis, reached the same conclusion—that is, § 2703 authorizes a federal district court located in the district in which the alleged crime occurred to issue an out-of-district warrant for the seizure of electronically-stored communications.   *See also United States v. Kernell*, No. 3:08-CR-142, 2010 WL 1408437 (E.D. Tenn., Apr. 2, 2010); *In re Search Warrant*, No. 6:05-MC-168-Orl-31JGG, 2005 WL 3844032 (M.D. Fla., Feb. 13, 2006).

Finally, under 28 U.S.C. § 636(a), United States Magistrate Judges have power not only within the district in which they are appointed, but also "elsewhere as authorized by law." Therefore, it is not a violation of the Federal Magistrate Act when a magistrate signs a warrant as specifically authorized under 18 U.S.C. § 2703(a).

/ / /

/ / /

/ / /

/ / /

**IV.    Conclusion**

**Government's Response to Defendant Ryan Payne's Motion to Suppress            Page 5
Facebook Evidence (#712)**

For the reasons set forth above, the government respectfully recommends that the Court deny defendants' Motion to Suppress Facebook Evidence as to the Nevada warrants as moot and as to the Oregon warrant as meritless.

Dated this 29th day of June 2016.

                                                Respectfully submitted,

                                                BILLY J. WILLIAMS
                                                United States Attorney

                                                *s/ Craig J. Gabriel*
                                                ETHAN D. KNIGHT, OSB #992984
                                                GEOFFREY A. BARROW
                                                CRAIG J. GABRIEL, OSB #012571
                                                Assistant United States Attorneys