

**U.S. Department of Justice**
*Billy J. Williams*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Suite 600*    *(503) 727-1000*
*Portland, OR 97204-2902*    *Fax (503) 727-1117*

June 22, 2016

Todd E. Bofferding
Bofferding Law Office PC
1215 B Street
P.O. Box 539
Hood River, Oregon 97031

      Re:    *United States v. Brian Cavalier*, Case No. 3:16-CR-00051-BR-6
            Plea Agreement Letter

Dear Mr. Bofferding:

1.     **Parties/Scope**: This plea agreement is between the United States Attorney's Office for the District of Oregon (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

      The defendant expressly understands that the United States Attorney's Office for the District of Nevada is not a party to this agreement and that the United States Attorney's Office for the District of Nevada is not entering into any agreement with defendant or making any promises to defendant with respect to District of Nevada Case No. 2:16-CR-00046-GMN-PAL or any other matter. Defendant further expressly understands that he is exposed to separate penalties and consecutive sentences on any convictions obtained against him in the District of Nevada.

2.     **Charges**: Defendant agrees to plead guilty to Counts 1 and 2 of the Superseding Indictment, which charge: Conspiracy to Impede Officers of the United States, in violation of Title 18, United States Code, Section 372 (Count 1); and Possession of Firearms and Dangerous Weapons in Federal Facilities, in violation of Title 18, United States Code, Sections 930(b) and 2 (Count 2).

3.     **Penalties**: The maximum sentence for Count 1 is 6 years' imprisonment, a fine of $250,000, 3 years of supervised release, and a $100 fee assessment. The maximum sentence for Count 2 is 5 years' imprisonment, a fine up to $250,000, 3 years of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessments by the time of entry of guilty plea or explain to the Court why this cannot be done.

**Revised 04/12/16**

Todd E. Bofferding
Re: Brian Cavalier Plea Letter
June 22, 2016
Page 2

---

4.  **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.  **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

6.  **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is lower than 16). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

7.  **Guideline Calculation**: The parties agree that defendant's advisory guideline calculation is as follows:

    - **Base Offense Level is 10** under U.S.S.G. § 2X1.1(a) and U.S.S.G. § 2A2.4(a).
    - Because a dangerous weapon (including a firearm) was possessed and its use was threatened, a **3-level upward adjustment** applies under U.S.S.G. § 2A2.4(b)(1)(B) and U.S.S.G. § 1B1.3(a)(1)(B).
    - Because the offense was calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct, a **7-level upward departure** applies under Application Note 4 to U.S.S.G. § 3A1.4.
    - For defendant's acceptance of responsibility, a **3-level downward adjustment** applies under U.S.S.G. § 3E1.1.
    - For defendant's early disposition of this complex case, **a 3-level downward variance** applies under 18 U.S.C. § 3553(a).

The parties anticipate that defendant's **Total Offense Level will be 14**, based on the calculation above. The parties are making no agreement with respect to defendant's Criminal History Category.

8.  **Sentencing Recommendation**: So long as defendant continues to demonstrate an acceptance of responsibility and qualifies for the downward variance under 18 U.S.C. § 3553(a), the government agrees to recommend a sentence at the low end of the resulting Total Offense Level. Defendant may recommend any sentence he deems appropriate.

Todd E. Bofferding
Re: Brian Cavalier Plea Letter
June 22, 2016
Page 3

---

9. **Abandonment of Firearms/Property**: By signing this agreement, defendant hereby voluntarily abandons all right, title, and interest to any property, firearms, and ammunition that were seized by law enforcement in this investigation. Defendant also agrees not to file a claim, and to withdraw any claim already filed, to any such property in any civil proceeding which has been or may be initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

10. **Restitution**: The Court shall order restitution to each victim in the full amount of each victim's losses as required by law and determined by the Court. Defendant agrees to pay restitution for all losses caused by defendant's conduct, regardless of whether counts of the indictment or information dealing with such losses will be dismissed as part of this plea agreement.

Defendant agrees that, while the district court sets the payment schedule, this schedule may be exceeded if and when defendant's financial circumstances change. In that event, and consistent with its statutory obligations, the United States may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

Defendant agrees fully to disclose all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the financial statement form provided herein by the earlier of 14 days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury and provide it to both the United States Attorney's Office and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on him. Defendant agrees to provide waivers, consents, or releases requested by the U.S. Attorney's Office to access records to verify the financial information, such releases to be valid for a period extending 90 days from the date of sentencing. Defendant also authorizes the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

Defendant's failure to timely and accurately complete and sign the financial statement, and any update thereto, may, in addition to any other penalty or remedy, constitute the defendant's failure to accept responsibility under U.S.S.G. § 3E1.1.

Todd E. Bofferding
Re: Brian Cavalier Plea Letter
June 22, 2016
Page 4

---

11. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

12. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea. Defendant understands that any breach of this agreement will result in the government not recommending a downward variance under 18 U.S.C. § 3553(a) for early disposition, and that a breach may result in the government taking the position that the defendant has not accepted responsibility under U.S.S.G. § 3E1.1.

If defendant believes that the government has breached the plea agreement, he must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, he has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

Revised 04/12/16

Todd E. Bofferding
Re: Brian Cavalier Plea Letter
June 22, 2016
Page 5

---

15. **Memorialization of Agreement:** No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

16. **Deadline:** This plea offer expires if not accepted by June 24, 2016, at 12:00 p.m.

Sincerely,

BILLY J. WILLIAMS
United States Attorney

ETHAN D. KNIGHT
GEOFFREY A. BARROW
CRAIG J. GABRIEL
Assistant United States Attorneys


I hereby freely and voluntarily accept the terms and conditions of this plea offer, after first reviewing and discussing every part of it with my attorney. I expressly waive my right to appeal as outlined in this agreement. I am satisfied with the legal assistance provided to me by my attorney. I wish to plead guilty because, in fact, I am guilty.

6-29-16
Date

BRIAN CAVALIER
Defendant


I represent defendant as legal counsel. I have carefully reviewed and discussed every part of this agreement with defendant. To my knowledge, defendant's decisions to enter into this agreement and to plead guilty are informed and voluntary ones.

6-29-16
Date

TODD E. BOFFERDING
Attorney for Defendant

Revised 04/12/16