Lisa Hay
Federal Public Defender
Rich Federico
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204
(503) 326-2123 Telephone
(503) 326-5524 Facsimile
Lisa_Hay@fd.org
Rich_Federico@fd.org
Attorneys for Defendant Ryan Payne

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
### PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:16-cr-00051-BR |
| Plaintiff, | MOTION TO SEVER COUNT 4 |
| v. | |
| AMMON BUNDY, JON RITZHEIMER, JOSEPH O'SHAUGHNESSY, RYAN PAYNE, RYAN BUNDY, BRIAN CAVALIER, SHAWNA COX, PETER SANTILLI, JASON PATRICK, DUANE LEO EHMER, DYLAN ANDERSON, SEAN ANDERSON, DAVID LEE FRY, JEFF WAYNE BANTA, SANDRA LYNN ANDERSON, KENNETH MEDENBACH, BLAINE COOPER, WESLEY KJAR, COREY LEQUIEU, NEIL WAMPLER, JASON CHARLES BLOMGREN, DARRYL WILLIAM THORN, GEOFFREY STANEK, TRAVIS COX, ERIC LEE FLORES, and JAKE RYAN, | |
| Defendants. | |

PAGE 1.   MOTION TO SEVER COUNT 4

Defendant Ryan Payne, through his counsel FPD Lisa Hay and AFPD Rich Federico, respectfully moves the Court to sever Count 4 from the trial scheduled to begin September 7, 2016. Severing Count 4 will not only ensure a more orderly and efficient trial, but is the only mechanism through which defendants will receive a just, fair, and efficient trial where jurors will be presented with a common narrative and evidence.

**RELIEF REQUESTED**: That the Court sever Count 4 and order that the trial set to begin on September 7, 2016, proceed only on Counts 1, 2, and 5.[1]

**CERTIFICATION OF CONFERRAL**: Defense counsel conferred with Assistant United States Attorney Ethan Knight regarding this motion. The government opposes the requested relief.

**POSITION OF CO-DEFENDANTS:** The defendants are mindful of the Court's previous Order that all are deemed to be joined to a motion unless they "opt out" in a written filing within three days (Doc. 210). The following co-defendants specifically seek to join the present motion: Mr. O'Shaughnessy, Ms. Cox, Mr. Santilli, Mr. Fry, and Mr. Medenbach.

## SUMMARY OF CHARGES

Count 1 alleges a conspiracy to impede, in violation of 18 U.S.C. § 372, against all twenty-six co-defendants charged under the Superseding Indictment. Count 2 alleges possession of firearms and dangerous weapons in federal facilities, in violation of 18 U.S.C. §§ 930(b) and 2, against twenty co-defendants. Count 4 alleges theft of government property of a Ford F-350 Truck,

---

[1] The Court previously granted motions to continue for the two defendants charged in Count 6, Mr. Sean Anderson and Mr. Jake Ryan. For purposes of this motion, defendants presume that no evidence will be admitted at the trial on this count, as those defendants will not be at the trial that is set to begin in September.

PAGE 2.   MOTION TO SEVER COUNT 4

in violation of 18 U.S.C. § 641, solely against Mr. Medenbach. Count 5 also alleges theft of government property of a camera equipment, in violation of 18 U.S.C. § 641, against Mr. Ritzheimer and Mr. Ryan Bundy.

## STATEMENT OF FACTS

On January 2, 2016, a group of American citizens, including defendants, arrived at the Malheur National Wildlife Refuge after participating in an organized protest of federal land use policies. Some of those protestors, including some of the defendants in this case, remained at the Refuge to continue their protest through the exercise of their First and Second Amendment rights. The government contends that defendants' actions were illegal and, moreover, during the protest amassed a substantial force presence with militaristic capabilities to combat the citizens' protest. Defendants do not agree and do not believe that their decision to exercise constitutional rights should be punished criminally.

The primary theme running through the media coverage, the government's charges and allegations, and the protest statements and actions Mr. Payne and his co-defendants allegedly made deal with a complex question: does what Mr. Payne and his co-defendants did at the Refuge constitute a brave act of protest and the permissible exercise of their constitutional rights in an arena in which federal power has grown unchecked, or does it instead amount to the crimes the government has alleged? This same theme runs through Counts 1, 2, and 5.

Count 4, on the other hand, deals with an isolated incident involving Mr. Medenbach allegedly stealing a pickup truck belonging to the United States Fish and Wildlife Service and driving it to the town of Burns. Besides the allegation that this conduct occurred during the protest, Count 4 has nothing to do with the protest itself or the alleged conspiracy. Allowing Count 4 to be tried with Counts 1, 2, and 5 would not only present the jury with an act unrelated to the common

narrative in this case, it would also prejudice defendants by grouping an outlier action (with no free speech implications) with the other charges at the heart of this case. Count 4 should be severed from the main trial in this matter.

## ANALYSIS

Federal Rule of Criminal Procedure 8(a) requires that separate counts charged in the same indictment (1) be of the same or similar character, (2) be based on the same act or transaction, or (3) constitute parts of a common scheme or plan. The court may order separate trials on counts if joinder of offenses would prejudice defendants. Fed. R. Crim. P. 14(a). To establish prejudice from allowing Count 4 to be tried on September 7, 2016, Mr. Payne need only show that:

> (1) he may become embarrassed or confounded in presenting separate defenses; (2) the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which is found his guilt of the other crime or crimes charged; or (3) the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find.

*United States v. Johnson*, 820 F.2d 1065, 1070 (9th Cir. 1987) (quoting *Drew v. United States*, 331 F.2d 85, 88 (D.C. Cir. 1964)). All three of these factors are at play in this case.

As explained above, Count 4 relates solely to the government's allegations that Mr. Medenbach stole a government vehicle. Although Mr. Medenbach's actions were widely reported in the media, the incident is unrelated to the protest movement at the Refuge and instead appears to be an alleged crime of opportunity. If the counts were charged in separate indictments, the government would be unable to admit evidence of the alleged pickup theft in the other defendants' trial. *See Johnson*, 820 F.2d at 1070 ("If all of the evidence of the separate count would be admissible upon severance, prejudice is not heightened by joinder."). As a result, allowing Count

PAGE 4.   MOTION TO SEVER COUNT 4

4 to be tried with the other counts would improperly merge two separate trials together and would also confuse the jury and confound the ability of defendants—including Mr. Medenbach—to present a coherent theory of the case rooted in core constitutional rights. *See id.* at 1071 ("When evidence concerning the other crime is limited or not admissible, our primary concern is whether the jury can reasonably be expected to 'compartmentalize the evidence' so that evidence of one crime does not taint the jury's consideration of another crime.") (quoting *United States v. Douglass,* 780 F.2d 1472, 1479 (9th Cir. 1986)). Whereas a separate trial of Count 4 would meet the needs of "relative simplicity of the issues and the straightforward manner of presentation," *Johnson*, 820 F.2d at 1071, a joint trial would allow the jury to conflate guilt on a relatively simple issue (whether a pickup truck was stolen) with the reasonable doubt that surrounds the more complicated—albeit politically difficult—issues involving free speech, the right to bear arms, and the appropriate use of public lands. Further, a separate trial solely for Mr. Medenbach on Count 4 would not be complex, particularly onerous for the parties, but would allow a single focus on a wholly separate event. The Court should allow Count 4 to be severed from the September 7, 2016 trial.

Respectfully submitted this 30th day of June, 2016.

_____
Lisa Hay
Federal Public Defender

Rich Federico
Assistant Federal Public Defender
Attorneys for Mr. Payne

PAGE 5.   MOTION TO SEVER COUNT 4