J. Morgan Philpot (Oregon Bar No. 144811)
Marcus R. Mumford (admitted pro hac vice)
405 South Main, Suite 975
Salt Lake City, UT 84111
Telephone (801) 428-2000
morgan@jmphilpot.com
mrm@mumfordpc.com
*Attorneys for Defendant Ammon Bundy*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| United States of America,<br>　　*Plaintiff*,<br>v.<br>Ammon Bundy, *et al*,<br>　　*Defendant*. | Case No. 3:16-cr-00051-BR<br><br>DEFENDANT AMMON BUNDY'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF HIS MOTION TO CONTINUE THE SEPTEMBER 7, 2016 TRIAL DATE<br><br>Judge: Hon. Anna J. Brown |

Ammon Bundy, through undersigned counsel, respectfully submits this supplemental memorandum in further support of his Motion to Continue the September 7, 2016 Trial Date. (Dkt. 815.)

<u>Certificate of Conferral With the Government</u>: On July 1, 2016 the Court instructed Mr. Bundy to file this memorandum citing its prior order requiring "advance conferral with opposing counsel," observing how the circumstances which led Mr. Bundy to file his motion to continue after close of business on June 30, 2016, did not excuse his failure to meet and confer with government counsel. Respectfully, and to fully acknowledge and comply with the Court's prior and current order, Mr. Bundy (through counsel) has conferred via email and via telephone call today (July 5, 2016) with prosecutors, particularly AUSA Geoffrey Barrow. The government has stated that it opposes Mr. Bundy's motion to continue the trial date because of how a new trial date

Page 1 –AMMON BUNDY'S SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF HIS MOTION TO CONTINUE THE SEPTEMBER 7, 2016 TRIAL DATE

may conflict with the trial date scheduled in the Nevada prosecution. In response, Mr. Bundy would simply reiterate the grounds for the motion and point out that, whatever interests federal prosecutors in this district have in seeking to stay ahead of the Nevada prosecution, those interests should not take priority over Mr. Bundy's right to a fair trial in this case.

Speedy Trial Act Issues.  In addition, Mr. Bundy clarifies that while he is intentionally not offering an open ended waiver of his Speedy Trial Act rights, he does acknowledge the need for, and asks the Court to grant excludable delay for the discrete period of time at issue here, under the ends-of-justice provisions of the Speedy Trial Act. **Here, Mr. Bundy is asking the Court to vacate the current trial date, and agrees to a short sixty (60) period of time to litigate his release and to further prepare (with his new legal counsel) before his can be prepared to asked for a specific trial date or inform the court when he and his legal counsel can reasonably be prepared to proceed to trial.** This timing will be dramatically affected by the outcome of other forthcoming litigation, including particularly litigation regarding his pretrial release. Thus, during this time, and pursuant to 18 U.S.C. § 3161(h)(7)(a), Mr. Bundy agrees that this one sixty day period should be excluded from calculation on the Speedy Trial Act 70-day clock because the ends of justice served by taking this one discrete action outweigh the best interests of the public and his own speedy trial rights, so that the ultimate trial will be fair, and that Mr. Bundy's other rights at issue are not sacrificed. This seems to be the required approach in these circumstances, as outlined by the United States Supreme Court in *Zedner v. United States*, 547 U.S. 489, 500-01 (2006) ("[A] defendant may not prospectively waive the application of the [Speedy Trial] Act. […]§

3161(h) has no provision excluding periods of delay during which a defendant waives the application of the Act, and it is apparent from the terms of the Act that this omission was a considered one.  Instead of simply allowing defendants to opt out of the Act […] Among the factors that a district court must consider in deciding whether to grant an ends-of-justice continuance are a defendant's need for "reasonable time to obtain counsel," "continuity of counsel," and "effective preparation" of counsel. § 3161(h)(8)(B)(iv) […] The purposes of the Act also cut against exclusion on the grounds of mere consent or waiver.").

CONCLUSION

Mr. Bundy genuinely does not wish to delay his trial one day longer than is necessary, but for the grounds previously described, he also is unwilling to sacrifice his right to a fair trial, and these basic requirements appertaining thereto, thus, for the reasons specified, Mr. Bundy simply must request a continuance of the trial date.

Respectfully submitted this 5th day of July, 2016.

/s/ Marcus R. Mumford
Marcus R. Mumford
Attorney for Ammon Bundy

/s/ J. Morgan Philpot
J. Morgan Philpot
Attorney for Ammon Bundy

Page 3 –Ammon Bundy's Supplemental Memorandum in Further Support of His Motion To Continue The September 7, 2016 Trial Date