IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:16-cr-00051-BR |
| Plaintiff, | ORDER |
| v. | |
| AMMON BUNDY, JON RITZHEIMER, JOSEPH O'SHAUGHNESSY, RYAN PAYNE, RYAN BUNDY, BRIAN CAVALIER, SHAWNA COX, PETER SANTILLI, JASON PATRICK, DUANE LEO EHMER, DYLAN ANDERSON, SEAN ANDERSON, DAVID LEE FRY, JEFF WAYNE BANTA, SANDRA LYNN ANDERSON, KENNETH MEDENBACH, BLAINE COOPER, WESLEY KJAR, COREY LEQUIEU, NEIL WAMPLER, JASON CHARLES BLOMGREN, DARRYL WILLIAM THORN, GEOFFREY STANEK, TRAVIS COX, ERIC LEE FLORES, and JAKE RYAN, | |
| Defendants. | |

BROWN, Judge.

On July 6, 2016, the Court conducted its regular monthly Status Hearing at which it addressed a number of issues the parties raised since the last Status Hearing on June 15, 2016, and to address case-management issues and other trial-preparation

1 - ORDER

matters generally. On the record before the Court and in the exercise of its case-management discretion, the Court makes the following Order:

### ROUND TWO MOTIONS

The Court addressed the process that the Court will follow to resolve pending Motions and identified the Motions on which the Court will conduct oral argument. The parties updated the Court regarding Motions that had been resolved through conferral between counsel.

Based on the parties' representation that they have resolved the underlying issues in the following Motions, the Court **DENIES as moot** these Motions with leave to renew if a dispute later arises between the parties:

    1. Defendant Peter Santilli's Motion (#689) to Suppress Eyewitness Identification;

    2. Defendant Joseph O'Shaughnessy's Motion (#738) to Suppress Evidence Derived from District of Nevada Facebook Warrants; and

    3. Defendant Jason Patrick's Motion (#790) to Compel Production of Information Pertaining to Defendants and Witnesses Contained Within Law Enforcement Databases as to which the government will make its relevant witness disclosures **no later than July 29, 2016.**

2 - ORDER

The Court takes the following Motions under advisement without further argument:

    1.    Defendant Jon Ritzheimer's Motion (#697) to Compel Production of Information Regarding Law Enforcement's Use and Display of Force;

    2.    Defendant David Lee Fry's Motion (#700) to Compel Production of the Investigation of FBI Use of Force in the Finicum Shooting;

    3.    Defendant Jason Patrick's Motion (#713) for Change of Venue; and

    4.    Defendant Ryan Payne's Motion (#810) to Sever Count Four.

The Court will conduct oral argument on the following Motions on July 18, 2016:

    1.    Defendant Ryan Payne's Motion (#711) to Suppress Seized Emails.  The Court allocates 30 minutes for oral argument on this Motion.  The Court directs the parties to confer further and to advise the Court **no later than July 13, 2016,** by joint status report whether the parties have resolved the Motion and/or whether the parties expect an evidentiary hearing is required on this Motion.

    2.    Defendant Ryan Payne's Motion (#712) to Suppress

3 - ORDER

Facebook Evidence.[1]  The Court allocates 30 minutes for oral argument on this Motion.

      3.   Defendant David Lee Fry's Motion (#741) to Suppress Evidence (Facebook Accounts).  The Court allocates 60 minutes for oral argument on this Motion.

The Court will determine whether oral argument on July 18, 2016, will be necessary on Defendant Dylan Anderson's Motion (#823) to Compel Production of Nevada Discovery after the Court receives the government's response to that Motion on July 8, 2016.

In addition, the Court **GRANTS** Defendant Ryan Payne's Motion (#830) for Extension of Time to file an additional motion to suppress.  The Court directs Defendant Payne to file his anticipated Motion **no later than July 11, 2016**.  After conferral with the government, Defendant must indicate in his Motion whether the parties request an evidentiary hearing as to that Motion.  The government must respond to Defendant's anticipated Motion **no later than Noon, July 14, 2016**.  After the parties have fully briefed the anticipated Motion, the Court will advise the parties whether the Court expects to conduct oral argument on July 18, 2016, in order to resolve the Motion.

---

[1] At the Status Hearing the parties advised the Court that they had resolved the Motion as to evidence seized pursuant to a warrant issued in the District of Nevada, but they had not resolved the Motion as to evidence seized pursuant to a warrant issued in the District of Oregon.

4 - ORDER

All Defendants are welcome, but not required, to attend the July 18, 2016, oral argument on these Motions.  Any Defendant who is currently in custody must advise the Court **no later than Noon, July 13, 2016,** whether he would like to attend the July 18, 2016, oral argument.

The oral argument on July 18, 2016, will begin at 9:30 a.m. in Courtroom 13A.  The Court will advise the parties of a more detailed schedule for oral arguments after all Motions are fully briefed.

## DISCOVERY ISSUES RAISED IN JOINT STATUS REPORT (#699)

At the Status Hearing the parties advised the Court that all discovery issues raised in the parties' Joint Status Report (#699) were being resolved between the parties with the exception of the Motion (#823) to Compel Production of Nevada Discovery filed by Defendant Dylan Anderson.  The parties, therefore, need not file any further joint status reports regarding these discovery issues unless and until a ripe dispute arises among the parties.  **No later than July 15, 2016,** and after full conferral between counsel for the government and the relevant Defendant(s), the Court directs the parties to advise the Court whether any such issue has arisen.

The parties also informed the Court that conferral is ongoing regarding the government's production of photographs used

5 - ORDER

by government agents to identify Defendants during interviews. The Court directs the parties to advise the Court by joint status report **no later than July 15, 2016,** whether this issue has been resolved.

### MOTION (#815) TO CONTINUE TRIAL DATE FILED BY DEFENDANT AMMON BUNDY AND MOTION (#818) TO CONTINUE TRIAL DATE FILED BY RYAN BUNDY

For the reasons stated on the record and in a formal Order to follow, the Court **DENIES** Ammon Bundy's Motion (#815) to Continue Trial Date and Ryan Bundy's Motion (#818) to Continue Trial Date.

The Court **GRANTS** the Motion (#816) for Extension of Time filed by Defendant Neil Wampler and the Motion (#820) for Extension of Time filed by Defendant Shawna Cox. After conferral with the government, Defendants Shawna Cox and Neil Wampler must advise the Court **no later than July 11, 2016,** whether they intend to seek a continuance.

### IDENTIFICATION OF CERTAIN GOVERNMENT WITNESSES

To facilitate the efficient cross-examination by multiple Defendants at trial, the Court directs the government to identify by letter to all Defendants **no later than July 12, 2016,** the witnesses that the government is certain it will call at the September 7, 2016, trial. These disclosures are only intended to

6 - ORDER

assist Defendants in coordinating trial preparation and the efficient use of court time while in trial and will not preclude the government from calling additional witnesses.

In due course the Court will ask for the parties' input as to the order of cross-examination at trial.

### TRIAL DATE FOR DEFENDANTS WHO HAVE BEEN EXCUSED FROM THE SEPTEMBER 7, 2016, TRIAL DATE

The Court directs those Defendants who have been granted a continuance from the September 7, 2016, trial date to file a joint status report **no later than July 15, 2016,** in which they advise the Court after conferral with the government of possible dates that Defendants propose for the second trial in this case.

IT IS SO ORDERED.

DATED this 6th day of July, 2016.

*[signature]*
ANNA J. BROWN
United States District Judge