IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:16-cr-00051-BR |
| Plaintiff, | ORDER DENYING MOTIONS TO CONTINUE TRIAL DATE |
| v. | FILED BY AMMON BUNDY AND RYAN BUNDY |
| AMMON BUNDY, JON RITZHEIMER, JOSEPH O'SHAUGHNESSY, RYAN PAYNE, RYAN BUNDY, BRIAN CAVALIER, SHAWNA COX, PETER SANTILLI, JASON PATRICK, DUANE LEO EHMER, DYLAN ANDERSON, SEAN ANDERSON, DAVID LEE FRY, JEFF WAYNE BANTA, SANDRA LYNN ANDERSON, KENNETH MEDENBACH, BLAINE COOPER, WESLEY KJAR, COREY LEQUIEU, NEIL WAMPLER, JASON CHARLES BLOMGREN, DARRYL WILLIAM THORN, GEOFFREY STANEK, TRAVIS COX, ERIC LEE FLORES, and JAKE RYAN, | |
| Defendants. | |

BROWN, Judge.

This matter comes before the Court on the Motion (#815) to Continue September 7, 2016, Trial Date filed by Defendant Ammon

1 - ORDER DENYING MOTIONS TO CONTINUE TRIAL DATE FILED BY AMMON
    BUNDY AND RYAN BUNDY

Bundy and the Motion (#818) to Continue September 7, 2016, Trial Date filed by Defendant Ryan Bundy.  For the reasons that follow and as stated on the record on July 7, 2016, the Court **DENIES** the Motions.

In his Motion Ammon Bundy requests the Court to vacate the September 7, 2016, trial date as to him and to grant him and his counsel (who formally took on Bundy's representation in this matter on June 3, 2016) a period of 60 days to litigate an anticipated motion for review of pretrial detention, to review discovery, to further prepare for trial, and to request a specific trial date after September 7, 2016.  At the Status Hearing on July 6, 2016, counsel for Ammon Bundy further specified that they need additional trial-preparation time to review certain video evidence with their client and that the conditions of Ammon Bundy's pretrial detention have impeded confidential conferral between Defendant and counsel and Defendant's trial preparation generally.

Ryan Bundy joins Ammon Bundy's Motion, and he similarly contends the conditions of pretrial detention have frustrated his ability to review discovery, to contact potential witnesses, and otherwise to prepare for trial.  In addition, in light of Ryan Bundy's prior insistence that he was prepared to go to trial as soon as April of this year, he now contends the fact of his indictment in criminal proceedings in the District of Nevada

2 - ORDER DENYING MOTIONS TO CONTINUE TRIAL DATE FILED BY AMMON
    BUNDY AND RYAN BUNDY

justifies his current request for a continuance.[1]

## STANDARD

A criminal defendant's motion to continue the trial date is a matter within the case-management discretion of the Court. *See United States v. Wilkes*, 662 F.3d 524, 543 (9th Cir. 2011) ("Denials of motions for trial continuances are reviewed for abuse of discretion."). In reviewing a court's decision to deny a criminal defendant's motion for a continuance, the Ninth Circuit analyzes the following factors: (1) the extent of defendant's diligence in his efforts to ready his defense prior to the date set for trial; (2) the likelihood that the need for a continuance could have been met if the continuance had been granted; (3) the extent to which granting the continuance would have inconvenienced the court and the opposing party, including witnesses; and (4) the extent to which the defendant might have suffered harm as a result of the district court's denial. *United States v. Mejia*, 69 F.3d 309, 314 (9th Cir. 1995). *See also United States v. Chandler*, 316 F. App'x 676, 677 (9th Cir. 2009). In any event, the defendant must establish "[p]rejudice resulting

---

[1] The Court notes Ryan Bundy was indicted in the District of Nevada on February 17, 2016, but he continued to assert the Court was required to begin trial in this matter no later than April 2016 until the Court issued its March 9, 2016, Order (#289) Designating Case as Complex over Ryan Bundy's objection.

from the denial of the continuance." *Wilkes*, 622 F.3d at 543.

## ANALYSIS

As noted, Ammon and Ryan Bundy move the Court to vacate the September 7, 2016, trial date and to allow counsel for Ammon Bundy to provide a status report to the Court in 60 days to make a recommendation as to when Ammon Bundy can be prepared for trial.  Ryan Bundy joins in that request.

### I.  Extent of Diligence

Neither Defendants Ammon Bundy nor Ryan Bundy have demonstrated that, despite their asserted diligence in preparing for trial to begin on September 7, 2016, they cannot be ready. There is not any showing on the record as to the steps Ammon Bundy, Ammon Bundy's counsel, or Ryan Bundy have taken to prepare for trial or to demonstrate why they cannot prepare for trial in the weeks between now and September 7, 2016.

