Tiffany A. Harris   OSB 02318
Attorney at Law
811 SW Naito Pkwy, Suite 500
Portland, Oregon 97204
t. 971.634.1818   f. 503.721.9050
tiff@harrisdefense.com

Attorney for Shawna Cox

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>SHAWNA COX.<br><br>        Defendant. | 3:16-CR-00051-BR-7<br><br>MOTION TO MODIFY RELEASE CONDITIONS |

      Defendant Shawna Cox, through counsel Tiffany A. Harris, hereby moves the Court for an order modifying her conditions of release to eliminate the condition of GPS location monitoring, enforced through an "ankle monitor." Ms. Cox's pretrial services officer in Utah, Cameron Sinner, has no objection to this request and reports that Ms. Cox has been in full compliance with her curfew, geographic restrictions and other existing release conditions.

      The Government opposes this request. In the past, the Government opposed Ms. Cox's request to attend LaVoy Finicum's funeral. Ms. Cox attended the funeral without incident and adhered to rules set by the Court. Last March, the Government opposed the elimination of a home detention schedule. Since the elimination of that condition, there have been no reported violations of pretrial release, the pretrial services officer's report is favorable, and his office does not oppose the modification sought here.

Ms. Cox seeks elimination of the GPS location monitoring requirement because, simply put, the ankle monitor device is physically painful.  Ms. Cox is 60 years old and has spent a lifetime doing physical labor on ranches, as a cook, on her rural rental properties and in other capacities.  In the five months since her release, Ms. Cox has adjusted her gait to compensate for the added weight and bulk of the ankle monitor.  This has exacerbated a preexisting injury (a broken heel from falling off a ladder, for which she was immobilized for six months) and has inflamed her sciatic nerve.  The ankle monitor interferes with Ms. Cox's sleep, causes sharp pain up her leg at night, and heaviness and numbness in her foot at the end of the day.   Over time, the ankle monitor has become more and more painful.

Ms. Cox is 60 years old, has no criminal history, and is a mother to 13 children and grandmother to several grandchildren.  Ms. Cox was a former secretary of the Kanab, Utah Chamber of commerce, a PTA volunteer, Boy Scout leader, and Little League coach while her children were growing up and attending local schools.   Prior to Ms. Cox's release pending trial, over 120 of Ms. Cox's neighbors, tenants, friends and business associates sent letters attesting to her character and central role in the social safety net and civic life of Kanab.  Ms. Cox is the only out-of-custody defendant to attend every status conference held in this case either by phone or in person.  She appeared personally for the status conference held on July 6, 2016, observed all courtroom decorum and rules, and will return to the District of Oregon for motions hearings on July 18 and July 19.  She is actively preparing her case for trial on September 7, 2016.  Her voluntary trips to our jurisdiction come at a significant expense, in light of her personal and household budget.

When Ms. Cox made her first appearance on January 29, 2016, the Malheur National Wildlife Refuge was still occupied by four of the charged defendants, the charged conspiracy was considered to be ongoing, and Ms. Cox was the only defendant deemed suitable for release.  The Government did not oppose her release on conditions, which have since been modified without incident, over the Government's previous objections.

USDC Oregon Case 3:16-CR-00051-BR
Motion to Modify Release Conditions

2

Ms. Cox seeks elimination of the GPS location monitoring requirement because, simply put, the ankle monitor device is physically painful.  Ms. Cox is 60 years old and has spent a lifetime doing physical labor on ranches, as a cook, on her rural rental properties and in other capacities.  In the five months since her release, Ms. Cox has adjusted her gait to compensate for the added weight and bulk of the ankle monitor.  This has exacerbated a preexisting injury (a broken heel from falling off a ladder, for which she was immobilized for six months) and has inflamed her sciatic nerve.  The ankle monitor interferes with Ms. Cox's sleep, causes sharp pain up her leg at night, and heaviness and numbness in her foot at the end of the day.   Over time, the ankle monitor has become more and more painful.

Ms. Cox is 60 years old, has no criminal history, and is a mother to 13 children and grandmother to several grandchildren.  Ms. Cox was a former secretary of the Kanab, Utah Chamber of commerce, a PTA volunteer, Boy Scout leader, and Little League coach while her children were growing up and attending local schools.   Prior to Ms. Cox's release pending trial, over 120 of Ms. Cox's neighbors, tenants, friends and business associates sent letters attesting to her character and central role in the social safety net and civic life of Kanab.  Ms. Cox is the only out-of-custody defendant to attend every status conference held in this case either by phone or in person.  She appeared personally for the status conference held on July 6, 2016, observed all courtroom decorum and rules, and will return to the District of Oregon for motions hearings on July 18 and July 19.  She is actively preparing her case for trial on September 7, 2016.  Her voluntary trips to our jurisdiction come at a significant expense, in light of her personal and household budget.

When Ms. Cox made her first appearance on January 29, 2016, the Malheur National Wildlife Refuge was still occupied by four of the charged defendants, the charged conspiracy was considered to be ongoing, and Ms. Cox was the only defendant deemed suitable for release.  The Government did not oppose her release on conditions, which have since been modified without incident, over the Government's previous objections.

Much has changed since Ms. Cox's release in January. Protest activities at the refuge have ended and several more defendants have been released. At least five of them (Sandy Anderson, Sean Anderson, Wesley Kjar, Duane Ehmer, and Travis Cox) were not subject or are no longer subject to a condition of GPS monitoring. For example, in the cases of Duane Ehmer and Wesley Kjar, the GPS location monitoring condition was eliminated after a period of compliance in the community. See Docket No. 354 and 595.

On June 10, 2016, Judge Brown ruled that count 1 of the indictment does not charge a "crime of violence" within the meaning of federal statutes. That ruling affects the release analysis in Ms. Cox's case. Ms. Cox is a 60-year old woman who has no prior history of violence, is not *charged* with a crime of violence, and—to the extent that a GPS location monitor is even helpful in preventing violence or danger to the community—we now know from Ms. Cox's history, indicted charges and performance on pretrial release, that she does not require a GPS ankle monitor to prevent or mitigate a risk of violence or community danger in her individual case.

Similarly, it is difficult to imagine any fact-based argument that Ms. Cox poses a risk of non-appearance. She has appeared, even she was not required to do so, at every status hearing, and has already begun to make arrangements for lodging and accommodations in Portland during her trial.

The Government points to certain pro se filings by Ms. Cox as evidence that her release conditions should not be modified. To the extent that Ms. Cox disagrees with government policies, mistrusts the judiciary, or fears that she may not receive a fair trial or zealous representation from her court appointed attorney, she is entitled to hold those views without qualification under the First Amendment. Further, Ms. Cox has never argued that these views entitle her to violate the conditions of her pretrial release, and, in fact, she has complied with release conditions and maintained a respectful, working relationship with her pretrial services officer-- such that he does not oppose this motion. When the Court granted Ms. Cox special

permission to attend Mr. Finicum's funeral, Ms. Cox made promises to the Court about the timing and manner of her attendance. She honored those promises and would honor similar promises to this Court.

This Court should grant Ms. Cox's motion, which would relieve physical pain and discomfort that is no longer justified by a credible risk of community danger or non-appearance at trial.

DATED this 12th day of July, 2016.

Respectfully submitted,

/S/     *Tiffany Harris*
Tiffany A. Harris
Attorney for Defendant Shawna Cox

USDC Oregon Case 3:16-CR-00051-BR
Motion to Modify Release Conditions

4