Although the ordinary conditions of pretrial release unquestionably complicate trial preparation for all in-custody defendants, it is notable that other in-custody Defendants in this case have actively litigated multiple, complicated issues in this matter and to date remain on track to begin trial on September 7, 2016.  Moreover, the in-custody Defendants in this action, including Ammon and Ryan Bundy, have been provided with extraordinary accommodations to facilitate their trial

4 - ORDER DENYING MOTIONS TO CONTINUE TRIAL DATE FILED BY AMMON
    BUNDY AND RYAN BUNDY

preparation, including the personal and continuing assistance of Senior United States District Judge Robert E. Jones in engaging with jail authorities to address issues related to discovery review and attorney-client contact and in making available additional attorney-client conferral facilities available through the United States Marshals Service.  To the extent that the Bundys require further assistance in this respect, the Court directs them to work with Judge Jones.  In any event, neither Ammon nor Ryan Bundy have made any showing that they have taken full advantage of the resources available to them and that they, nevertheless, cannot be ready for trial as scheduled.

Accordingly, on this record the Court concludes the first factor weighs heavily against granting the Bundys' Motions.

**II.   Likelihood that the Need for the Continuance Could Be Met**

In their Motions and at the July 6, 2016, Status Hearing, Ammon and Ryan Bundy asserted additional time was necessary to review video evidence and other unspecified discovery, to re-litigate pretrial release, and to litigate other unspecified matters.

There is not any showing, however, that additional time is necessary to accomplish these objectives.  Attorneys (including counsel for other Defendants in this case) regularly litigate pretrial-release matters while engaging in trial preparation. This is especially true considering Ammon Bundy is one of two

5 - ORDER DENYING MOTIONS TO CONTINUE TRIAL DATE FILED BY AMMON
    BUNDY AND RYAN BUNDY

Defendants in this case who is represented by two attorneys and Ryan Bundy, despite appearing *pro se*, has the assistance of highly competent standby counsel.  Moreover, there is not any showing that the video evidence referenced by counsel for Ammon Bundy and other discovery cannot be reviewed adequately during the two months between now and trial, particularly in light of the special accommodations extended to them by Judge Jones.  Ammon and Ryan Bundy, therefore, have failed to demonstrate additional time is necessary to prepare for trial.

Accordingly, the Court concludes there is not a showing of real need for a continuance by Ammon or Ryan Bundy, and, therefore, this factor weighs against granting the Bundys' Motions.

**III. Inconvenience to the Court, Other Parties, and Witnesses**

At the outset of these proceedings both Ammon and Ryan Bundy advocated adamantly that they were entitled to a trial date no later than mid-April 2016 and that no further period of excludable delay was warranted under the Speedy Trial Act, 18 U.S.C. § 3161.  By Order (#289) issued March 9, 2016, the Court designated this case as complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) over the objection of Ammon Bundy, Ryan Bundy, and other Defendants, and found additional excludable delay was warranted on that basis.  After considering the input of all parties, the Court issued an Order (#389) on April 11,

6 - ORDER DENYING MOTIONS TO CONTINUE TRIAL DATE FILED BY AMMON
    BUNDY AND RYAN BUNDY

Defendants in this case who is represented by two attorneys and Ryan Bundy, despite appearing *pro se*, has the assistance of highly competent standby counsel.  Moreover, there is not any showing that the video evidence referenced by counsel for Ammon Bundy and other discovery cannot be reviewed adequately during the two months between now and trial, particularly in light of the special accommodations extended to them by Judge Jones.  Ammon and Ryan Bundy, therefore, have failed to demonstrate additional time is necessary to prepare for trial.

Accordingly, the Court concludes there is not a showing of real need for a continuance by Ammon or Ryan Bundy, and, therefore, this factor weighs against granting the Bundys' Motions.

**III. Inconvenience to the Court, Other Parties, and Witnesses**

At the outset of these proceedings both Ammon and Ryan Bundy advocated adamantly that they were entitled to a trial date no later than mid-April 2016 and that no further period of excludable delay was warranted under the Speedy Trial Act, 18 U.S.C. § 3161.  By Order (#289) issued March 9, 2016, the Court designated this case as complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) over the objection of Ammon Bundy, Ryan Bundy, and other Defendants, and found additional excludable delay was warranted on that basis.  After considering the input of all parties, the Court issued an Order (#389) on April 11,

2016, setting the trial to begin with jury selection on September 7, 2016.  The Court selected this date on the basis of the invocation of speedy-trial rights by multiple Defendants (many of whom remain in custody), the potential undue burden that multiple trials would likely impose on citizen jurors generally and witnesses in particular, and the increased system-wide costs that multiple trials would implicate.

In the context of these significant issues, the Court concludes the continuance requested by the Bundys would cause severe prejudice to court proceedings in two districts and to the many witnesses that the parties are expected to call in this matter and would necessitate at least two additional trials after the September proceedings because the Bundys' requested continuance would preclude them from participating in the trial that will begin on September 7, 2016.  That trial will likely continue through October and through most or all of the month of November, if not longer.  As a result, the earliest the Court could anticipate beginning trial for Ammon and Ryan Bundy would be sometime after November 2016.  Scheduling a weeks-long trial to begin in mid-November, however, is difficult in its own right because the year-end holidays would substantially complicate the availability of witnesses and jurors for trial.

More importantly, however, Ammon and Ryan Bundy are also charged in a District of Nevada case that is scheduled to proceed

7 - ORDER DENYING MOTIONS TO CONTINUE TRIAL DATE FILED BY AMMON
    BUNDY AND RYAN BUNDY

to trial in February 2017 and involves several co-defendants, some of whom are and some who are not involved in these proceedings.  Even a mid-November start to the Bundys' trial in these proceedings would preclude them from being moved to the District of Nevada with sufficient time to prepare for the Nevada trial that begins in February 2017.  As a result, the speedy-trial rights of the parties and the public in the District of Nevada also would be in jeopardy.

The Court notes the more likely result of a continuance granted to the Bundys in this matter is that they would be transferred to the District of Nevada for trial there before they could be returned to this District in late-Spring 2017 at the earliest to resume preparing for trial in this case.  Thus, Ammon and Ryan Bundy at that stage would almost certainly require a third trial here,[2] a prospect that would impose an unreasonable burden on the government, witnesses, and the Court.

Granting the Bundys' requested continuance, therefore, would severely prejudice this Court's ability to bring these proceedings to a fair, timely, and orderly resolution for all concerned and would prejudice the District of Nevada's ability to manage its complex case in which Ammon and Ryan Bundy are also

---

[2] The Court anticipates holding a second trial in these proceedings for those Defendants who have been granted continuances (none of whom are charged in the District of Nevada) sometime in the early- or mid-Spring of 2017.

8 - ORDER DENYING MOTIONS TO CONTINUE TRIAL DATE FILED BY AMMON BUNDY AND RYAN BUNDY

charged.  Their requested continuance would also impose a significant and unreasonable burden on the government, witnesses, and the Court.  Such prejudice to so many parties would be unacceptable in most circumstances, but it is especially so in light of the extraordinary efforts expended to date by the parties and the Court to accommodate Defendants with the earliest possible trial date.

Accordingly, on this record the Court concludes the extraordinary inconvenience to the Court, the parties, and witnesses caused by a continuance weighs heavily against granting the Bundys' Motions.

**IV.  Potential for Harm Absent a Continuance**

As noted, neither Ammon nor Ryan Bundy have made a sufficient showing that they cannot be prepared for trial beginning September 7, 2016.

Although the discovery is voluminous in this matter, the Court has taken several steps to facilitate the efficient production and review of that discovery, including an expedited process for the Court to resolve discovery disputes without delay.  In addition, the Court, as noted, has made extraordinary accommodations to facilitate review of discovery for the in-custody Defendants.  Moreover, the Court has already directed the government to provide each Defendant with notice of the basic factual theories that the government anticipates it will pursue

9 -  ORDER DENYING MOTIONS TO CONTINUE TRIAL DATE FILED BY AMMON
      BUNDY AND RYAN BUNDY

as to each Defendant and has directed the government to submit its trial documents on July 29, 2016, almost six weeks before *voir dire* is scheduled to begin.

Finally, despite the voluminous nature of the discovery, both Ammon and Ryan Bundy are unquestionably aware of the fundamental facts underlying this case and already know the primary evidence on which the government and co-Defendants will rely.  Although there are significant challenges inherent in preparing for a case of this complexity, the government, several Defendants, and the Court are on track to go to trial beginning September 7, 2016.  Ammon and Ryan Bundy have not made any showing that despite due diligence they also cannot be prepared for trial on that date.

Accordingly, on this record the Court concludes this factor weighs against granting the Bundys' Motions.

## CONCLUSION

For these reasons, the Court **DENIES** Ammon Bundy's Motion (#815) to Continue September 7, 2016, Trial Date and Ryan Bundy's Motion (#818) to Continue September 7, 2016, Trial Date.

IT IS SO ORDERED.

DATED this 7th day of July, 2016.

                                                    /s/ Anna J. Brown  
                                                    ANNA J. BROWN  
                                                    United States District Judge